**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, on Its Behalf and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KVH INDUSTRIES, INC., MARTIN A KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | CIVIL ACTION NO. 04-306 ML<br><br>**DEFENDANTS' ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure 8 and 12, KVH Industries, Inc. ("KVH"), Martin A. Kits van Heyningen and Patrick J. Spratt (collectively, the "Defendants"), hereby respond to the Consolidated Amended Class Action Complaint ("Complaint") filed by Teamsters Affiliate Pension Plan ("TAPP"), Irving S. Braun and Judith Braun (collectively, the "Plaintiffs"), as limited by the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint dated August 11, 2005, and state their affirmative defenses.

The first unnumbered introductory paragraph in the Complaint is a summary of the purported basis for Plaintiffs' allegations to which no response is required. To the extent a response is required, Defendants deny these allegations. Defendants also deny the headings of the Complaint. Defendants deny any allegations that are not specifically admitted.

1. The allegations in paragraph 1 are a characterization of the Complaint, the text of which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document. Defendants further state that the allegations in paragraph 1 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a

response is required, Defendants deny the allegations in paragraph 1.

2. The allegations in paragraph 2 are a characterization of the Complaint, the text of which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document. Defendants further state that the allegations in paragraph 2 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3. Defendants state that the allegations in paragraph 3 of the Complaint set forth conclusions of law and therefore no response is required.

4. The allegations in paragraph 4 are a characterization of the Complaint, the text of which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document. Defendants further state that the allegations in paragraph 4 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4.

5. The allegations in paragraph 5 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required for the second sentence of paragraph 5, Defendants deny the allegations in the second sentence of paragraph 5 except Defendants admit that KVH's principal place of business is in this District.

6. Defendants incorporate their responses in this answer as if fully set forth herein and further state that the allegations in paragraph 6 are a characterization of the Complaint, the text of which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document. Defendants also state that the allegations in paragraph 6 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6 except

Defendants admit that they have used the mails, telephones and the facilities of the national securities markets.

7. The allegations in paragraph 7 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegation that TAPP purchased the common stock of KVH and the allegation is therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 7.

8. The allegations in paragraph 8 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegation that Irving S. and Judith Braun purchased the common stock of KVH and the allegation is therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9 except Defendants admit that KVH designs and manufactures products that enable mobile communication, navigation, and precision pointing through the use of its proprietary mobile satellite antenna and fiber optic technologies.

10. Defendants lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "all times relevant to this action" in paragraph 10 and the allegations in paragraph 10 are therefore denied except Defendants admit that Martin A. Kits van Heyningen served as the Company's President, Chief Executive Officer and Director between October 1, 2003 and July 2, 2004.

11. Defendants lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "all times relevant to this action" in paragraph 11

and the allegations in paragraph 11 are therefore denied except Defendants admit that Patrick J. Spratt served as the Company's Chief Financial Officer between October 1, 2003 and July 2, 2004.

12. Defendants admit the Complaint refers to Messrs. Kits van Heyningen and Spratt as the "Individual Defendants."

13. Defendants lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "adverse undisclosed information" in paragraph 13 and the allegations in paragraph 13 are therefore denied.

14. Defendants incorporate their responses in this answer as if fully set forth herein and further state that the allegations in paragraph 14 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 14.

15. The allegations in paragraph 15 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 15 except Defendants admit that the Company is a publicly-held company, its stock is registered with the SEC pursuant to the Exchange Act and traded on the NASDAQ National Market.

16. The allegations in paragraph 16 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 16 except Defendants admit that Messrs. Kits van Heyningen and Spratt participated in the drafting, preparation, and/or approval of public and shareholder and investor reports.

17. The allegations in paragraph 17 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 17.

18. The allegations in paragraph 18 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 18.

19. The allegations in paragraph 19 are a characterization of the Complaint, the text of which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document. Defendants also state that the allegations in paragraph 19 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 19 that this is a class action and the allegation is therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 19.

20. The allegations in paragraph 20 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in the first, third and fourth sentences of paragraph 20 and the allegations are therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 20 except Defendants admit that during the period from October 1, 2003 through July 2, 2004, KVH common stock was traded on NASDAQ.

