UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306(ML)<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

Lead Plaintiff Teamsters Affiliate Pension Plan ("TAPP") and Plaintiffs Irving S. and Judith Braun (collectively with TAPP, the "Plaintiffs"), hereby move this Court for an Order (attached hereto) pursuant to Federal Rule of Civil Procedure 23(c)(1):

1. allowing this action to be maintained as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

2. certifying the action as a class action on behalf of all person and entities who purchased the securities of KVH Industries, Inc. ("KVH, or the "Company") during the class period from October 1, 2003 though July 2, 2004, inclusive, and were damaged thereby ("the Class");

3. certifying Plaintiffs as representatives for the Class. Excluded from the Class are Defendants named in Plaintiffs' Consolidated Amended Class Action Complaint, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest; and

4. appointing Lerach Coughlin Stoia Geller Rudman & Robbins as Lead Class Counsel.

5. In support of this motion, Plaintiffs have submitted a memorandum of law, filed contemporaneously herewith.

DATED: December 13, 2005

BARRY J. KUSINITZ (No. 1404)
155 South Main, Street, Suite 405
Providence, Rhode Island 02903
Telephone: 401/831-4200
401/831-7053 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
RUSSELL J. GUNYAN
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel

LAW OFFICES OF CURTIS V. TRINKO
CURTIS V. TRINKO
16 West 46th Street
New York, New York 10036
Telephone: 212/490-9550
212/986-0158

Additional Counsel

**Certification**

I hereby certify that I mailed the above to Brooks R. Magratten, Esq., Vetter & White, Incorporated, 20 Washington Place, Providence, RI 02903, and Brandon F. White, Esq., Foley Hoag, LLP, 155 Seaport Blvd., Boston, MA 02210, by regular mail, postage prepaid, on this 13th day of December, 2005

# *PROPOSED ORDER*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306(ML)<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

AND NOW this _________ day of _____________, 2006, upon consideration of Lead Plaintiff Teamsters Affiliate Pension Plan ("TAPP") and Plaintiffs Irving S. and Judith Braun's, Motion for Class Certification, Plainitffs' Memorandum in support thereof, the responses thereto, and for other good cause known to the Court, it is hereby **ORDERED AND DECREED** that:

1. Plaintiffs' motion for class certification is **GRANTED**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this action is certified as a class action on behalf of: (i) a Class consisting of all persons and entities who purchased or otherwise acquired the securities of KVH Industries, Inc. ("KVH" or the "Company") between October 1, 2003 though July 2, 2004, inclusive, and were damaged thereby; (ii) excluded from the Class are Defendants named in Plaintiffs' Consolidated Amended Class Action Complaint, the officers and directors of the Company, at all relevant times, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and their legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

2. The Court appoints Lead Plaintiff TAPP and Plaintiffs Irving S. and Judith Braun as the representatives of the Class.

3. The Court further finds and concludes that the Class certified herein satisfies the requirements of Federal Rule of Civil Procedure 23, in that: (i) the Class described above is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law or fact common to the Class; (iii) the claims of Plaintiffs are typical of the claims of the members of the Class they seek to represent; (iv) Plaintiffs will fairly and adequately represent the interests of the Class; (v) the questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. The law firm of Lerach Coughlin Stoia Geller Rudman & Robbins is hereby appointed Lead Class Counsel.

BY THE COURT:

DATED: ________

_______________________________
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

Lead Plaintiff Teamsters Affiliate Pension Plan ("TAPP") and Plaintiffs Irving S. and Judith Braun (collectively with TAPP, the "Plaintiffs") respectfully submit this memorandum of law in support of their motion pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for an Order that this action may be maintained as a class action and certifying a class, as set forth herein.

