RECEIVED

JAN 31 2006

Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SEKUK GLOBAL ENTERPRISES, On Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,

Defendants.

Civil Action No. CA-04-306ML
**(Consolidated Action)**

CLASS ACTION

STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF DISCOVERY MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned action (the "Action"), subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of all documents, depositions, deposition exhibits and any other information in any form produced or exchanged as part of discovery by any party to the Action, or by any third party responding to a document request or deposition subpoena (a "Producing Third Party").

1. A party may designate for "Confidential" or "Attorneys' Eyes Only" treatment (collectively "Restricted") pursuant to this Stipulation and Order any document, testimony, or other information ("Discovery Material") the party considers in good faith to be, contain, reflect, or reveal a trade secret or other confidential or proprietary research, development, personal, business or commercial information in accordance with Rule 26 of the Federal Rules of Civil Procedure ("Restricted Material" or "Restricted Discovery Material"). All notes, extracts and summaries of Restricted Material shall be considered Restricted Material and be subject to the terms of this Stipulation and Order. For purposes of this Stipulation and Order, the term

"document" or "documents" has the widest meaning accorded to it under the Federal Rules of Civil Procedure.

2. This Stipulation and Order has no effect upon, and shall not apply to a party's use or disclosure of its own Restricted Material for any purpose.

3. "Confidential" Material shall be used only for the purpose of prosecuting or defending the Action (including any appeals), and for no other purpose whatsoever, including but not limited to, any business, commercial or litigation purpose and the same shall not be provided, transmitted, disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to anyone without prior written consent of the party who produced the Confidential Material or designated it as "Confidential" or Court order except, subject to Paragraph 10 of this Stipulation and Order, to:

a. the Court (and any Appellate Court) and its legal, clerical, secretarial and other support staff;

b. court reporters, stenographers and other persons involved in recording deposition testimony in connection with this Action;

c. outside counsel of record in this Action and any attorneys, legal assistants or clerical, secretarial or other support staff who are assisting such counsel in the conduct of this Action and are employed by and operating under the supervision and instruction of such counsel;

d. in-house counsel of any party who is actively assisting outside counsel in the conduct of this Action and any legal assistants or clerical, secretarial or other support staff who are assisting such in-house counsel and operating under the supervision and instruction of such in-house counsel;

e. members, officers, directors, representatives or employees of any party with whom counsel for that party reasonably determines it is necessary to confer about Confidential Material for purposes of this Action;

f. experts or consultants retained by counsel for any party in this Action as deemed necessary, and such experts' or consultants' clerical, secretarial or other support staff who are assisting such experts or consultants in the conduct of this Action and operating under the supervision and instruction of such experts or consultant;

g. insurance companies or other indemnitors of any party from which a party claims coverage or that are providing coverage for claims;

h. actual or potential witnesses or deponents in this Action, and their counsel, during the course of or, to the extent necessary, in preparation for, depositions or testimony in this Action; and

i. vendors of copying services engaged by the parties to duplicate Discovery Material.

4. "Attorneys' Eyes Only" Material shall be used only for the purpose of prosecuting or defending the Action (including any appeals), and for no other purpose whatsoever, including but not limited to, any business, commercial or litigation purpose and the same shall not be provided, transmitted, disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to anyone without prior written consent of the party who produced the Attorneys' Eyes Only Material or designated it as "Attorneys' Eyes Only" or Court order except, subject to Paragraph 10 of this Stipulation and Order, to:

a. the Court (and any Appellate Court) and its legal, clerical, secretarial and other support staff;

b. court reporters, stenographers and other persons involved in recording deposition testimony in connection with this Action;

c. outside counsel of record in this Action and any attorneys, legal assistants or clerical, secretarial or other support staff who are assisting such counsel in the conduct of this Action and are employed by and operating under the supervision and instruction of such counsel;

d. a deposition witness who produced the Attorneys' Eyes Only Material; and

e. experts or consultants retained by counsel for any party in this Action as deemed necessary, and such experts' or consultants' clerical, secretarial or other support staff who are assisting such experts or consultants in the conduct of this Action and operating under the supervision and instruction of such experts or consultant.

