UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf Of Itself And All Others Similarly Situated, Plaintiff | ) | |
| v. | ) | C.A. No. 04-0306/ML **(Consolidated Action)** |
| KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNIGEN, AND PATRICK J. SPRATT, Defendants | ) | |

**DEFENDANTS' MOTION TO COMPEL**
**<u>FURTHER ANSWERS TO AN INTERROGATORY</u>**

Defendants KVH Industries, Inc. et al. move pursuant to FRCP 37(a) for an order directing plaintiffs to answer fully an interrogatory concerning the identity of four "confidential informants" showcased in plaintiff's Consolidated Complaint.

Defendants have in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Defendants file herewith a memorandum in support.

Brooks R. Magratten, Esq., #3585
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [fax]

Date: July 12, 2006

OF COUNSEL
Brandon F. White, Esq.
Matthew C. Baltay, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
(617) 832-7000 [fax]

Date: July 12, 2006

## CERTIFICATE OF SERVICE

TO:

Matthew F. Medeiros, Esq.
Little Medeiros Kinder Bulman
& Whitney, PC
72 Pine Street
Providence, RI 02903

Barry J. Kusinitz, Esq.
155 South Main Street
Suite 405
Providence, RI 02903

David A. Rosenfeld, Esq.
Samuel H. Rudman, Esq.
Russell J. Gunyan, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747

I hereby certify that I served on the above-named counsel a copy of the within Defendants' Motion To Compel Further Answers To An Interrogatory by mailing first class mail, postage prepaid, on the 12th day of July, 2006.

Melanie Gosetto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf Of Itself And All Others Similarly Situated, Plaintiff | ) | |
| v. | ) | C.A. No. 04-0306/ML **(Consolidated Action)** |
| KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNIGEN, AND PATRICK J. SPRATT, Defendants | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Defendants submit this memorandum in support of their motion pursuant to Fed. R. Civ. P. 37(a) for an order compelling plaintiffs to answer defendants' interrogatory concerning the identity of the four "confidential informants" showcased in plaintiffs' Consolidated Complaint. Defendants sought the identities of the confidential informants by interrogatory but plaintiffs refused to provide them. Defendants sent correspondence and then scheduled and held a Rule 37(a)(2) meet and confer conference with plaintiffs' counsel but plaintiffs still refused to disclose the information arguing that the identities of the confidential informants are protected attorney work product. Defendants disagree and, with no other recourse, reluctantly turn to the Court for relief.

## BACKGROUND FACTS

Plaintiffs, in their Consolidated Amended Class Action Complaint ("Consolidated Complaint"), allege that KVH and its CEO and CFO engaged in securities fraud. The alleged fraud is based almost entirely on a series of statements attributed to four un-named "confidential informants," CI 1 - CI 4, who purportedly told a story line of "aggressive channel stuffing," "bogus sales" and the like. See, e.g., Consolidated Compl. ¶¶42-48. Defendants moved to dismiss the Consolidated Complaint arguing, among other things, that the Consolidated Complaint hinged on the allegations of the four "confidential informants" but that insufficient information was provided concerning the informants and their allegations under the confidential source rule set down in In re Cabletron Sys., Inc., 311 F.3d 11, 29 (1st Cir. 2002).

Much of the attention at oral argument on defendants' motion to dismiss focused on the confidential informants. This Court repeatedly asked plaintiffs' counsel why the identity of the informants remained secret. See Transcript of Oral Argument, May 10, 2005, at 6, 25 (Transcript excerpts attached hereto at Ex. A) ("THE COURT: First question, Mr. Rudman, what's the big secret about the informants?"). Plaintiffs' counsel was unable to justify the secrecy other than to raise the specter of retaliation, which fell flat given that the witnesses are all former employees. Transcript, at 26 (Ex. A). The Court pressed the point and the following exchange took place:

> THE COURT: As a practical matter, if you had put their names in there, that would have taken away one of [Defendants'] arguments. If they're former employees, again I say what's the big secret.
>
> The first thing that happens if you prevail on this motion, I'm sure, is a request by the Defendants in this case for the identities of those individuals so they can mark them up for a depo. You know that's going to happen.

