UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306ML<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>OPPOSITION TO DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSE |

## I. PRELIMINARY STATEMENT

Lead Plaintiff Teamsters Affiliate Pension Plan ("TAPP") and Plaintiffs Irving S. and Judith Braun (collectively, the "Plaintiffs") respectfully submit this memorandum of law in opposition to Defendants KVH Industries, Inc., Martin A. Kits van Heyningen and Patrick J. Spratt's ("Defendants") motion to compel[1] Plaintiffs to reveal the identity of the confidential informants relied upon by Plaintiffs in their Consolidated Amended Complaint, dated November 19, 2004 (the "CAC"), to identify all statements made by such person to Plaintiffs and/or counsel for Plaintiffs, to identify all statements made to such person by Plaintiffs and/or counsel for Plaintiffs, and to identify all documents memorializing or relating to such statements and/or the confidential informants.

As detailed herein, Defendants' discovery requests seek information protected by the work product doctrine and, therefore, Defendants' motion should be denied in its entirety.[2]

## II. PROCEDURAL HISTORY

This is a federal securities class action brought on behalf of purchasers of KVH Industries, Inc. ("KVH" or the "Company") common stock for the period October 1, 2003 to July 2, 2004 alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The Court denied Defendants' motion to dismiss the CAC on August 11, 2005

---

[1] "Def. Mem. at __" refers to pages from Defendants' Memorandum in Support of Motion to Compel, dated July 12, 2006.

[2] Plaintiffs have been actively pursuing discovery from Defendants and are in the process of drafting a motion to compel against Defendants. To date, Defendants have merely produced approximately 4750 pages, the vast bulk of which are copies of public KVH filings and analyst reports on the Company. That motion is expected to be filed in the next week. Defendants want answers to all of their questions but are not willing to make any effort to produce documents that must exist.

and Plaintiffs' motion for class certification is fully briefed and is to be heard by the Court on September 14, 2006.[3]

The dispute presently before the Court concerns the CAC's allegations concerning Confidential Informants ("CIs"). In their first set of interrogatories and document requests, dated May 4, 2006, Defendants included the following interrogatory:

> 1. Identify each of the confidential informants, or "CIs", referenced in the Complaint at paragraphs 42-48 of the Complaint (hereinafter "Confidential Informants") and for each such person, identify all statements made by such person to plaintiffs and/or counsel for plaintiffs, identify all statements made to such person by plaintiffs and/or counsel for plaintiffs, and identify all documents memorializing or relating to such statements and/or the Confidential Informants.

(the "Interrogatory"). In response to the Interrogatory, Plaintiffs objected on the grounds that the information sought was protected by attorney work product doctrine as the information sought constituted research, thoughts, strategies and/or work performed by Plaintiffs' counsel in connection with this action. This motion followed.

## III. ARGUMENT

### A. The Attorney Work Product Doctrine Precludes the Disclosure of the Identities and Statements of the Confidential Informants Quoted or Relied On In the CAC

A determination as to whether the identity and statements by confidential informants is discoverable is dictated by the Federal Rules of Civil Procedure 26; *see In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 386-387 (S.D. Cal. 2002); *In re MTI Tech. Corp. Sec. Litig. II*, No. SACV 00-0745 DOC (ANx), 2002 U.S. Dist. LEXIS 13015 (C.D. Cal. June 14, 2002). Rule 26(a)(1)(A) specifically requires the disclosure of "the name and, if known, the address and telephone number of

---

[3] The Court should be aware that the parties have agreed to attempt to resolve this action through mediation and are presently scheduled to attend a mediation session before former federal District Court Judge Layn Phillips on August 23, 2006.

each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses."

Discovery under this rule is limited, however, by the work product doctrine. Under Rule 26(b)(3), the work product doctrine protects and shields all documents and materials prepared in anticipation of litigation from discovery.[4] Therefore, "although the identity and location of witnesses that may have knowledge of any discoverable matter is not protected, the identity of witnesses interviewed by opposing counsel is protected." *MTI*, 2002 U.S. Dist. LEXIS 13015, at *7-*8. In this regard, the identities of the confidential informants interviewed by Plaintiffs' counsel in preparation for the CAC, as well as the particular statements provided by each informant, are protected by the work product doctrine. *See Id.* at *8.

Defendants rely largely upon the holdings in *In re Aetna Inc. Sec. Litig.*, Civil Action MDL No. 1219, 1999 U.S. Dist. LEXIS 8038 (E.D. Pa. June 2, 1999) and *In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631 (N.D. Ga. 2002) to support their argument that Plaintiffs must identify the CIs. Def. Mem. at 5-6. *Aetna* and *Theragenics*, however, simply stand for the proposition that Plaintiffs are required to provide a list of names of individuals that maintain knowledge of the information supporting the allegations of the complaint because such a list does not constitute work product. *Aetna*, 1999 U.S. Dist. LEXIS 8038, at *7-8; *Theragenics*, 205 F.R.D. at 634. By contrast, here Defendants seek the precise identification of each confidential informant, along with express statements made by each informant to Plaintiffs or Plaintiffs' counsel, which is far more broad than the requests upheld in *Aetna* and *Theragenics*.

