UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SEKUK GLOBAL ENTERPRISES, On Behalf Of Itself And All Others Similarly Situated,

Plaintiff,

v.

KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,

Defendants.

Civil Action No. 04-306-ML
(CONSOLIDATED ACTION)

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL**

Defendants respectfully submit this reply memorandum in response to Plaintiffs' Opposition to Defendants' Motion to Compel Interrogatory Response ("Opposition" or "Opp.").

The issue here is simple. Plaintiffs attribute most of the allegations in their far-reaching story of fraud in their complaint to four un-named "confidential informants" ("CIs"). At the motion to dismiss hearing, Judge Lisi asked plaintiffs why they could not reveal the identities of the CIs to simplify matters. While plaintiffs were unable to justify the secrecy, they told the Court that they would reveal the identities of the CIs once the case entered discovery. Subsequently, defendants served an interrogatory seeking the identities of the CIs. Strangely, plaintiffs flat-out refuse to disclose this elementary information.

In their Opposition, plaintiffs do not deny that the identities of these witnesses are relevant to the claims in the case. Instead, plaintiffs refuse to disclose the identities of these

material witnesses on the ground that their very identities constitute work product. Plaintiffs conclusorily assert, without explanation, that the identities of these four witnesses are protected work product because they somehow "embody the research, thoughts, strategies and/or work performed by Plaintiffs' counsel in connection with the instant litigation." Opp. at 4. This conclusory assertion falls flat.

In fact, there is nothing about the identity of material witnesses that reveals an attorney's thought processes about his or her case. In re Aetna, Inc. Sec. Litig., No. 1219, 1999 U.S. Dist. LEXIS 8038, at *10 (E.D. Pa. June 1, 1999). Rather than refute this sound legal conclusion, plaintiffs instead confusingly attempt to distinguish the cases cited by defendants while latching on to a handful of cases that are either not on point or completely unpersuasive.

Plaintiffs' attempt to distinguish the cases cited by defendants fails. Plaintiffs assert that defendants' cases, including In re Aetna, In re Theragenics, and Miller v. Ventro, are inapposite because the interrogatories at issue in those cases were narrow in scope while the interrogatory before the Court today is supposedly qualitatively broader. This argument is based on a mischaracterization of the interrogatory now before this Court. Contrary to what plaintiffs insist, defendants do not ask for the content of any attorney notes of any statement made from witness to plaintiffs' counsel. All that defendants ask is that plaintiffs identify the CIs and the basic information that is traditionally contained in a privilege log.[1] Defendants' interrogatory is no

---

[1] For example, Defendants' interrogatory contains the following definition:

> "Identify", when used in connection with a statement, means to state (a) by whom the statement was made; (b) to whom the statement was made; (c) the medium pursuant to which the statement was made (e.g. letter, memorandum, email, power-point presentation, oral); and (d) when the statement was made.

See Defendant KVH Industries, Inc.'s First Set of Interrogatories to Plaintiffs. Nowhere does this definition ask plaintiffs to state the content of any statement.

different from those propounded in defendants' cases,[2] and the argument for disclosing the CIs' identities is just as strong.

The reasoning in the cases cited by defendants is sound. In re Aetna, for example, relied on a Third Circuit case, United States v. Amerada, 619 F.2d 980 (3d Cir. 1980), which enumerated a list of factors to consider when determining if the work product doctrine applies. See In re Aetna, 1999 U.S. Dist. LEXIS 8038, at *8-9. According to Amerada,

> application of the [work product] rule depends upon the nature of the document, the extent to which it may directly or indirectly reveal the attorney's mental processes, the likely reliability of its reflection of witness' statements, the degree of danger that it will convert the attorney from advocate to witness, and the degree of availability of the information from other sources.

Amerada, 619 F.2d at 987. The Amerada court, after applying these factors, concluded that a "list of interviewees is just that, a list" not protected by work product. Id. at 988 (directing enforcement of an IRS summons seeking production of names of persons interviewed by party's outside counsel during an internal investigation). A list of interviewees

> does not directly or indirectly reveal the mental processes of [appellant's] attorneys. It furnishes no information as to the content of any statement. There is no realistic possibility that its production will convert any member of the [appellant's] firm from advocate to witness. None of the policy reasons for protection of work product . . . applies.

Id. at 987-88. The court in In re Aetna applied these factors and agreed with this result, just as this reasoning applies to the instant case.

---

[2] See In re Aetna, 1999 U.S. Dist. LEXIS 8038, at *4 (ordering disclosure of the names of witnesses who formed the basis for allegations in specific paragraphs, as well as the names of people identified in complaints by job description); In re Theragenics Corp. Sec. Litig., 205 F.R.D. 631, 636 (N.D. Ga. 2002) (ordering disclosure of the names of individuals plaintiffs relied upon in making the allegations contained in the complaint); Miller v. Ventro, No. C 01-01287, 2004 U.S. Dist. LEXIS, at *7 (N.D. Ca. April 21, 2004) (ordering disclosure of the names of twenty-two CIs). Plaintiffs are incorrect that In re Aetna and In re Theragenics "simply stand for the proposition Plaintiffs are required to provide a list of names of individuals that maintain knowledge of the information supporting the allegations contained in the complaint."