21. The allegations in paragraph 21 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or

information sufficient to form an understanding as to the meaning of the phrase "typical" as used in the first sentence of paragraph 21 and the allegation is therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 21.

22. The allegations in paragraph 22 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 22 that Plaintiffs will act "fairly and adequately" and the allegations are therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 22.

23. The allegations in paragraph 23 of the Complaint and the subparagraphs therein set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and the allegations in paragraph 23 are therefore denied.

24. The allegations in paragraph 24 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and the allegations in paragraph 24 are therefore denied.

25. Defendants admit the allegations of paragraph 25.

26. Defendants deny the allegations in paragraph 26 except Defendants admit the allegations in paragraph 26 that KVH launched it its "Mobile Broadband" to develop a low-profile satellite TV antenna for use on passenger vehicles.

27. Defendants deny the allegations in paragraph 27 except Defendants admit the allegations in the first sentence of paragraph 27.

28. Defendants admit the allegations in paragraph 28.

29. Defendants lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "actively promoted" in paragraph 29 and the allegations are therefore denied except Defendants admit to describing A5 as "revolutionary," "groundbreaking" and "remarkable."

30. Paragraph 30 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued a press release on or around January 9, 2003.

31. Paragraph 31 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and the allegations in paragraph 31 are therefore denied.

32. Defendants deny the allegations in paragraph 32 and the subparagraphs therein. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in first sentence of subparagraph (a) as to "analyst consensus estimates" and the allegations in the first sentence of subparagraph (a) are therefore denied except Defendants admit that KVH reported record quarterly revenues of $13.1 million. Defendants also state that the allegations in the second sentence of subparagraph (a) and subparagraphs (b) and (d) purport to recite the text of documents which speak for themselves and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the documents. Defendants

admit that KVH issued press releases on or around April 17, 2003, May 14, 2003, May 19, 2003, and June 26, 2003.

33. Defendants deny the allegations in paragraph 33.

34. Defendants state that they lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "substantial rate" in paragraph 34 and the allegations in paragraph 34 are therefore denied.

35. Defendants state that the allegations in paragraph 35 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 35 and the allegations are therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 35 except Defendants admit the allegation in the third sentence of paragraph 35.

36. The allegations in paragraph 36 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 36.

37. The allegations in paragraph 37 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 37.

38. The allegations in paragraph 38 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that paragraph 38 purports to characterize the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. To the extent that a response is required, Defendants

deny the allegations in paragraph 38 except Defendants admit that the closing price for shares of KVH common stock on July 6, 2004 was $10.15.

39. The allegations in paragraph 39 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 39.

40. Defendants deny the heading of the Complaint that preceded paragraph 40. Defendants further deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. The first sentence of Paragraph 42 purports to characterize the text of an announcement which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document containing the announcement and deny all other allegations inconsistent with the text of the document. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and the allegations in paragraph 42 are therefore denied.

43. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and the allegations in paragraph 43 are therefore denied.

44. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and the allegations in paragraph 44 are therefore denied.

45. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and the allegations in paragraph 45 are therefore denied.

46. Defendants deny the allegations in paragraph 46.

47. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and the allegations in paragraph 47 are therefore denied.

48. The allegations in paragraph 48 of the Complaint and the subparagraphs therein set forth conclusions of law and therefore no response is required. Defendants also state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and the subparagraphs therein and the allegations in paragraph 48 and subparagraphs therein are therefore denied. Defendants further state that they lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "numerous representations" in subparagraph (d) of paragraph 48 and the allegations are therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 48 and subparagraphs therein.[1]

49. Defendants deny the heading of the Complaint that preceded paragraph 49. Defendants further deny the allegations in paragraph 49. Defendants also state that according to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the forward-looking statements quoted in paragraph 49 are not actionable and therefore no response is required. Defendants further state that paragraph 49 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. To the extent that a response is required, Defendants deny the allegations in paragraph 49. Defendants admit that KVH issued a press release on or around October 1, 2003.

50. According to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the forward-looking statements and

[1] Defendants respond to the allegations in footnote 1 of the Complaint and state that footnote 1 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

the third party's own opinions and analysis quoted in paragraph 50 are not actionable and therefore no response is required. Defendants also state that paragraph 50 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and the allegations in paragraph 50 are therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 50.