## I. PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), Plaintiffs seek their appointment as representatives of a plaintiff Class (the "Class"), which consists of all persons who purchased the common stock of KVH Industries, Inc. ("KVH" or the "Company") during the period between October 1, 2003 though July 2, 2004, inclusive (the "Class Period"), and who were damaged thereby. Plaintiffs also seek an Order, pursuant to Federal Rule of Civil Procedure 23(g), appointing the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as Lead Class Counsel.

As explained herein, Plaintiffs have overwhelmingly satisfied the requirements of Fed. R. Civ. P. 23 because their claims are typical of the rest of the Class, making them adequate Class

representatives. Moreover, in this securities litigation, common questions predominate over any questions affecting only individual members of the Class. All members of the Class seek to prove the same misrepresentations and omissions. For this reason alone, certification is appropriate under Rule 23(b)(3).

In addition to the typicality and adequacy of Plaintiffs, the proposed class representatives, Lerach Coughlin, the proposed Lead Class Counsel, has vigorously pursued the interests of the Class throughout this litigation. Specifically, Lerach Coughlin filed an Amended Consolidated Class Action Complaint ("Complaint"), successfully prosecuted this case through the lead plaintiff appointment process, defeated Defendants' motion to dismiss and has commenced discovery.

Accordingly, for the reasons stated herein, the Court should certify Plaintiffs as the class representative and appoint the law firm of Lerach Coughlin as Lead Class Counsel.

## II. SUMMARY OF THE COMPLAINT

Defendant KVH develops and produces mobile communication and navigation devices for the consumer and defense markets. ¶25.[1]

In early 2003, prior to the start of the Class Period, KVH began to experience a steady decline in sales of its most profitable products – navigation systems for military use. ¶33. Anticipating further erosion in these high-margin revenue streams, Defendants began to trumpet the anticipated product introduction of the A5 – a mobile satellite system that receives satellite TV transmissions in cars. KVH invested heavily in development of the A5 raising more than $19.5 million in private equity funding to research A5 development. ¶¶26-28.

Beginning in January 2003 and continuing throughout the Class Period, Defendants peppered the market with statements about the anticipated demand for the A5, which caused rapid appreciation

---

[1] "¶__" references paragraphs in the Complaint.

in price of KVH common shares. ¶¶31-32, 35. The price of KVH peaked in November 2003 at $33.00 per share. At that time, Defendants filed a shelf registration for a secondary public offering of KVH stock. ¶35. KVH completed this offering in February 2004 selling more than 2.7 million shares, raising more than $51 million in proceeds. ¶39.

Defendants' statements during the Class Period were materially false and misleading because they failed to disclose and misrepresented that KVH was artificially inflating its reported financial results through a variety of improper accounting practices related to its "sales" of A5s. Defendants improperly recognized revenue on fictitious "sales" of A5s, improperly recognized revenues on A5 sales where the Company's revenue recognition policies had not been satisfied, overstated the value of the Company's A5 inventory and failed to record contingent liabilities associated with its A5 sales.

Ultimately, Defendants were unable to conceal the true facts concerning the A5. On July 6, 2004, before the markets opened, KVH stunned the investing public by announcing that it was slashing the retail price of the A5 by more than 34% and taking a multi-million dollar write down of vendor purchase commitments and on-hand inventories to reflect the true value of the KVH's TracVision systems sales. In response to these announcements, the price of KVH common stock declined from $12.50 per share to $10.15 per share on heavy trading volume.

## III. ARGUMENT

### A. The Standards For Class Certification

The important role of Rule 23 in federal securities actions is well established. *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). Courts within the First Circuit consistently have held that class actions are a particularly appropriate means by which shareholders may obtain recovery caused by defective registration statements and fraudulent misrepresentations. In light of the importance of the class action device in securities litigation, the courts in this circuit apply Rule 23 according to a liberal standard. "It is well established 'that suits on behalf of shareholders alleging violations of

federal securities laws are prime candidates for class action treatment and that Rule 23 of the Federal Rules of Civil Procedure has been liberally construed to effectuate that end.'" *Kinney v. Metro Global Media, Inc.*, C.A. No. 99-579 (ML), 2002 U.S. Dist. LEXIS 18628, at *7 (D.R.I. Aug. 22, 2002) (quoting *Grace v. Perception Technology Corp.*, 128 F.R.D. 165, 167 (D. Mass. 1989); *Adair v. Sorenson*, 134 F.R.D. 13, 16-17 (D. Mass. 1991) (suits on behalf of shareholders alleging violations of federal securities laws are prime candidates for class action treatment).