5. This Stipulation and Order covers production to third parties of Restricted Material. Any party or other person bound by this Stipulation and Order receiving a subpoena or other compulsory process (the "Receiving Party") seeking production of Discovery Material designated as Restricted by another party shall as soon as reasonably practical give notice thereof to the party that designated the material Restricted (the "Designating Party") and shall furnish the Designating Party with a copy of the subpoena or other compulsory process. The Designating Party shall have ten (10) days after receipt of notice of such subpoena or other compulsory process to lodge an objection to production with a Court of Competent Jurisdiction; during the pendency of such ten-day period, the Receiving Party shall not, absent court order, make any production of such Restricted Material. If, during said ten-day period, the Designating Party lodges an objection with a Court of Competent Jurisdiction, the Receiving Party shall not produce any Restricted Material subject to said objection until said objection has been ruled upon, at which time, unless the Designating Party obtains an Order from a Court of Competent

Jurisdiction precluding production, the Receiving Party shall be entitled to comply with its obligations under such subpoena, demand or legal process. Nothing contained herein shall be construed as requiring the Receiving Party to challenge or appeal any order requiring production of Restricted Discovery Material, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

6. For purposes of this Stipulation and Order, the designation of Discovery Material as "Confidential" or "Attorneys' Eyes Only" shall be made in the following manner:

a. in the case of documents, by stamping each page with the legend "Confidential" or the legend "Attorneys' Eyes Only" in a manner that will not interfere with the legibility of the page;

b. in the case of information produced on computer disk, compact disk, videotape, or audiotape, by stamping the labels affixed to such disk or tape with the legend "Confidential" or the legend "Attorneys' Eyes Only"; and

c. in the case of responses to interrogatories or to requests to admit or any other written responses to discovery requests, by designating particular responses as "Confidential" or "Attorneys' Eyes Only."

7. Each transcript of a deposition and exhibits thereto shall be presumptively deemed "Attorneys' Eyes Only" and subject to the provisions of this Stipulation and Protective Order for a period of ten (10) days following receipt of said transcript by counsel for the parties. Any party may, at any deposition taken in this matter, designate on the record certain testimony and exhibits as "Confidential" or "Attorneys' Eyes Only," and such testimony and exhibits shall be treated as subject to the terms of this Stipulation and Protective Order. If a party, at any deposition taken in this matter, designates certain testimony or exhibits as "Attorneys' Eyes Only," all representatives of the opposing party other than counsel must leave the room until the

party indicates that the "Attorneys' Eyes Only" designation is no longer in place. In addition, at the end of the aforementioned ten-day period, any party may designate pages, encompassing the testimony designated as "Confidential" or "Attorneys' Eyes Only" at deposition and any additional pages, together with the relevant exhibits, as "Confidential" or "Attorneys' Eyes Only" by notifying opposing counsel in writing of said designation, and such pages and exhibits shall be treated as subject to the terms of this Stipulation and Protective Order. Counsel for each party shall be responsible for marking designated pages of copies of the transcript and exhibits in their possession with the legend specified in Paragraph 6 hereof. At any time following designation of deposition pages or exhibits as "Confidential" or "Attorneys' Eyes Only," the non-designating party may object to any designation by serving a motion requesting that the Court designate the testimony and exhibits in dispute as non-confidential. If such a request is granted, the testimony and exhibits in dispute shall no longer be treated as "Confidential" or "Attorneys' Eyes Only" and subject to the provisions of this Stipulation and Protective Order. If the non-designating party does file such a motion, the testimony and exhibits shall be treated as designated by the Designating Party until the Court rules on the non-designating party's motion.