> MR. RUDMAN: I do.
>
> THE COURT: So what's the big secret today?
>
> . . . .
>
> THE COURT: You're not answering my question because --
>
> MR. RUDMAN: Mainly retaliatory --
>
> . . . .
>
> THE COURT: They don't work there anymore.
>
> MR. RUDMAN: Well, what our experience in the past has been -- and the Defendants will get the names if and when this case gets into discovery, and what will end up happening is that they will take their depositions and they'll find out what they said.

Transcript, at 26-27 (Ex. A). This Court subsequently granted in part and denied in part defendants' motion to dismiss and then set a discovery schedule.

On May 4, 2006, defendants propounded on plaintiffs KVH's First Set of Interrogatories to Plaintiffs. Interrogatory No. 1 asked plaintiffs to identify each of the confidential informants referenced at paragraphs 42-48 of the Consolidated Complaint and to identify all statements made by such witnesses.

On June 28, 2006, plaintiffs served their responses and objections to the interrogatories and simply refused to answer Interrogatory No. 1 on relevance and work product grounds. (Plaintiffs' Responses and Objections attached hereto at Ex. B).

After exchange of correspondence on the matter, counsel for the parties conducted a telephonic meet and confer pursuant to Rule 37(a)(2)(A) on June 30, 2006. The parties discussed the discoverability of the confidential informants without resolution. Counsel for plaintiffs affirmed its position that the identity of the confidential informants referenced in the Consolidated Complaint is protected work product and would not be disclosed. Counsel for defendants stated that a motion to compel would be necessary. Defendants now move the Court for an order compelling plaintiffs to respond to KVH's Interrogatory No. 1.

## ARGUMENT

**THE IDENTITIES OF PLAINTIFFS' "CONFIDENTIAL INFORMANTS" ARE RELEVANT AND NOT PRIVILEGED AND MUST BE DISCLOSED.**

Pursuant to the plain text of Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including . . . the identity and location of persons having knowledge of any discoverable matter." Here, there should be little question that the identities of the confidential informants, who lie at the core of plaintiffs' Consolidated Complaint, and what they have to say, are relevant to plaintiffs' claim of fraud and defendants' defense of lack thereof. Further, the identities of these witnesses are not privileged information. Accordingly, defendants' motion to compel should be granted.

### I. THE IDENTITIES OF THE CONFIDENTIAL INFORMANTS ARE RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE

Plaintiffs allege a broad story of fraud in their Consolidated Complaint and attribute the specifics to four "confidential informants." Defendants, in their answer, denied the allegations of fraud. Whether fraud took place lies at the heart of this case. Plaintiffs have already asserted in their open court filing, the Consolidated Complaint, that four individuals possess knowledge on the subject. The testimony of these four individuals, and their identity, is therefore unquestionably relevant to the claims and defenses in this case. See Rule 26(b)(1) (parties may discover any matter relevant to claim or defense including the identity and location of persons having knowledge of any discoverable matter); see also Miller v. Ventro Corp., No. 01-01287, 2004 WL 86202, at *2 (N.D. Cal. April 21, 2004)(ordering disclosure of identity of confidential witnesses: "Because Plaintiffs chose to build their complaint on a foundation of statements from the twenty-two CWs [confidential witnesses] the identities of those individuals are highly relevant and reasonably calculated to lead to discoverable evidence."); In re Aetna Inc. Sec.

Litig., No MDL-1219, 1999 WL 354527, at *2 (E .D. Pa. May 26, 1999) ("Defendants are entitled to the discovery of the name and address of those [confidential] persons described in the Second Amended Complaint. Such information is obviously 'relevant to the subject matter involved in the pending action' and is 'reasonably calculated to lead to the discovery of admissible evidence' [and] the interrogatories request 'the identity and location of persons having knowledge of any discoverable matter,' and as such fall squarely within Rule 26(b)(1).").

## II. THE IDENTITIES OF THE CONFIDENTIAL INFORMANTS ARE NOT PROTECTED WORK PRODUCT

Even though plaintiffs took the position when questioned by this Court at the motion to dismiss hearing that the identities of the confidential informants would be open to discovery, plaintiffs have now changed course and assert that the identities of the confidential informants are protected work product. Yet, the work product doctrine does not stretch that far. "The attorney work-product privilege first established in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), codified in Fed. R. Civ. P. Rule 26(b)(3) for civil discovery, protects from disclosure materials prepared by attorneys 'in anticipation of litigation.'" State of Maine v. U.S. Dep't of Interior, 298 F.3d 60, 67 (1st Cir. 2002). Courts acknowledge that the identity of witnesses knowledgeable of the facts alleged in the complaint is not protected from disclosure by the work product doctrine. See 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2023 (2d ed. 1994) (both before and after the amendment to Rule 26, "the courts [have] consistently held that the work product concept furnished no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he or she had learned such facts . . . .").