---

[4] "[I]nterviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible[s] and intangible[s]" are a few examples of materials protected by the work product doctrine. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Defendants reliance on *Miller v. Ventro Corp.*, No. C 01-01287 SBA (EDL), 2004 U.S. Dist. LEXIS 6913 (N.D. Cal. April 21, 2004) is likewise inapposite. Def. Mem. at 6-7. The court in *Miller* plainly states that it follows the logic of *Aetna* and *Theragenics* based on the limited reach of the interrogatory propounded by defendants in that case. As stated, here, the Interrogatory does not merely seek a broad sense of which individuals were relied upon or had knowledge of the allegations plead in the CAC. Instead, the Interrogatory seeks Plaintiffs' counsels' work product, in the form of precise identification of each confidential informant, their statements to and from Plaintiffs' counsel, and the documents relating to those statements. These items embody the research, thoughts, strategies and/or work performed by Plaintiffs' counsel in connection with the instant litigation. *See Commonwealth of Massachusetts, v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 152 (D. Mass. 1986) (court held that the identity of confidential witnesses interviewed by counsel is protected by work product); *see also MTI,* 2002 U.S. Dist. LEXIS 13015, at *18-19; (finding the identities of confidential witnesses were protected by the work-product doctrine). *Ashworth*, 213 F.R.D. at 388-389 (holding that the names of confidential witnesses described in the complaint were protected as work product); *Electronic Data Systems Corp. v. Fred G. Steingraber,* No. 4:02 CV 225, 2003 U.S. Dist. LEXIS 11816, at *6 (E.D. Tex. June 27, 2003) (concluding that the identity of witnesses interviewed is protected by work product and disclosure of such information would permit opposing counsel to infer which witnesses plaintiffs' counsel deems important).

In *MTI*, the court specifically declined to follow the holding in *Aetna* and, instead, reasoned that the "identification of individuals that are linked to very specific factual contentions in the [complaint] . . . would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with plaintiff's counsel's legal theories and conclusions as outlined in the complaint." *MTI*, 2002 U.S. Dist. LEXIS 13015, at *12. Courts have further warned that

requiring the precise identification of confidential informants in a securities fraud case would thwart future witnesses from revealing critical information out of fear of public disclosure. *See, e.g., In re CIGNA Corp. Sec. Litig.*, No. 02-8088, 2006 U.S. Dist. LEXIS 3864, at *10 (E.D. Pa. Feb. 1, 2006) ("The Court concludes that requiring specific identification of confidential sources . . . in a securities fraud case would chill informants from providing critical information which may end up being in the public eye.").

In this regard, Plaintiffs respectfully submit that they need not respond to the Interrogatory as it seeks information that is protected as work product.

**B. Neither Policy Considerations, Fairness, Nor the PSLRA Requires the Disclosure of Confidential Informants' Identities**

Defendants' argue that responses to the Interrogatory are required under policy considerations and fairness.[5] Not so. Courts have held, quite determinedly, that the disclosure of confidential informants' identities does ***not*** conform to policy considerations. *See MTI,* 2002 U.S. Dist. LEXIS 13015 at *11-12 (rejecting the *Aetna* court's finding that such disclosure is consistent with policy considerations, including the considerations underlying the PSLRA); *Ashworth*, 213 F.R.D. at 389 (rejecting both the holding in *Aetna* and in *Theragenics* and stating that the disclosure of the identity of a confidential informant would alter traditional discovery dynamic).[6]

---

[5] The argument bootstraps Defendants' initial argument – namely their reliance on *Aetna* and its progeny, as well as the misstated premise that the identities of confidential informant are not protected by work product. As explained, the holdings in *Aetna*, *Theragenics* and *Miller* are limited and are not to be construed as a general rule in support of trampling the work product privilege. *See, supra, p.* 3-5.

[6] Contrary to Defendants' contention, Def. Mem. at 7, fn. 2, in *MTI* and *Ashworth*, the courts specifically noted that while the PSLRA created a heightened pleading standard, it did not (and was not intended to be) a revision of the discovery process and rules. *MTI*, 2002 U.S. Dist. LEXIS 13015 at *15; *Ashworth*, 213 F.R.D. at 389 ("This Court [] finds it unreasonable to conclude that the PSLRA's goal of reducing discovery costs was intended to transform the traditional rules of discovery for securities fraud cases.").

In essence, policy considerations do not compel Plaintiffs to reveal the identities of the confidential informants referenced in the CAC. If anything, policy considerations and the rules of discovery would compel Plaintiffs to protect the identity of the confidential informants. Defendants' motion to compel Plaintiffs to respond the Interrogatory should, therefore, be denied.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully submitted that Defendants' motion to compel should be denied in its entirety.

DATED: July 31, 2006

BARRY J. KUSINITZ (No. 1404)
155 South Main, Street, Suite 405
Providence, Rhode Island 02903
Telephone: 401/831-4200
401/831-7053 (fax)

*Liaison Counsel*

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
RUSSELL J. GUNYAN
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

*Lead Counsel for Plaintiffs*

**Certification**

I hereby certify that I mailed the above, together with attached exhibits, to Brooks R. Magratten, Esq., Vetter & White, Incorporated, 20 Washington Place, Providence, RI 02903, and Brandon F. White, Esq., Foley Hoag, LLP, 155 Seaport Blvd., Boston, MA 02210, by regular mail, postage prepaid, on this 31st day of July, 2006.