Thus, plaintiffs are absolutely correct that "the holdings in Aetna, Theragenics, and Miller . . . are not to be construed as a general rule in support of trampling the work product privilege." See Opp. at 5 n.5. Defendants do not use these cases to "trample" the work product privilege. Instead, these cases simply stand for the idea that the work product privilege does not stretch nearly as far as plaintiffs insist. See In re Theragenics, 205 F.R.D. at 636 ("[T]he work product doctrine was not devised to protect all work by attorneys in the global sense.").

In contrast, plaintiffs' cases do not help them make their point. In re Cigna does not even discuss work product and thus sheds little light on the analysis here. See In re Cigna Corp. Sec. Litig., No. 02-8088, 2006 U.S. Dist. LEXIS 3864, at *3-11 (E.D. Pa. January 31, 2006) (finding that confidential informants should remain secret because "[t]hey are essential to the craft of espionage . . . solving gruesome murders . . . [and] led to the infamous Watergate scandal"). As lyrical as the Cigna opinion may be, this Court has already expressed skepticism that the identity of CIs should remain secret simply because they are CIs. See Defendants' Memorandum in Support of Motion to Compel, 2-3 ("[A]gain I say, what's the big secret?").

Neither First National Supermarkets, Inc. nor Electronic Data Systems Corporation are on point. The movants in these two cases sought lists of interviewees underlying defendants' investigations. See Massachusetts v. First Nat'l Supermarkets, Inc. 112 F.R.D. 149, 152 (D. Mass. 1986) (asking for the list of employees who defendants' attorneys interviewed during an internal investigation that occurred years before the lawsuit was filed); Elec. Data Sys. Corp. v. Steingraber, 4:02 CV 225, 2003 U.S. Dist. LEXIS 11816, at *3 (E.D. Texas June 27, 2003) (asking defendant to identify which witnesses it interviewed in its defense planning). Asking for the identification of interviewees underlying a complaint, however, is clearly different because defendants already have the key information, that is the allegations in the complaint, that already

tell the shape of the plaintiffs' litigation strategy. Once defendants know the nature of plaintiffs' claims, the mere identification of material witnesses tells defendants nothing new about plaintiffs' attorneys' thought processes. See Am. Floral Serv., Inc. v. Florists' Transworld Delivery Assoc., 107 F.R.D. 258, 261 (N.D. Ill. 1985) (requiring plaintiffs to reveal the names of two individuals it had interviewed because the identification of these individuals "reveals nothing other than the tautology that information [relating to the claims] is relevant to this lawsuit").

Plaintiffs' remaining two cases, In re MTI and its follower In re Ashworth, are ill-reasoned outliers. In re MTI seems to argue that the narrower the interrogatory, the stronger the argument that witness identities are protected. See In re MTI Tech. Corp. Sec. Litig. II, SACV 00-0745 DOC, 2002 U.S. LEXIS 13015, at *12 (C.D. Ca. June 13, 2002). As far as the work product doctrine is concerned, however, it is the extremely broad requests that might cause worry, if at all, that a litigation strategy might be revealed. See Am. Floral Serv., Inc., 107 F.R.D. at 261 (postulating that in an extreme case, revelation of too much information about too many interviewees could "teach the shape of the discovered party's case" like "the shape of a container teaches the shape of the gas within"). In re MTI misdirected concern about the work product doctrine at a very narrow interrogatory, one as narrow as defendants' interrogatory in this case, instead of at a broad interrogatory, and in doing so the opinion becomes an unreliable statement of the law. Ashworth does nothing but parrot the weak reasoning in MTI.

Plaintiffs have made no showing that revealing the names of the four CIs would provide insight into their attorneys' mental thought processes or litigation strategy. Aside from making the broad assertion that the names of the CIs are protected work product, plaintiffs are unable to argue, with any specificity, why. Such specificity is lacking from plaintiffs' Opposition because

none exists. Instead, one is left to wonder whether plaintiffs are hiding the names just for the sake of hiding them.

Respectfully submitted,

August 14, 2006

/s/ Brooks R. Magratten
Brooks R. Magratten (# 3585)
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]
bmagratten@vetterandwhite.com

OF COUNSEL:
Brandon F. White
Matthew C. Baltay
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 [FAX]

**CERTIFICATE OF SERVICE**

To:

Matthew F. Medeiros, Esq.
Little Medeiros Kinder Bulman
& Whitney, PC
72 Pine Street
Providence, RI 02903

David A. Rosenfeld, Esq.
Samuel H. Rudman, Esq.
Russell J. Gunyan, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747

Barry J. Kusinitz, Esq.
155 South Main Street
Suite 405
Providence, RI 02903

I hereby certify that I served on the above-named counsel a copy of the within reply memorandum by first class mail, postage prepaid, on the 14th day of August, 2006.

/s/ Brooks Magratten