51. According to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the forward-looking statements and the third party's own opinions and analysis quoted in paragraph 51 are not actionable and therefore no response is required. Defendants also state that paragraph 51 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and the allegations in paragraph 51 are therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 51.

52. According to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the statements contained in the document which is quoted in paragraph 52 are not actionable and therefore no response is required. Defendants also state that paragraph 52 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully

refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued a press release on or around October 16, 2003.

53. According to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the first, second and fourth quoted statements in paragraph 53 are not actionable and therefore no response is required. Defendants also state that paragraph 53 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on October 16, 2003.

54. Defendants state that paragraph 54 purports to recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

55. According to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the forward-looking statements and the third party's own opinions and analysis quoted in paragraph 55 are not actionable and therefore no response is required. Defendants also state that paragraph 55 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants further state that they lack

knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and the allegations in paragraph 55 are therefore denied.

56. According to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the statements quoted in paragraph 56 are not actionable and therefore no response is required. Defendants also state that paragraph 56 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued a press release on or around November 4, 2003.

57. Defendants incorporate their responses to paragraphs 49 through 56 above as if fully set forth herein. Defendants also state that according to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the allegations in the last sentence of subparagraph (f) of paragraph 57 and subparagraph (g) of paragraph 57 are not actionable and therefore no response is required. Defendants further state that the allegations in paragraph 57 of the Complaint and the subparagraphs therein set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 57 and the subparagraphs therein.

58. Paragraph 58 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit the first sentence of paragraph 58.

59. Defendants incorporate their responses to paragraphs 57 and 58 above and 95 through 145 below as if fully set forth herein. Defendants further state that the allegations in

paragraph 59 of the Complaint and subparagraphs therein set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 59 and the subparagraphs therein.

60. Paragraph 60 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued a press release on or around January 6, 2004.

61. Defendants incorporate their responses to paragraphs 57 and 60 above as if fully set forth herein. Defendants further state that the allegations in paragraph 61 of the Complaint and subparagraphs therein set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 61 and the subparagraphs therein.

62. Paragraph 62 purports to characterize the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued a press release on or around January 22, 2004.

63. Paragraph 63 purports to characterize the text of an announcement which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document containing the announcement and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH made an announcement on or around February 10, 2004.

64. Paragraph 64 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the

document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued a press release on or around February 13, 2004.

65. Paragraph 65 purports to characterize the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that Messrs. Kits van Heyningen and Spratt signed the Registration Statement.[2]

66. Defendants deny the first sentence of paragraph 66. Defendants also state that paragraph 66 purports to characterize and recite the text of a documents which speak for themselves and therefore no response is required.[3] Defendants respectfully refer the Court to the text of the documents and deny all other allegations inconsistent with the text of the documents.[4]

67. Paragraph 67 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

68. Paragraph 68 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to

[2] Defendants respond to the allegations in footnote 2 of the Complaint and state that footnote 2 purports to characterize the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that Messrs. Kits van Heyningen and Spratt signed the Registration Statement.

[3] Defendants respond to the allegations in footnote 3 of the Complaint and state that footnote 3 purports to characterize the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. To the extent a response is required, Defendants deny the allegations in footnote 3.

[4] Defendants respond to the allegations in footnote 4 of the Complaint and state that footnote 4 purports to characterize an announcement which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document containing the announcement and deny all other allegations inconsistent with the text of the document.

the text of the document and deny all other allegations inconsistent with the text of the document.

69. Defendants incorporate their responses to paragraphs 57, 59, 61 and 66 through 68 above as if fully set forth herein. Defendants further state that the allegations in paragraph 69 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 69.

70. Paragraph 70 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit the first, second, third and fourth sentences of paragraph 70.

71. Paragraph 71 purports to recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on February 19, 2004.

72. Paragraph 72 purports to recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

73. Paragraph 73 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit the first and second sentences of paragraph 73.

74. Paragraph 74 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit the first sentence of paragraph 74. Defendants admit the first, second and third sentences of paragraph 74.