By providing a single forum in which to litigate the same or similar claims, a class action also affords an indispensable mechanism for the conservation of judicial resources. *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir. 1970), *cert. denied*, 398 U.S. 950 (1970) ("the effectiveness of the securities laws may depend in large measure on the application of the class action device.") "The interests of justice require that in a doubtful case . . . any error, if there is to be one, should be committed in favor of allowing a class action." *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968), *cert. denied*, 394 U.S. 928 (1969).

> The proposed Class must meet the four prerequisites of Fed. R. Civ. P. 23(a) as well as certain requirements of Fed. R. Civ. P. 23(b). *Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Fed. R. Civ. P. 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) are met and, in addition, the action qualifies under on of the subdivisions of Rule 23(b).

As described below, each of the procedural requirements for class certification set forth in Rule 23 are met by the proposed class.

### B. The Proposed Class Satisfies Rule 23(a)'s Requirements

#### 1. The Proposed Class Is So Numerous that Joinder of All Members Is Impracticable.

The first prong under Rule 23(a) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). "Federal trial courts are quite willing to accept common assumptions in order to support a finding of numerosity." *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1039 (5th Cir. 1981). *In re Polymedica Corp. Sec. Litig.*, 224 F.R.D. 27,

35 (D. Mass. 2004) (taking judicial notice of average daily trading volumes on national securities exchanges during the class period to find numerosity under Rule 23). "Even if the number of persons who bought stock during the class period is unknown, numerosity can be assumed where the number of shares traded is so great that common sense dictates the class is very large." *Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303, 305 (D. Mass. 1987); *In re One Bancorp Sec. Litig.*, 136 F.R.D. 526, 529 (D. Me. 1991) (based on the number of shares outstanding during the class period, the class is so numerous that joinder of all members is impracticable).

The proposed Class easily satisfies the numerosity requirement. Defendants have admitted that KVH is a publicly-held company whose securities are traded on the NASDAQ National Market, and that KVH common stock is registered with the SEC pursuant to the Securities Exchange Act of 1934 ("Exchange Act"). As of November 12, 2003, KVH reported that it had 11,536,687 shares of common stock outstanding. On February 13, 2004 the Company announced that it had completed a secondary offering of common stock by issuing an additional 2,750,000 shares.

Based on the number of shares outstanding and its active trading on NASDAQ, a reasonable inference may be drawn that the proposed Class consists of hundreds, if not thousands, of geographically dispersed members making joinder impracticable. *Kinney*, 2002 U.S. Dist. LEXIS 18628, at *12 ("The Court finds that Plaintiffs have satisfied their burden. By sheer virtue of the fact that Metro Global stock was traded over the NASDAQ small cap market during the class period (over three years), and that during that time thousands, if not millions, of the shares were traded, common sense dictates that the proposed class is very large."); *Grace,* 128 F.R.D. at 167 (same) (citing *Kirby*, 116 F.R.D. at 305).

**2. There Are Questions of Law and Fact Common to Each of the Proposed Class Members**

Rule 23(a)(2)'s second requirement is commonality, which permits a class action only if "there are questions of law or fact common to the class," "but does not require that every question be

common." *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 259 (D. Mass. 2005) (citing *Polymedica*, 224 F.R.D. at 35. Courts routinely find commonality where plaintiffs in a securities class action have alleged that during the proposed class period defendants engaged in a scheme or common course of conduct designed to artificially inflate the price of the company's stock. *One Bancorp*, 136 F.R.D. at 529 ("there is no dispute that that there are questions of law and fact common to the class").