8. Any party may designate any Discovery Material, or any portion thereof, produced by another party or a Producing Third Party as "Confidential" or "Attorneys' Eyes Only" by identifying in a writing sent to counsel for all other parties the Discovery Material (by page number or otherwise) that constitutes, contains or reflects such Restricted Material. Such designation shall be made within thirty (30) business days of the receipt of such Discovery Material. All parties and other persons bound by this Stipulation and Order shall treat all Discovery Material produced by another party or a Producing Third Party as provisionally "Attorneys' Eyes Only" until the expiration of the thirty-day period set forth in this Paragraph. Counsel for each party shall be responsible for marking the designated documents or other

information with the legend "Confidential" or "Attorneys' Eyes Only" if written notice is provided within the thirty-day period.

9. A party's failure to designate Discovery Material as "Confidential" or "Attorneys' Eyes Only" when permitted under this Stipulation and Order shall not preclude that party from subsequently designating such material as Restricted, provided that said party designates such material as appropriate promptly upon realizing that Restricted Materials were disclosed. All Discovery Material so designated shall be fully subject to the terms, conditions and restrictions of this Stipulation and Order from the date such notice is given, and the party that received such Discovery Material shall make a good faith effort to retrieve such Discovery Material if it was disclosed to persons not permitted by this Stipulation and Order. In addition, the time frames set forth in this Stipulation and Order are subject to reasonable extensions agreed to between counsel for the parties.

10. Prior to disclosing any Restricted Material or any copies, excerpts or summaries thereof, or any of the information contained therein, to any person specified in Paragraph 3 above, counsel disclosing such Restricted Material ("Disclosing Counsel") shall advise each such person of the provisions of this Stipulation and Protective Order. Disclosing Counsel shall not disclose any Restricted Material to any person specified in Paragraph 3 or Paragraph 4 above unless such person agrees (i) to be bound by the terms, conditions, and restrictions of this Stipulation and Order and (ii) to take all necessary precautions to prevent disclosure of the Restricted Material other than as authorized by this Stipulation and Order. Any person being given access to Restricted Material pursuant to Subparagraphs (e), (f) and (h) of Paragraph 3 and Subparagraph (e) of Paragraph 4 shall be provided with a copy of this Stipulation and Order and shall execute the Declaration annexed hereto prior to being given access to such material. Any deponent at deposition being given access to Restricted Material pursuant to Subparagraph (h) of

Paragraph 3 shall (i) execute the Declaration annexed hereto prior to being given access to such material, or (ii) if such person refuses to execute the Declaration, be informed, on the record of the deposition, of the existence and provisions of this Stipulation and Order and the obligation to maintain the confidence of Restricted Material prior to being shown such material. Disclosing Counsel shall retain the originals of any executed Declarations until thirty (30) days after final termination of this action and all available appellate remedies have been exhausted.

11. All Parties shall seek the Court's permission to file under seal all portions of briefs, pleadings or other filings with the Court that contain or refer to Restricted Material pursuant to LR Gen 102. At the time of filing, such material shall be placed in a sealed envelope, which shall be marked with the title of the action, the case number, the docket number of the motion to seal, and a description of the contents. The envelope shall also bear the following legend and legend:

<u>CONFIDENTIAL</u>

THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION AND SHALL BE RETAINED IN A SECURE LOCATION UNTIL FURTHER ORDER OF THE COURT.

12. If a party, at any time, wishes to have the designation of any Restricted Discovery Material removed or changed, that party shall first request in writing that the Designating Party assent to removing its designation giving the reasons for the request prior to making a motion for removal or change. Thereafter, the party challenging the designation and the Designating Party shall make good faith efforts to resolve the dispute. If the Designating Party refuses to agree to remove or change the designation, then the party challenging the designation may move the Court upon notice to the Designating Party for an order removing or changing the designation. If such motion is made, the parties shall treat the Restricted Material as it is designated by the Designating Party until the motion is decided by the Court.

13. Inadvertent disclosure of materials subject to the attorney client privilege, work product doctrine, or other protection from disclosure shall not constitute a waiver of, or an estoppel as to, such privilege or protection from disclosure and all such inadvertently disclosed materials and any copies, excerpts, translations or summaries thereof shall be immediately returned upon request and not thereafter used for any purposes.