Courts have been called upon recently in securities cases to rule on whether the identity of confidential sources referenced in complaints must be disclosed during discovery. The

emerging trend, and the better-reasoned approach, requires disclosure. For example, in Miller, 2004 WL 86202, at *2, a securities class action, plaintiffs referenced a set of confidential witnesses in their complaint but refused to reveal their identities in discovery on work product grounds. Defendants moved to compel and the court granted the motion ruling that the identities of confidential witnesses referred to in the complaint were relevant, that the identification of such witnesses would not include documents created by counsel or otherwise reveal counsel's mental impressions or processes, and therefore were not protected by the work product doctrine. Id., at*2. See also Aetna Sec. Litig., 1999 WL 354527, at *2 (granting defendants' motion to compel disclosure of identity of confidential sources described in complaint ruling that such information is not work product); In re Theragenics Corp. Sec. Litig., 205 F.R.D. 631 (N.D. Ga. 2002)(same).[1]

These cases are indeed well-reasoned. Once plaintiffs announce in a complaint that certain specific individuals supposedly relayed a story of fraud, it is difficult to see what work product protection remains in the identity of those witnesses.

---

[1] In Aetna, the court noted that even if the identities of witnesses contained some element of work product, the level of work product would be minimal and disclosure of the identities of the witnesses would not include "mental impressions, conclusions, opinions, or legal theories of attorneys" as per Rule 26(b)(3) and thus the identities would nevertheless be discoverable due to defendants' substantial need to discover the information. Aetna, 1999 WL 354527, at *10-11. Two recent cases held that while the identities of such witnesses may contain some attorney work product, their identities must nevertheless be disclosed due to defendants' substantial need. In re: Priceline.com Sec. Litig., No. 00-01884, 2005 WL 1366450, at *3-4 (D. Conn. June 7, 2005) (ordering disclosure of identity of witnesses with whom plaintiffs had contact and referenced in complaint); Plumbers & Pipefitters Local 572 Pension Fund, No. 01-20418, 2005 WL 1459555, at *4-5 (N.D. Cal. June 21, 2005) (same).

## III. POLICY CONSIDERATIONS AND FAIRNESS MANDATE DISCLOSURE

Additionally, sound policy considerations mandate that plaintiffs disclose the identities of the confidential sources that they purport to quote from in their complaint. It would be fundamentally unfair and would contravene basic principles of openness, truth-finding and accountability to allow plaintiffs to file a complaint in open court with detailed accusations of fraud supposedly made by four "confidential informants" and then to allow the identity of those individuals to remain secret and shielded from discovery. As the Miller court noted, "[i]t would be unfair to permit Plaintiffs to rely so heavily on the CWs [confidential witnesses] in the complaint, yet to keep those identities from Defendants." Miller, 2004 WL 86202, at *2.[2]

Plaintiffs have been unable to articulate any reason why the confidential sources should remain secret. The best plaintiffs' counsel could do when asked by this Court was to say that they fear retaliation, a hollow justification considering the witnesses are all former employees. Plaintiffs' insistence on secrecy is puzzling. The Aetna court noted that plaintiffs' steadfast refusal to identify its confidential witnesses only "reinforced Defendants' suspicions that this case is not based on hard facts but rather on smoke and mirrors." Id., 1999 WL 354527, at *4. One is left to return to this Court's opening question: what is plaintiffs' big secret about the identities of the four "confidential" witnesses?

[2] The Aetna court also noted that requiring disclosure of the identities of confidential witnesses during discovery is consistent with the mandate of the Private Securities Litigation Reform Act and its underlying policy of preventing strike suits. Aetna, 1999 WL 354527, at *4.

**CONCLUSION**

The four confidential witnesses have already been identified as possessing core information regarding the claims made in this lawsuit. Plaintiffs' refusal to disclose their identities is unjustified. Defendants respectfully request that this Court order plaintiffs to answer KVH's Interrogatory No. 1 and disclose the identities and locations of the four confidential witnesses.