75. Paragraph 75 purports to recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on April 22, 2004.

76. Paragraph 76 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

77. Paragraph 77 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit the first and second sentences of paragraph 77.

78. Defendants incorporate their responses to paragraphs 70 through 77 above as if fully set forth herein. Defendants also state that the allegations in paragraph 78 of the Complaint and the subparagraphs therein set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in the third sentence of subparagraph (b) of paragraph 78 and the

second, third, fourth, fifth and sixth sentences of subparagraph (d) of paragraph 78 and the allegations are therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 78 and the subparagraphs therein.

79. Defendant the deny the heading of the Complaint that preceded paragraph 79. Defendants also state that paragraph 79 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued press releases on July 6, 2004.

80. Defendants deny the allegations in the first sentence of paragraph 80. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and the allegations in paragraph 80 are therefore denied except Defendants admit that the closing price for shares of KVH common stock on July 2, 2004 was $12.50, the opening price for shares of KVH common stock on July 6, 2004 was $9.51 and the difference in price was $2.99.

81. Paragraph 81 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH issued a press release on or around July 22, 2004.

82. Paragraph 82 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on July 22, 2004.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the heading of the Complaint that precedes paragraph 84. Defendants also state that the allegations in paragraph 84 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 84 and the allegations are therefore denied. To the extent that a response is required, Defendants deny the allegations in paragraph 84.

85. The allegations in paragraph 85 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 85.

86. The allegations in paragraph 86 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 86.

87. Defendants deny the heading of the Complaint that precedes paragraph 87. Defendants also deny the allegations in paragraph 87.

88. According to the Court's Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, the forward-looking statements quoted in paragraph 88 are not actionable and therefore no response is required. Defendants also state that paragraph 88 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

89. Defendants deny the allegations in paragraph 89.

90. The allegations in paragraph 90 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 90.

91. Paragraph 91 purports to recite the text of a legal rule which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of SEC Regulation S-X and deny all other allegations inconsistent with the text of the rule.

92. Paragraph 92 purports to recite the text of an accounting concept which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of Concepts Statement No. 1 and deny all other allegations inconsistent with the text of the concept.

93. The allegations in paragraph 93 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 93.

94. The allegations in paragraph 94 of the Complaint set forth conclusions of law and therefore no response is required. Defendants also state that paragraph 94 purports to recite the text of an accounting principle which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of FASB's EITF Abstract No. 99-19 and deny all other allegations inconsistent with the text of the principle. To the extent that a response is required, Defendants deny the allegations in paragraph 94.

95. Defendants deny the heading of the Complaint that precedes paragraph 95. Defendants also state that paragraph 95 purports to characterize the text of legal rules, accounting principles, positions, standards and opinions which speak for themselves and therefore no response is required. Defendants respectfully refer the Court to the text of the authorities and deny all other allegations inconsistent with the text of those sources.

96. Defendants state that paragraph 96 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. To the extent that a response is required, Defendants deny the allegations in paragraph 96 except Defendants admit the second sentence of paragraph 96.

97. The allegations in paragraph 97 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 97.

98. Defendants deny the heading of the Complaint that precedes paragraph 98. Defendants also state that the allegations in paragraph 98 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 98 except Defendants admit that KVH stated in its Form 10-K for the fiscal year ended December 31, 2003 that revenue from product sales is recognized when requested goods are shipped, title has passed and collectibility is reasonably assured.

99. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and the allegations in paragraph 99 are therefore denied.

100. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and the allegations in paragraph 100 are therefore denied.

101. The allegations in paragraph 101 of the Complaint set forth conclusions of law and therefore no response is required. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and the allegations in

paragraph 101 are therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 101

102. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and the allegations in paragraph 102 are therefore denied.

103. Defendants state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and the allegations in paragraph 103 are therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 103.

104. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and the allegations in paragraph 104 are therefore denied.

105. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and the allegations in paragraph 105 are therefore denied.

106. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and the allegations in paragraph 106 are therefore denied.

107. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and the allegations in paragraph 107 are therefore denied.

108. The allegations in paragraph 108 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 108.[5]

109. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and the allegations in paragraph 109 are therefore denied.

110. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and the allegations in paragraph 110 are therefore denied.

111. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and the allegations in paragraph 111 are therefore denied.