Here, Plaintiffs have alleged that common questions of conduct causation and harm exist as to all members of the proposed Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are: (a) whether the registration statement issued by Defendants in connection with the secondary offering was defective; (b) whether statements made by Defendants to the investing public during the proposed Class Period misrepresented material facts about the business and operations of KVH; and (c) to what extent the members of the Class have sustained damages and the proper measure of damages. *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 43 (D. Mass. 2003) (finding commonality where all the plaintiffs purchased shares in [defendants' mutual funds] and all the plaintiffs allege that the defendants issued false and misleading registration statements). In addition, the members of the proposed Class share common legal theories supporting recovery. For example, Plaintiffs invoke the fraud-on-the-market theory to support the reliance element of their Exchange Act claims. "As a result, all plaintiffs will have to prove the same misrepresentations and omissions, as well as their materiality and defendants' knowledge. Thus, it is obvious that common questions exist." *Grace*, 128 F.R.D. at 167 (citing *Abelson v. Strong*, [Transfer Binder 1986-87], Fed. Sec. L. Rep. (CCH) para. 93,365 at 96,885 (D. Mass. 1987)).

**3. Plaintiffs' Claims Are Typical of the Claims of the Proposed Class**

The third requirement of Rule 23(a) is that the claims asserted by the proposed class representatives be typical of the claims of the class. "'The typicality requirement is satisfied when the [named] plaintiff's injuries arise from the same events or course of conduct as do the injuries that form the basis of the class claims, and when the plaintiff's claims and those of the class are based on the same legal theory.'" *Swack*, 230 F.R.D. at 260 (quoting *Guckenberger v. Boston Univ.*, 957 F. Supp. 306 (D. Mass. 1997) (internal citation omitted)). "As with the commonality requirement, the typicality requirement does not mandate that the claims of the class representative be identical to those of the absent class members." *Id.*

Plaintiffs' claims are clearly typical of those of the proposed Class: the alleged distribution of materially false and misleading information, which artificially inflated the price of KVH securities throughout the Class Period. Likewise, the proof that Plaintiffs will offer, and the legal theories they will advance, are essential to the claims of all members of the proposed Class. For example, Plaintiffs will seek to prove, among other things, that Plaintiffs were damaged as a result of the false statements concerning the sales of the A5 by Defendants in the registration statement and during the Class Period, and that every member of the proposed Class was similarly damaged by Defendants' false and misleading statements. Moreover, Plaintiffs will seek to prove that Defendants knew or recklessly disregarded that their Class Period statements were false and misleading and omitted material facts. Accordingly, Plaintiffs' claims are typical to those of other members of the proposed Class.

**4. Plaintiffs will fairly and Adequately Protect the Interests of the Proposed Class**

Fed. R. Civ. P. 23(a) also requires that the plaintiffs must adequately protect the interests of the proposed Class. The First Circuit has applied the adequacy prerequisite using a two part test: "The moving party must show first that the interests of the representative party will not conflict with

the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985) (citing *Weiss v. York Hospital*, 745 F.2d 786, 811 (3d Cir. 1984), *cert. denied*, 470 U.S. 1060 (1985)). In this action there are no conflicts of interest between Plaintiffs and the other members of the proposed Class and Plaintiffs' interests are not antagonistic to those of the Class.