14. Entering into, agreeing to and/or producing or receiving Restricted Material, or otherwise complying with the terms of this Stipulation and Order shall not:

a. operate as an admission that any particular Restricted Material contains or reflects trade secrets or any other type of Restricted information;

b. operate as an admission that any particular Restricted Material is relevant or admissible at trial, or prejudice in any way the rights of a producing party to object to the production or admissibility of any Restricted Material; or

c. prevent the parties to this Stipulation and Order from agreeing in writing to amend, alter or waive the provisions or protections herein with respect to any material.

15. Subject to Paragraph 13 of this Stipulation and Order, this Stipulation and Order does not apply to the introduction of Restricted Material into evidence at any hearing or trial in this Action. The parties agree to negotiate in good faith in an effort to reach agreement on the procedures that will govern the protection of Restricted Material at any hearing or trial in this Action. The treatment of Restricted Material at any hearing or trial will be pursuant either to the agreement of the parties or as ordered by the Court.

16. Within thirty (30) days after the termination or resolution of this Action and the exhaustion of all appellate remedies in connection therewith, all Restricted Material and all copies thereof, and all originals and copies of excerpts, summaries or other material derived therefrom, shall be either returned to counsel for the party who produced it (at the expense of the

party who produced it), or destroyed. If such Restricted Material is destroyed, counsel for the party who produced the Restricted Material should be notified in writing that the Restricted Material was destroyed. Notwithstanding the foregoing, (i) no party shall be required to return or destroy any excerpts, summaries or other material derived from produced Restricted Material which is protected from disclosure pursuant to the work product doctrine, attorney client privilege, or other applicable privilege (provided that such materials shall continue to be subject to the confidentiality restrictions set forth herein), and (ii) copies may be kept of any Discovery Material that have been marked as deposition exhibits or included in papers filed with the Court.

17. Any party may apply to the Court for amendment to or modification of this Stipulation and Order at any time. This Stipulation and Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all proceedings in this Action.

18. Until such time as the Court has rendered its ruling on this Stipulation and Order, the parties agree that, upon execution, it will be treated as though it had been "So Ordered."

SO STIPULATED:

Barry J. Kusinitz, Esq., #1404
Attorney for Plaintiff
155 South Main Street - Suite 405
Providence, Rhode Island 02903
(401) 831-4200
(401) 831-7053 FAX

David A. Rosenfeld, Esq.
Samuel H. Rudman, Esq.
Russell J. Gunyan, Esq.
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS
200 Broadhollow Road – Suite 406
Melville, New York 11747

Brooks R. Magratten, Esq., #3585
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Brandon F. White, Esq.
Matthew C. Baltay, Esq.
Kalun Lee, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
(617) 832-7000 FAX

Date: January 31, 2006

SO ORDERED:

ENTER:

J.

Date: ~~January~~ Feb 2, 2006

**CERTIFICATE OF SERVICE**

TO:

Barry J. Kusinitz, Esq.
155 South Main Street
Suite 405
Providence, RI 02903

Samuel H. Rudman, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins
200 Broadhollow Road, Suite 406
Melville, NY 11747

I hereby certify that I served on the above-named counsel a copy of the within Agreed Upon Pretrial Order by mailing first class mail, postage prepaid, on the 31st day of January, 2006.

Melaine Losetto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>DECLARATION |

**ACKNOWLEDGMENT**

I, ______________________________, hereby state that my business address is ____________________ and my present employer (if different) is _______________.

I hereby state that I have carefully read and understand the Stipulation and Order Governing the Production and Exchange of Discovery Material applicable to this Action which was approved by the Court on ____________, 2006. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the District of Rhode Island for purposes of the enforcement of the Stipulation and Order. I further understand that failure to abide fully by the terms of the Stipulation and Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

______________________________
Signature

______________________________
Name

______________________________
Date