Respectfully submitted,

July 12, 2006

Brooks R. Magratten, Esq. (# 3585)
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

OF COUNSEL:
Brandon F. White, Esq.
Matthew C. Baltay, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 [FAX]

**CERTIFICATE OF SERVICE**

TO:

Matthew F. Medeiros, Esq.
Little Medeiros Kinder Bulman
& Whitney, PC
72 Pine Street
Providence, RI 02903

Barry J. Kusinitz, Esq.
155 South Main Street
Suite 405
Providence, RI 02903

David A. Rosenfeld, Esq.
Samuel H. Rudman, Esq.
Russell J. Gunyan, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747

I hereby certify that I served on the above-named counsel a copy of the within Defendants' Memorandum In Support Of Motion To Compel by mailing first class mail, postage prepaid, on the 12th day of July, 2006.

Melanie Sgatto

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * C.A. NO. 04-306ML
*
SEKUK GLOBAL ENTERPRISES, *
et al *
*
VS. * MAY 10, 2005
* 2:00 P.M.
KVH INDUSTRIES, INC., et al *
*
* * * * * * * * * * * * * * * * PROVIDENCE, RI

BEFORE THE HONORABLE MARY M. LISI,

DISTRICT JUDGE

(Plaintiffs' Motion to Strike and Defendants' Motion to Dismiss)

APPEARANCES:

FOR THE PLAINTIFFS: BARRY J. KUSINITZ, ESQ.
155 South Main Street, Suite 405
Providence, RI 02903

RUSSELL J. GUNYAN, ESQ.
SAM RUDMAN, ESQ.
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins
200 Broadhollow Road, Suite 406
Melville, NY 11747

FOR THE DEFENDANTS: BENJAMIN V. WHITE, III, ESQ.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

BRANDON F. WHITE, ESQ.
MATTHEW C. BALTAY, ESQ.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210

Court Reporter: Karen M. Zinni, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

Now, these are all found at paragraphs 42 to 48, and they consist of nothing more than Plaintiffs' counsels' reports of statements made by former KVH employees identified only as Confidential Informant 1, a shipping supervisor; Confidential Informant 2, a sales coordinator; Confidential Informant 3 --

THE COURT: Can I stop you there, Mr. White, and ask you a question. And, Mr. Rudman, you may want to make a note here. Have you figured out who these folks are?

MR. BRANDON WHITE: No, your Honor.

THE COURT: You haven't been able to figure out their names?

MR. BRANDON WHITE: No, your Honor.

THE COURT: Just hold it, Mr. Rudman, because I'm going to ask you that. What's the big secret?

MR. BRANDON WHITE: And Confidential Informant 4, described as a shipping and receiving clerk. Now, it is important to note --

THE COURT: Was there more than one person who occupied those positions at any time?

MR. BRANDON WHITE: Yes, your Honor. It's important to note when reviewing these anonymous allegations that there is no outside corroboration for any of them. For example, there are no statements from

quarter sales was a channel inventory adjustment by one of our major RV customers."

It's telling that when Plaintiffs quote this sentence two times in their brief, both times they leave out the phrase "RV." It's at page 12 and page 30.

It makes a difference. There's simply no pleading of any corrective disclosure about the A5 or its sales. So there's no pleading of loss causation, and the Complaint must be dismissed for that reason.

In the circumstances of this case, the Complaint should be dismissed with prejudice. Plaintiffs' counsel, the most experienced in the country, have been working on this Complaint for many months. They filed it, first of all, July 21st, 2004; and four months later on November 19th, 2004, they filed the Amended Complaint that we are now looking at.

After two attempts, Plaintiffs have still not particularized the fraud, have not pled particularized facts giving rise to a strong inference of scienter and have not set out loss causation. This is not because counsel does not know how to make optimal use of the facts. It's because there are no facts to make use of.

Allowing a third bite of the apple would only impose further expense and delay directly contrary to

the purposes of the Reform Act. There's no reason to think the Complaint's flaws can be cured. Plaintiffs' anonymous sources were simply not in a position to provide the kind of information that could be used in a revenue recognition securities fraud case.

For the same reason, these ex-employees could not link the individual Defendants to any alleged fraud, and the press release Plaintiffs have to rely on for loss causation is not going to change. It simply does not say what Plaintiffs would need it to say.

Plaintiffs have not proffered any additional facts which could cure these defects, and the facts they do have simply cannot be spun any harder; so the dismissal should be with prejudice.