112. The allegations in paragraph 112 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 112.

113. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and the allegations in paragraph 113 are therefore denied.

114. The allegations in paragraph 114 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 114.

---

[5] Defendants respond to the allegations in footnote 5 of the Complaint and state that footnote 5 purports to characterize the regulatory history of the SEC which is a matter of public record and therefore no response is required. Defendants respectfully refer the Court to the regulatory history of the cited rules and deny all allegations inconsistent with the sources cited.

115. Defendants deny the allegations in paragraph 115.

116. Defendants deny the heading of the Complaint that precedes paragraph 116. Defendants also state that paragraph 116 purports to characterize the text of legal rules, accounting principles, positions, standards and opinions which speak for themselves and therefore no response is required. Defendants respectfully refer the Court to the text of the authorities and deny all other allegations inconsistent with the text of those sources.

117. The allegations in paragraph 117 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 117.

118. Paragraph 118 purports to recite the text of an accounting standard which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of SFAS No. 48 and deny all other allegations inconsistent with the text of the accounting standard.

119. Paragraph 119 purports to recite the text of legal rules which speak for themselves and therefore no response is required. Defendants respectfully refer the Court to the text of SAB Nos. 101 and 104 and deny all other allegations inconsistent with the text of the rules.

120. Defendants deny the allegations in paragraph 120.

121. Defendants deny the first sentence of paragraph 121. Defendants also state that paragraph 121 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

122. Paragraph 122 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

123. Paragraph 123 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

124. Defendants deny the allegations in paragraph 124.

125. Paragraph 125 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

126. Defendants incorporate their responses above as if fully incorporated herein. Defendants further deny the allegations in paragraph 126.

127. Paragraph 127 purports to recite the text of administrative pronouncements and legal rules which speak for themselves and therefore no response is required. Defendants respectfully refer the Court to the text of the authorities and deny all other allegations inconsistent with the text of those sources.

128. Paragraph 128 purports to recite the text of auditing standards which speak for themselves and therefore no response is required. Defendants respectfully refer the Court to the text of the auditing standards and deny all other allegations inconsistent with the text of those standards.

129. The allegations in paragraph 129 of the Complaint set forth conclusions of law and therefore no response is required. Defendants also state that they lack knowledge and/or

information sufficient to form a belief as to the truth of the allegations in paragraph 129 and the allegations in paragraph 129 are therefore denied. Defendants further state that they lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "whole bunch" in paragraph 129 and the allegations in paragraph 129 are therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. The allegations in paragraph 131 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 131.

132. The allegations in paragraph 132 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 132.

133. Defendants deny the heading of the Complaint that precedes paragraph 133. Defendants admit that they disclosed on more than one occasion that the Company would need to achieve significant cost reductions to achieve its targeted profit margins the A5 between October 1, 2003 and July 2, 2004.

134. Paragraph 134 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

135. To the extent that a response is required, Defendants deny the allegations in paragraph 135.

136. Defendants state that paragraph 95 purports to characterize the text of accounting principles which speak for themselves and therefore no response is required. Defendants

respectfully refer the Court to the text of the accounting principles and deny all other allegations inconsistent with the text of those principles.

137. Paragraph 137 purports to recite the text of a legal rule which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of SEC Regulation S-X and deny all other allegations inconsistent with the text of the rule. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the reason the SEC issued Article 10-01 of SEC Regulation S-X and the allegations in paragraph 137 are therefore denied.

138. Paragraph 138 purports to recite the text of an accounting principle which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of AICPA's SOP No. 94-6 and deny all other allegations inconsistent with the text of the principle.

139. The allegations in paragraph 139 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 139.

140. Paragraph 140 purports to recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on July 22, 2004.

141. Defendants state that paragraph 141 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and

deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on July 22, 2004.

142. The allegations in paragraph 142 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 142.

143. Paragraph 143 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on April 22, 2004.

144. Paragraph 144 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH filed a Form 10-Q for the quarterly period ended June 30, 2003.

145. Paragraph 145 purports to characterize and recite the text of a document which speaks for itself and therefore no response is required. To the extent the transcript is accurate, Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that a conference call took place on July 22, 2004.