Both prongs of the test are met here. The first requirement is met because Plaintiffs have identical claims to the other members of the proposed Class. All of the plaintiffs were damaged by Defendants' false and misleading statements during the Class Period, and no plaintiff, including any of the named Plaintiffs, is subject to any unique defenses. Additionally, the second prong , that the class's counsel be sufficiently qualified, is met by Plaintiffs' counsel, who have extensive experience with securities litigation. This Court has already determined the adequacy of Lead Counsel when it appointed Lead Plaintiffs and their counsel. Plaintiffs have and will continue to vigorously prosecute these claims to remedy their own damages and the damages suffered by the Class and have diligently pursued this litigation to date and are motivated to prove the false and misleading nature of Defendants statements. Thus, as Plaintiffs offer evidence to prove their claims against the Defendants, this effort will simultaneously advance the interests of the Class. Because both the plaintiffs and their counsel are adequate, the requirements of Rule 23(a)(4) are satisfied.

### C. Rule 23(b)(3) Is Also Satisfied by the Proposed Class

Plaintiffs must also show that their claims satisfy Rule 23(b). Rule 23(b) authorizes class certification where: (i) questions of law or fact common to the class predominate over any questions affecting only individual class members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Fed. R. Civ. P. 23(b)(3). This action easily meets both standards.

### 1. Common Questions of Law and Fact Predominate

The Supreme Court has noted that "predominance is a test readily met in certain cases alleging consumer or securities fraud . . . ." *Amchem Prods.*, 521 U.S. at 625. As explained above, all members of the proposed Class share identical claims of defendants' liability. The common questions have been described previously in the discussion of Rule 23(a)(2). The Court need not dwell on this last requirement for long. *Kinney*, 2002 U.S. Dist. LEXIS 18628.

### 2. A Class Action Is Superior to Other Available Methods for the Fair and Efficient Adjudication of the Controversy

Rule 23 (b)(3) also requires plaintiffs to demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

A class action is superior to other methods of adjudicating this controversy because: (i) absent a class action, the Court faces potentially hundreds of individual lawsuits, all of which would arise out of the same set of operative facts alleged in the Complaint; (ii) the resolution of common issues alleged in one class action will produce an efficient use of judicial resources and result in a single outcome that is binding on all members of the class; (iii) any administrative difficulties in handling potential individual issues that may arise in this litigation are less burdensome than the problems likely to arise in administering hundreds of separate actions; and (iv) because of the prohibitive expense of maintaining individual actions, denial of class certification would effectively prevent numerous individuals from asserting their claims against Defendants and severely weaken the protections provided to investors under the federal securities laws. As a result, a class action may not only be the superior vehicle for adjudicating the claims alleged in this action, but perhaps the only way. *See Kinney,* 2002 U.S. Dist. LEXIS 18628 at *18-*19 ("'In securities fraud cases, the class action device has been deemed especially appropriate, and even 'indispensable' to protect the small claimants who would otherwise as a practical matter be denied relief.'" The

Court finds no reason to deviate from that practice in this case.") (citing *Kirby*, 116 F.R.D. at 311 (quoting *M. Berenson Co. v. Faneuil Hall Marketplace*, Inc., 100 F.R.D. 468, 471 (D. Mass. 1984)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to enter an order: (1) allowing this action to be maintained as a class action pursuant to Rule 23(b)(3); (2) certifying a class consisting of all persons and entities who purchased KVH securities during the longer Class Period, and were damaged thereby; and (3) certifying Lead Plaintiffs as the Class representatives.

DATED: December 13, 2005

BARRY J. KUSINITZ (No. 1404)
155 South Main, Street, Suite 405
Providence, Rhode Island 02903
Telephone: 401/831-4200
401/831-7053 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
RUSSELL J. GUNYAN
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel For Plaintiffs

LAW OFFICES OF CURTIS V. TRINKO
CURTIS V. TRINKO
16 West 46th Street
New York, New York 10036
Telephone: 212/490-9550
212/986-0158

Additional Counsel

**Certification**

I hereby certify that I mailed the above to Brooks R. Magratten, Esq., Vetter & White, Incorporated, 20 Washington Place, Providence, RI 02903, and Brandon F. White, Esq., Foley Hoag, LLP, 155 Seaport Blvd., Boston, MA 02210, by regular mail, postage prepaid, on this 13th day of December, 2005