THE COURT: First question, Mr. Rudman, what's the big secret about the informants?

MR. RUDMAN: It's not a big secret. First of all, good afternoon, your Honor.

THE COURT: Why aren't their names in the Complaint?

MR. RUDMAN: Because in our experience, your Honor -- well, first of all, our reading of the case law is that we're not required to reveal their names; but moreover, as a practical matter, we've learned in the course of --

THE COURT: As a practical matter, if you had put their names in there, that would have taken away one of Mr. White's arguments. If they're former employees, again I say what's the big secret?

The first thing that happens if you prevail on this motion, I'm sure, is a request by the Defendants in this case for the identities of those individuals so they can mark them up for a depo. You know that's going to happen.

MR. RUDMAN: I do.

THE COURT: So what's the big secret today?

MR. RUDMAN: The big secret is we generally do not provide the names because in our experience -- first of all, let me erase something. I believe the Defendants have a very good idea who these people are. KVH is not a very --

THE COURT: You're not answering my question because --

MR. RUDMAN: Mainly retaliatory --

THE COURT: -- you have to understand, I have an obligation to parse through your 80-something-page Complaint, make a determination as to whether under Rule 9 and the PSLRA you have adequately pled facts of a particularized nature which will survive the Defendants' motion to dismiss. It's a tall order.

I started the hearing off by saying that I'm painfully aware of the *Cabletron* situation because I dismissed that Complaint. I don't think yours is in much better shape than the *Cabletron* Complaint, although Mr. White seems to say that there are a couple of things in *Cabletron* that were not in your Complaint; but yours is pretty light on facts.

So I come back and I say to you, why, then, when you are so light on the facts do you not give me everything you've got? This is your best shot.

MR. RUDMAN: And, your Honor, with all due respect, we don't provide the names mainly for retaliation --

THE COURT: They don't work there anymore.

MR. RUDMAN: Well, what our experience in the past has been -- and the Defendants will get the names if and when this case gets into discovery, and what will end up happening is they will take their depositions and they'll find out what they said.

THE COURT: It would have been helpful to the Court to have a description of precisely what the job responsibilities of the individuals that are providing the information to you were so that I could then make an assessment as to whether or not the information they had was simply a repetition of rumor or whether it was

within their personal knowledge. That's not there either.

MR. RUDMAN: We could do that, your Honor.

THE COURT: Oh, I know you could. I'm asking you why you didn't.

MR. RUDMAN: Because we felt that the descriptions that were provided were adequate to sufficiently allege that the persons who had told us -- who had told us these facts were in a position of knowledge.

THE COURT: But you're thinking about it from your perspective because you sat down and talked to them. You've got to think about it from the Court's perspective. I don't know who they are. I don't know what they know. So there's that what I'll call a deficiency in your pleadings.

MR. RUDMAN: I appreciate that, your Honor. We can correct that if the Court wants because we certainly have more detail about that. I can tell you how I guide myself is by looking at my other cases and the precedents that have come before and that we pled this case, we believe, in line with what has been pled in other cases and found to be sufficient by this Court and by the Circuit Court.

THE COURT: Let's talk about scienter because

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306ML<br>**(Consolidated Action)**<br><br>CLASS ACTION |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT KVH INDUSTRIES, INC.'S FIRST SET OF INTERROGATORIES**

Lead Plaintiff Teamsters Affiliate Pension Plan ("TAPP") and Plaintiffs Irving S. and Judith Braun (the "Brauns," collectively with TAPP, the "Plaintiffs") hereby respond and object to Defendant KVH Industries, Inc. ("KVH") First Set of Interrogatories (the "Interrogatories") as follows. All responses contained herein are based upon information and documents presently known to Plaintiffs.

**GENERAL OBJECTIONS**

Plaintiffs generally object to the Interrogatories on the following grounds, each of which is incorporated by reference in the specific responses and objections below. All responses set forth herein are subject to and without waiver of any of these general objections.

1. Plaintiffs object to the Interrogatories to the extent that they impose obligations beyond those established by the Federal Rules of Civil Procedure and the Local Rules for the District of Rhode Island ("Local Rules").

2. Plaintiffs object to the Interrogatories to the extent that they request information protected by the attorney-client privilege, the work product doctrine, Rule 26(b)(3) of the Federal Rule of Civil Procedure, and/or any other applicable law, rule, privilege or immunity.