146. Defendants deny the heading of the Complaint that precedes paragraph 146. Defendants further state that the allegations in paragraph 146 of the Complaint and subparagraphs therein set forth conclusions of law and therefore no response is required. To the

extent that a response is required, Defendants deny the allegations in paragraph 146 and subparagraphs therein.

147. The allegations in paragraph 147 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 147.

148. The first and second sentences of Paragraph 148 purport to characterize and recite the text and legislative history of a statute which speaks for itself and therefore no response is required. The third sentence of paragraph 148 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document quoted in paragraph 148 and deny all other allegations inconsistent with the text of the document. Defendants admit that Messrs. Kits van Heyningen and Spratt signed certifications pursuant to 18 U.S.C. § 1350 as adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002.

149. The allegations in paragraph 149 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 149.

150. The allegations in paragraph 150 of the Complaint set forth conclusions of law and therefore no response is required.

151. Paragraph 151 purports to recite the text of a statute which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the statute and deny all other allegations inconsistent with the text of the statute.

152. Paragraph 152 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

153. Paragraph 153 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document.

154. The allegations in paragraph 154 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that paragraph 154 purports to recite the text of a document which speaks for itself and therefore no response is required. Defendants respectfully refer the Court to the text of the document and deny all other allegations inconsistent with the text of the document. Defendants admit that KVH filed a Form 10-K for the fiscal year ended December 31, 2003 and a Form 10-Q for the quarterly period ended March 31, 2004 and that those filings were certified by Messrs. Kits van Heyningen and Spratt.

155. The allegations in paragraph 155 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 155.

156. Defendants deny the heading of the Complaint that precedes paragraph 156. The allegations in paragraph 156 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in subparagraph (7) of paragraph 156 and the allegations are therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 156.

157. The allegations in paragraph 157 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 157.

158. The allegations in paragraph 158 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 158.

159. The allegations in paragraph 159 of the Complaint and subparagraphs therein set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 159 and the subparagraphs therein.

160. The allegations in paragraph 160 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 160.

161. The allegations in paragraph 161 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 161.

162. The allegations in paragraph 162 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 162.

163. The allegations in paragraph 163 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 163.

164. The allegations in paragraph 164 of the Complaint set forth conclusions of law and therefore no response is required. To the extent required, Defendants deny the allegations in paragraph 164.

165. The allegations in paragraph 165 of the Complaint and subparagraphs therein set forth conclusions of law and therefore no response is required. Defendants also state that they lack knowledge and/or information sufficient to form an understanding as to the meaning of the phrase "regularly communicated" in subparagraph (c) of paragraph 165 and the allegations are therefore denied. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in subparagraph (d) of paragraph 165 and the allegations are therefore denied except. To the extent a response is required, Defendants deny the allegations in paragraph 165 and the subparagraphs therein except Defendants admit subparagraphs (a) and (b) of paragraph 165.

166. The allegations in paragraph 166 of the Complaint set forth conclusions of law and therefore no response is required. To the extent required, Defendants deny the allegations of paragraph 166.

167. Defendants deny the heading of the Complaint that precedes paragraph 167. Defendants also state that the allegations in paragraph 167 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 167.

168. Defendants incorporate their responses to paragraphs 1 through 167 as if fully set forth herein and state that the allegations in paragraph 167 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 168 except Defendants admit that the Braun Plaintiffs have

asserted that they disavow any allegation that any Defendant acted with scienter or fraudulent intent.

169. The allegations in paragraph 169 of the Complaint set forth conclusions of law and therefore no response is required. Defendants also state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and the allegations in paragraph 169 are therefore denied.

170. The allegations in paragraph 170 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 170.

171. The allegations in paragraph 171 of the Complaint set forth conclusions of law and therefore no response is required. Defendants admit the first sentence of paragraph 171.

172. The allegations in paragraph 172 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 172.

173. The allegations in paragraph 173 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 173.

174. The allegations in paragraph 174 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 174.

175. The allegations in paragraph 175 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or

information sufficient to form a belief as to the truth of the allegations in paragraph 175 and the allegations in paragraph 175 are therefore denied.