3. Plaintiffs object to the Interrogatories to the extent that they seek information that can be found in documents previously filed in this action, or that may be ascertained by Defendants with substantially the same burden as Plaintiffs.

4. Plaintiffs object to each Interrogatory to the extent it seeks information already in the possession of Defendants.

5. Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous or fail to describe the requested information with reasonable particularity.

6. Plaintiffs object to the Interrogatories to the extent that they seek information not relevant to issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to the interrogatories, Plaintiffs do not in any way waive or intend to waive, but rather intend to preserve and are preserving:

(a) all objections as to competency, relevancy, materiality, and admissibility of the requests, the responses and their subject matter;

(b) all objections as to vagueness, ambiguity, or other infirmity in the form of requests, and any objections based on the undue burden imposed by the requests and each individual request contained herein;

(c) all rights to object on any ground to any further document requests or other discovery requests involving or related to the subject matter of the requests;

(d) the right to supplement responses to the requests prior to trial; and

(e) any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure or other statutes, guidelines, or the common law.

8. Plaintiffs' decision to provide information or documents, notwithstanding the objectionable nature of any of the definitions or instructions, or of any of the interrogatories themselves, should not be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the general objections or the objections asserted in response to a specific request; or (c) an agreement that a request for similar responses in this or in any other related proceedings will be treated in a similar manner.

9. Plaintiffs specifically reserve the right to supplement their responses hereto.

**SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANT KVH INDUSTRIES, INC.'S FIRST SET OF INTERROGATORIES**

Interrogatory No. 1:

Identify each of the confidential informants, or "CIs," referenced in the Complaint at paragraphs 42-48 of the Complaint (hereinafter "Confidential Informants") and for each such person, identify all statements made by such person to plaintiffs and/or counsel for plaintiffs, identify all statements made to such person by plaintiffs and/or counsel for plaintiffs, and identify all documents memorializing or relating to such statements and/or the Confidential Informants.

Response to Interrogatory No. 1:

Plaintiffs incorporate the general objections stated above, as if set forth fully herein. Plaintiffs object to this Interrogatory to the extent that it seeks information not relevant to issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the extent it requests information protected by the attorney work product doctrine. Based on the foregoing objections, Plaintiffs are not responding to Interrogatory 1.

Interrogatory No. 2:

Identify each individual who supplied information for and/or participated in the preparation of the answers to these interrogatories.

Response to Interrogatory No. 2:

Plaintiffs incorporate the general objections stated above, as if set forth fully herein. Plaintiffs object to this Interrogatory to the extent that it seeks information not relevant to issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiffs object to this Interrogatory to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege, the

attorney work product doctrine, and/or other applicable privilege or immunity. Based on the foregoing objections, Plaintiffs are not responding to Interrogatory 2.

DATED: June 28, 2006

LAW FIRM OF BARRY J. KUSINITZ

Barry J Kusinitz /by R. Heyen w/permission

BARRY J. KUSINITZ (No. 1404)
155 South Main, Street, Suite 405
Providence, Rhode Island 02903
Telephone: 401/831-4200
401/831-7053 (fax)
Email: bkusinitz@bdglawyers.com

*Liaison Counsel*

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
RUSSELL J. GUNYAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

*Lead Counsel for Plaintiffs*

LAW OFFICES OF CURTIS V. TRINKO
CURTIS V. TRINKO
16 West 46th Street
New York, New York 10036
Telephone: 212/490-9550
212-986-0158 (fax)

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on the 28th day of June, 2006, the foregoing document was served via electronic mail notification and by first class mail, postage prepaid to the following counsel:

Matthew C. Baltay, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210-2600
617/832-1000
617/832-7000 (fax)
mbaltay@foleyhoag.com

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko
16 West 46th Street
New York, NY 10036
212/490-9550
212/986-0758 (fax)
ctrinko@trinko.com

Brooks R. Magratten, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
401/421-3060
401/272-6803 (fax)
bmagratten@vetterandwhite.com

Law Firm of Barry J. Kusinitz
Barry J. Kusinitz, Esq.
155 South Main Street, Suite 405
Providence, RI 02903
401/831-4200
401/831-7053 (fax)
bkusinitz@bdglawyers.com

Christine Stella
Christine Stella