176. The allegations in paragraph 176 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 176.

177. The allegations in paragraph 177 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 177.

178. Defendants incorporate their responses to paragraphs 1 through 177 as if fully set forth herein and state that the allegations in paragraph 178 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they deny the allegations in paragraph 178 except Defendants admit that the Braun Plaintiffs have asserted that they disavow any allegation that any Defendant acted with scienter or fraudulent intent.

179. The allegations in paragraph 179 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 179 and the allegations in paragraph 179 are therefore denied.

180. Defendants admit the allegations in paragraph 180.

181. The allegations in paragraph 181 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 181.

182. The allegations in paragraph 182 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 182.

183. The allegations in paragraph 183 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 183.

184. The allegations in paragraph 184 of the Complaint set forth conclusions of law and therefore no response is required. Defendants further state that they lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 184 and the allegations in paragraph 184 are therefore denied. To the extent a response is required, Defendants deny the allegations in paragraph 184.

185. The allegations in paragraph 185 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 185.

186. Defendants incorporate their responses to paragraphs 1 through 185 as if fully set forth herein and state that the allegations in paragraph 186 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 186 except Defendants admit that the Braun Plaintiffs have asserted that they disavow any allegation that any Defendant acted with scienter or fraudulent intent.

187. The allegations in paragraph 187 of the Complaint set forth conclusions of law and therefore no response is required.

188. The allegations in paragraph 188 of the Complaint set forth conclusions of law and therefore no response is required.

189. The allegations in paragraph 189 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 189 except Defendants admit signing the Registration Statement.

190. Defendants incorporate their responses to paragraphs 1 through 189 as if fully set forth herein.

191. The allegations in paragraph 191 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 191.

192. The allegations in paragraph 192 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 192 except Defendants admit that they are named as defendants in this Complaint.

193. The allegations in paragraph 193 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 193.

194. The allegations in paragraph 194 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 194.

195. The allegations in paragraph 195 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 195.

196. The allegations in paragraph 196 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 196.

197. The allegations in paragraph 197 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 197.

198. The allegations in paragraph 198 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 198.

199. The allegations in paragraph 199 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 199.

200. The allegations in paragraph 200 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 200.

201. Defendants incorporate their responses to paragraphs 1 through 200 as if fully set forth herein.

202. The allegations in paragraph 202 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 202.

203. The allegations in paragraph 203 of the Complaint set forth conclusions of law and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 203.

204. The allegations in paragraph 204 of the Complaint set forth conclusions of law and therefore no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 204.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint and each of its counts fail to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims are barred because Defendants at all times acted in good faith, exercised reasonable due diligence, and did not directly or indirectly induce any act or acts constituting a violation of the securities laws.

### Third Defense

Plaintiffs lack standing to assert the claims set forth in the Complaint.

### Fourth Defense

Defendants had no duty to disclose any information alleged in the Complaint to have been omitted.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because KVH's public statements, registration statement/prospectus, prospectus supplement, and annual and quarterly filings with the SEC bespoke caution by warning of the risks relating to investment in KVH securities.

### Sixth Defense

Plaintiffs did not justifiably rely upon and were not mislead by any of the statements made by any of the Defendants.

**Seventh Defense**

Plaintiffs cannot prove loss causation as no part of the statements or conduct alleged in the Complaint affected the market for, or price of, any security of KVH in any respect, or caused any harm to Plaintiffs.

**Eighth Defense**

Plaintiffs assumed the risk that the price of KVH stock might fall, and thus, they may not recover under their claims, in whole or in part.

**Ninth Defense**

If Plaintiffs suffered cognizable damages (which damages are denied), these damages resulted in whole or in part from causes other than any alleged act or omission by Defendants.

**Tenth Defense**

Plaintiffs are estopped by their own conduct from obtaining relief on their claims.

**Eleventh Defense**

Plaintiffs are barred by the doctrine of *in pari delicto*.

**Twelfth Defense**

The Complaint fails to comply with Federal Rule of Civil Procedure 9(b).

**Thirteenth Defense**

If Plaintiffs suffered cognizable damages (which damages are denied), Plaintiffs failed to mitigate their damages.

**Fourteenth Defense**

Plaintiffs' claims are barred because they did not rely on the market price of KVH's stock in making a decision to purchase such stock, and the fraud on the market theory is not a basis of liability with respect to all or some of the claims.

**Fifteenth Defense**

The Private Securities Litigation Reform Act, including the safe harbor for forward-looking statements included therein, does not allow Plaintiffs to recover on their claims.

**Sixteenth Defense**

Defendants are not responsible for the statements challenged as false or misleading, and if any statement for which they were responsible may have been false or misleading, Defendants did not know this to be the case.

**Seventeenth Defense**

Defendants complied faithfully with all duties of disclosure to which it is subject, and breached no duty of disclosure applicable to them.

**Eighteenth Defense**

This action is not maintainable as a class action under Federal Rule of Civil Procedure 23.

**Nineteenth Defense**

As regards to any part of the registration statement, Defendants cannot be found liable as they made reasonable investigation and had reasonable ground to believe and did believe, at the times those parts of the registration statements became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated or necessary to make the statements therein not misleading.

**Twentieth Defense**

At the time of their alleged acquisitions of KVH securities traceable to registration statements purportedly containing material misstatements or omitting to state material facts required to be stated therein or necessary to make the statements therein not misleading, Plaintiffs knew of their untruth or their omission.

**Twenty-First Defense**

As regards to any part of the registration statements purporting to be made on the authority of an expert or purporting to be a copy of or extract from a report or valuation of an expert and upon which Plaintiffs base their claim, Defendants cannot be found liable as they had no reasonable grounds to believe and did not believe, at the times those parts of the registration statements became effective, that the statements made therein were untrue, omitted material facts required to be stated or necessary to make the statements therein not misleading, or did not fairly represent the statement of that expert.

**Twenty-Second Defense**

Any damages allegedly suffered by Plaintiffs are the result of factors for which defendants bear no responsibility, and do not result from a depreciation in value of KVH securities resulting from any alleged misrepresentation or from any omission of material fact required to be stated or necessary to make the statements not misleading.

**Twenty-Third Defense**

Plaintiffs' claims are barred in whole or in part because the KVH securities they acquired were not issued pursuant to the registration statements that contained any alleged material misstatements or omissions upon which claims are based, and Plaintiffs cannot trace their KVH securities back to any particular offering or registration statement containing those alleged material misstatements or omissions.

**Twenty-Fourth Defense**

Any damages allegedly suffered by Plaintiffs arising out of the conduct of Defendants was caused by the intervening act(s) or omission(s) of parties other than Defendants and said act(s) or omission(s) superseded any action or omission by Defendants of which they might be considered liable.

**Twenty-Fifth Defense**

Plaintiffs' losses, if any, were not caused by any act attributable to Defendants.

**Twenty-Sixth Defense**

Any verdict or judgment obtained by Lead Plaintiffs against KVH must be reduced, pursuant to Section 21D(f) of the Securities Exchange Act of 1934.

**Additional Defenses**

Defendants reserve the right to assert any additional affirmative defenses that the discovery proceedings may hereafter reveal to be appropriate.

WHEREFORE, the Defendants respectfully request that the Court:

1. Deny any and all relief requested by Plaintiffs;

2. Dismiss the Consolidate Amended Class Action Complaint with prejudice and enter judgment in favor of Defendants on all counts of the Complaint;

3. Award Defendants their costs and reasonable attorneys' fees; and

4. Provide such further relief as the Court deems fair and just.

**JURY DEMAND**

Defendants respectfully request a trial by jury on all issues so triable.

Dated: October 14, 2005

Respectfully submitted,

Brooks R. Magratten (#3585)
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, RI 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803

Of Counsel:
Brandon F. White
Matthew C. Baltay
Kalun Lee
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

**CERTIFICATE OF SERVICE**

I hereby certify that I served on counsel a copy of the within Defendants' Answer to Consolidated Amended Class Action Complaint on the 14th day of October, 2005.

By hand:

Barry J. Kusinitz, Esq.
155 South Main Street, Suite 405
Providence, RI 02903

By mailing first class mail, postage prepaid:

Matthew F. Medeiros, Esq.
Little Medeiros Kinder Bulman
& Whitney, PC
72 Pine Street
Providence, RI 02903

David A. Rosenfeld, Esq.
Russell J. Gunyan, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins
200 Broadhollow Road, Suite 406
Melville, NY 11747

Brooks R. Magratten