*Execution Copy*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br><u>CLASS ACTION</u><br><br>STIPULATION OF SETTLEMENT |

This Stipulation of Settlement, dated as of July 26, 2007 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in §IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of itself and each of the Plaintiffs and Class Members); (ii) Defendant KVH Industries, Inc.; (iii) Defendant Martin A. Kits van Heyningen; and (iv) Defendant Patrick J. Spratt. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I. THE LITIGATION

On and after July 21, 2004, eight class action complaints were filed in the United States District Court for the District of Rhode Island (the "Court") on behalf of purchasers of KVH Industries, Inc. ("KVH" or the "Company") securities during a defined period of time.

These actions were consolidated for all purposes by an order entered October 25, 2004 and proceeded under case docket number 04-cv-00306-ML (D.R.I.). The consolidated actions are referred to herein collectively as the "Litigation." On October 26, 2004, the Court entered the parties' stipulation appointing Teamsters Affiliates Pension Plan as Lead Plaintiff, and approving its choice of Lead and Liaison Counsel.

The operative complaint in the Litigation is the Consolidated Amended Class Action Complaint for Violation of Federal Securities Laws (the "Complaint"), filed November 19, 2004. The Complaint alleges violations of §§11, 12 and 15 of the Securities Act of 1933, and §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of KVH securities during the period October 1, 2003 through July 2, 2004, inclusive. On August 11, 2005, the Court issued a Memorandum and Order on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, denying the motion in part and

granting it in part. Plaintiffs filed a motion for class certification on December 13, 2005. Defendants filed an opposition thereto on May 13, 2006. That motion remains pending.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Litigation. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that any Defendant issued a materially false or misleading statement or made a materially false or misleading omission, as alleged, that the prices of KVH securities were artificially inflated by reasons of any alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or any Members of the Class were harmed by the conduct alleged in the Complaint.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, counsel for the Lead Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Counsel for the Lead Plaintiff

also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Counsel for the Lead Plaintiff also are mindful of the inherent problems of proof under and possible defenses to the securities law claims asserted in the Litigation. Counsel for the Lead Plaintiff believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, counsel for the Lead Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Class.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff and the Plaintiffs (for themselves and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1. Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3 "Class", "Class Members" and "Members of the Class" mean all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased KVH securities between October 1, 2003 and July 2, 2004, inclusive, and who were allegedly damaged thereby. Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, officers and directors, heirs, successors or assigns of any such excluded party.

1.4 "Class Period" means the period commencing on October 1, 2003 through July 2, 2004, inclusive.

1.5 "Defendants" means KVH, Martin A. Kits Van Heyningen and Patrick J. Spratt.

1.6 "Effective Date" means the first date by which all of the conditions and events specified in ¶7.1 of the Stipulation have been met and have occurred.

1.7 "Escrow Agent" means the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.8 "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and reimbursement of expenses or any Plan of Allocation of the Settlement Fund, as hereinafter defined.

1.9 "Individual Defendants" means Martin A. Kits Van Heyningen and Patrick J. Spratt.

1.10 "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.11 "Lead Plaintiff" means Teamsters Affiliates Pension Plan.

1.12 "Person" means an individual, corporation, partnership, limited partnership, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.13 "Plaintiff's Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

1.14 "Plaintiff's Liaison Counsel" means Barry J. Kusinitz.

1.15 "Plaintiffs" means Teamsters Affiliates Pension Plan and Irving S. and Judith Braun.

1.16 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.17 "Related Parties" means each of a Defendant's past or present principals, directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, agents, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any individual defendant's immediate family, or any trust of which any individual defendant is the settlor or which is for the benefit of any Individual Defendant's family.

1.18 "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief

whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, foreseen or not foreseen, raised or not raised, matured or un-matured, at law or in equity whether direct, class or individual in nature, including both known claims and Unknown Claims (as defined in ¶1.22 hereof), (i) that have been asserted in the Litigation by Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties which (a) arise out of, relate in any way to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, or (b) arise out of or relate in any way to the defense or settlement of the Litigation (except for claims to enforce this settlement).

1.19 "Released Persons" means each and all of the Defendants and their Related Parties.

1.20 "Settlement Fund" means Five Million Dollars ($5,000,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon.

1.21 "Settling Parties" means, collectively, the Defendants and the Plaintiffs on behalf of themselves and the Members of the Class.

1.22 "Unknown Claims" means any and all claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or-it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members

shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, based upon any fact, act, statement or omissions or theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

2. **The Settlement**

a. **The Settlement Fund**

2.1 The principal amount of $5,000,000 in cash (the "Settlement Fund") shall be transferred to the Escrow Agent within fourteen (14) calendar days after the Defendants receive notice that the Court has entered the Notice Order (as defined in ¶3.1 hereof). If the Settlement Fund is not timely transferred to the Escrow Agent, the unpaid amount shall accrue interest at the three-month LIBOR rate plus one percent until paid.

b. **Other Settlement Consideration**

2.2 As additional consideration for the Settlement, KVH has agreed to adopt, formalize or reconfirm adherence as of the Effective Date to the following policies or practices, as the case may be, and will keep them in effect for at least three years:

Financial Reporting and Controls

2.2.1 The Company's CFO shall not have been employed by the Company's outside auditor firm during the prior five years.

2.2.2 The Company shall prepare annually for review by the Audit Committee an internal control report containing a statement of management's responsibility for establishing and maintaining adequate internal control over financial reporting for the Company; a statement identifying the framework used by management to evaluate the effectiveness of this internal control; and management's assessment of the effectiveness of this internal control as of the end of the Company's most recent fiscal year.

2.2.3 At each regularly scheduled Board meeting following quarter end, the Company's CFO shall provide a report as to the Company's financial condition and prospects, including but not limited to, a discussion of whether the Company can or will reach existing internally and externally circulating financial forecasts, all reasons for any material increases in expenses and liabilities and material decreases in revenues and earnings

including any modification or adjustment of reserve accounts or contingencies and management plans for ameliorating or reversing any negative trends and the success or failure of any presented in the past. This presentation will be preserved as part of the minutes of the meeting.

2.2.4 The CEO and CFO shall be responsible for implementing the Company's revenue recognition policy utilized throughout the Company, which must strictly conform to the requirements of GAAP as currently in effect or as amended. The policy shall be reviewed, discussed and approved by the Audit Committee. The CEO and CFO shall report to the Audit Committee annually (and at the time of any material change in policy) regarding the implementation and operation of this policy. The CEO and CFO shall ensure that the Company revenue recognition policy is distributed to each Company employee who records or reviews the recording of revenue. Any questions or disputes regarding that policy, or its application, shall be directed to the Company's CFO, who shall inform the CEO. The dispute and its resolution shall be documented and resolved.

<u>Auditing and the Audit Committee</u>

2.2.5 The Audit Committee shall comprise at least three independent directors. In selecting the members of the Audit Committee, the Board shall endeavor to ensure that each member of the Audit Committee satisfies the applicable independence, financial literacy and other requirements of the Nasdaq Stock Market, Inc., the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and any related rules and regulations. The Board shall endeavor to appoint at least one member of the Audit Committee who shall, in their opinion, qualify as a financial expert within the meaning of the Exchange Act. The Audit Committee shall meet periodically with the Company's outside auditor to review the Audit Committee's functions.

2.2.6 The members of the Audit Committee shall receive a retainer to be set by the Board. No member of the Audit Committee should have any compensation, direct or indirect, from the Company or any of its affiliates other than board and committee retainer fees. Audit Committee members should not be permitted to receive any fees or other remuneration from or through shareholders holding more than 1% interest in the Company.

2.2.7 The charter of the Audit Committee shall require the Audit Committee to meet with counsel at least semi-annually to review policies against any form of related party transactions, as well as to review compliance with reporting requirements relating to officer or director security transactions.

2.2.8 The CFO's performance and the absence of any conflicts or related party transactions shall be reviewed by the Audit Committee annually. The CFO shall complete a Director & Officer Questionnaire annually. The CFO shall not engage in any profit-making business activities outside the Company that relate to activities of the Company.

2.2.9 The Audit Committee shall have the authority to engage independent counsel and other advisors as it determines necessary to carry out its duties.

2.2.10 The Audit Committee shall review at least annually opportunities for enhancing public disclosures.

2.2.11 So long as the Company remains publicly-traded, the Company shall engage an independent auditing firm to perform an annual audit of its financial statements; a written report of the results of each annual audit, including any findings, opinions or recommendations by the independent auditor shall be provided to the CEO, the CFO and the Audit Committee of the Board for review and remedial action, if

necessary; and the Audit Committee shall recommend the engagement of the independent auditor, and the Committee shall actively review the performance and independence of the Company's independent auditors.

2.2.12 The Audit Committee shall approve all services to be provided by the Company's independent auditor pursuant to procedures set from time-to-time in the charter of the Audit Committee.

2.2.13 The Company's independent auditing firm shall be prohibited from: bookkeeping relating to the Company's accounting records and financial statements audited by the auditing firm; acting as a director, officer or employee of the Company, or performing any decision-making, supervisory, or ongoing monitoring function for the Company; acting as a broker-dealer, promoter or underwriter on behalf of the Company; and providing legal services to the Company; providing expert opinions or other expert services to the Company for the purpose of advocating the Company's interests in litigation, a regulatory or administrative proceeding or investigation.

2.2.14 The Company shall support and endorse the policies of its independent auditing firm to rotate the lead and concurring audit partners of the Company's audit engagement from time-to-time.

Corporate Ethics, Honesty and Legal Compliance

2.2.15 The Company shall provide a "hotline" for receiving, retaining, and treating employee complaints, and maintaining the confidentiality thereof, associated with accounting and internal auditing practices and illegal behavior.

**c. The Escrow Agent**

2.3 The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by

the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

2.4 The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.5 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.6 All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7 Within five (5) days after payment of the Settlement Fund to the Escrow Agent pursuant ¶2.1 hereof, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $100,000 from the Settlement Fund in it. The Notice and Administration Fund may be used by Plaintiff's Lead Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, and processing Proof of Claim and Release forms. The Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.3 of this Stipulation. Any portion of the Notice and Administration Fund that is not required to cover the said costs and expenses shall be paid back into the Settlement Fund.

**d. Taxes**

2.8 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In

addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c) All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their counsel or insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendants and their counsel and insurers shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund

shall indemnify and hold each of the Defendants and their counsel and insurers harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel or insurers are responsible nor shall they have any liability therefor. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

(d) For the purpose of this ¶2.8, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

**e. Termination of Settlement**

2.9 In the event that the Stipulation is not approved by the Court or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing in connection with the settlement shall be refunded pursuant to written instructions from Defendants' counsel.

**3. Notice Order and Settlement Hearing**

3.1 Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall move the Court for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the

preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the methodology and timing for opting-out of the settlement class, the general terms of the Fee and Expense Application as defined in ¶6.2 hereof and the date of the Settlement Hearing as defined below.

3.2 Plaintiff's Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") to certify a settlement class and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Plaintiff's Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4. Releases**

4.1 Upon the Effective Date, as defined in ¶1.6 hereof, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

4.2 The Proof of Claim and Release to be executed by each Class Member shall contain provisions indicating that the Class Member has released all Released Claims against the Released Persons, and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3 Upon the Effective Date, as defined in ¶1.6 hereof, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiff from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

**5. Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1 The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2 The Settlement Fund shall be applied as follows:

(a) to pay counsel to the plaintiff's attorneys' fees and expenses as and to the extent ordered by the Court (the "Fee and Expense Award") and the expenses of Lead Plaintiff, if and to the extent allowed by the Court;

(b) to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any, pursuant to ¶2.7 hereof;

(c) to pay the Taxes and Tax Expenses described in ¶2.8 hereof; and

(d) to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, and the Court.

5.3 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4 Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of

Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

5.5 Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release within ninety (90) days after the date of the mailing of the Notice, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Plaintiff's Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

5.6 The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiff's Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit charitable organization.

5.7 The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.8 Except as may otherwise be provided herein pertaining to recovery of attorneys' fees paid to Plaintiffs' Lead Counsel or counsel, no Person shall have any claim against Plaintiff's Lead Counsel or the Claims Administrator, or other Person designated by Plaintiff's Lead Counsel, or

Defendants or their counsel based on the distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6. Plaintiff's Lead Counsel's Attorneys' Fees and Reimbursement of Expenses.**

6.1 Plaintiff's Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Plaintiffs' counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Plaintiff's Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2 The fees and expenses, as awarded by the Court, shall be paid to Plaintiff's Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Plaintiff's Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Litigation. In the

event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then such of plaintiffs' counsel who have received any portion of the Fee and Expense Award shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders accept such payment subject to the obligation of each of them separately and/or jointly, to make any required repayment to the Settlement Fund as provided above and agree that each is subject to the continuing jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Without limitation, plaintiffs' counsel and their partners agree that the Court may, upon application of Defendants and notice to Plaintiff's Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firm or its partners and/or shareholders fail timely to repay fees and expenses pursuant to this ¶6.2.

6.3 Plaintiffs may submit to the Court an application for reimbursement of their time and expenses incurred in the prosecution of the Litigation.

6.4 The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Counsel for attorneys' fees and expenses, or the expenses of the Plaintiffs, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness

and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or the Plaintiffs' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.5 Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to plaintiffs' counsel over and above payment of the Settlement Fund.

6.6 Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) Defendants have timely made their contributions to the Settlement Fund as required by ¶2.1 hereof;

(b) Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(c) the Court has entered the Notice Order, as required by ¶3.1 hereof;

(d) the Court has certified a settlement class;

(e) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(f) the Judgment has become Final, as defined in ¶1.8 hereof;

(g) the final approval by the Rhode Island Superior Court of the settlement and entry of judgment in the derivative action entitled Mehrvar v. Martin A. Kits van Heyningen et al., 06-1199 (R.I. Superior Court);

(h) the dismissal of the pending appeal of the dismissal of the derivative action, entitled Ji v. Martin A. Kits van Heyningen et al., 06-2402 (1st Cir.).

7.2 Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiff's Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3 Defendants shall have the option to terminate the settlement in the event that Class Members who purchased more than a certain number of shares of KVH securities during the Class Period choose to exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff and Defendants.

7.4 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants, or Plaintiff's Lead Counsel to the Escrow Agent, subject to the terms of ¶2.9 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses, taxes and any costs which have been disbursed pursuant to ¶2.7 hereof, or are determined to be chargeable to the Class Notice and Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' counsel. At the request of counsel for the Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the

Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, at the written direction of counsel to the Defendants.

7.5 In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of May 1, 2007. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.22, 2.7, 2.8, 7.4-7.6 and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation, including, but not limited to, any certification of any settlement class, shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiff or any of Plaintiffs' counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6 If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof.

**8. Miscellaneous Provisions**

8.1 The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably neeessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2 The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are

contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3 Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7 The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶7.3) hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.8 Plaintiff's Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.9 Each Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10 The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.11 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Rhode Island, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

governed by, the internal, substantive laws of the State of Rhode Island without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have executed the Stipulation, dated as of ~~May~~ July 26, 2007.

**LEAD PLAINTIFF** (ON BEHALF OF ITSELF AND EACH OF THE PLAINTIFFS AND CLASS MEMBERS)

**TEAMSTERS AFFILIATES PENSION PLAN**

C. Thomas Keegel

By (print name):

Title:

**DEFENDANTS**

**KVH INDUSTRIES, INC.**

______________________________

By (print name):

Title:

**MARTIN A. KITS VAN HEYNINGEN**

______________________________

Martin A. Kits Van Heyningen

**PATRICK J. SPRATT**

______________________________

Patrick J. Spratt

346913.1

IN WITNESS WHEREOF, the parties hereto have executed the Stipulation, dated as of ~~April~~ July 26, 2007.

**LEAD PLAINTIFF** (ON BEHALF OF ITSELF AND EACH OF THE PLAINTIFFS AND CLASS MEMBERS)

**TEAMSTERS AFFILIATES PENSION PLAN**

______________________________

By (print name):

Title:

**DEFENDANTS**

**KVH INDUSTRIES, INC.**

______________________________

By (print name):

Title:

**MARTIN A. KITS VAN HEYNINGEN**

______________________________

Martin A. Kits Van Heyningen

**PATRICK J. SPRATT**

______________________________

Patrick J. Spratt

346913.1

IN WITNESS WHEREOF, the parties hereto have executed the Stipulation, dated as of ~~April~~ July 26, 2007.

**LEAD PLAINTIFF** (ON BEHALF OF ITSELF AND EACH OF THE PLAINTIFFS AND CLASS MEMBERS)

**TEAMSTERS AFFILIATES PENSION PLAN**

________________________________

By (print name):

Title:

**DEFENDANTS**

**KVH INDUSTRIES, INC.**

________________________________

By (print name):

Title:

**MARTIN A. KITS VAN HEYNINGEN**

________________________________

Martin A. Kits Van Heyningen

**PATRICK J. SPRATT**

________________________________

Patrick J. Spratt

346913.1

CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 27, 2007.

s/ Samuel H. Rudman

SAMUEL H. RUDMAN

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
E-mail: SRudman@lerachlaw.com

# Mailing Information for a Case 1:04-cv-00306-ML-DLM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Russell J. Gunyan**
  rgunyan@lerachlaw.com
- **Barry J. Kusinitz**
  bkusinitz@bdglawyers.com
- **Brooks R. Magratten**
  bmagratten@vetterandwhite.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com dcabral@lmkbw.com;jlussier@lmkbw.com
- **Samuel H. Rudman**
  srudman@lerachlaw.com
- **Benjamin V. White, III**
  bwhite@vetterandwhite.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Matthew C. Baltay**
Foley Hoag, LLP
155 Seaport Blvd.
Boston, MA 02210

**David A. Rosenfeld**
Lerach Coughlin Stoia Geller Rudman & Robbins
200 Broadhollow Road
Suite 406
Melville, NY 11747

**Brandon F. White**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

WHEREAS, a consolidated class action is pending in the Court entitled *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. CA-04-306L;

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of this action, in accordance with a Stipulation of Settlement dated July 26, 2007 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice as against the Settling Parties upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on ___________, 2007, at __:__ __.m., at the United States District Court for the District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate as to the Class and should be approved by the Court; whether a settlement class should be permanently certified, whether a Judgment as provided in ¶1.10 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs'

Lead Counsel and the Plaintiff. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Class of all Persons who purchased KVH Industries, Inc. securities during the period between October 1, 2003 and July 2, 2004, inclusive. Excluded from the Class are the Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of KVH, and the legal representatives, heirs, administrators, successors, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members pursuant to this Order.

4. With respect to the Class, this Court preliminarily finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6 and 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, CA 94901 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within ten (10) days of this Order, KVH shall provide the Claims Administrator with the Company's transfer records for the Class Period in a form and manner requested by the Claims Administrator;

(b) Not later than __________, 2007 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) Not later than _____________, 2007, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

(d) Not later than ____________, 2007, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

(e) Nominees who purchased the securities of KVH for the benefit of another Person during the period between October 1, 2003 and July 2, 2004, inclusive, shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of KVH securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to

the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7. Any Person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

8. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

9. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

10. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or

prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

12. Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff or the expenses (including lost wages) of the Plaintiffs incurred in prosecuting the Litigation; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel or the Lead Plaintiff, unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101 and Brandon F. White, Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210 on or before [60 days after date of mailing of Notice]________________; and said objections, papers and briefs are filed with the Clerk of the Court for the District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903, on or before [60 days after date of mailing of Notice]________________. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel or the Plaintiffs, unless otherwise ordered by the Court.

13. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All motions and papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees or reimbursement of expenses shall be filed and served on or before ________________.

16. All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and of administration.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: ______________________

______________________________
THE HONORABLE MARY M. LISI
UNITED STATES DISTRICT JUDGE

B3346936.2

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

***IF YOU PURCHASED KVH INDUSTRIES, INC. ("KVH" OR THE "COMPANY") SECURITIES BETWEEN OCTOBER 1, 2003 AND JULY 2, 2004, INCLUSIVE, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** KVH securities purchased between October 1, 2003 and July 2, 2004.

**Settlement Consideration:** $5,000,000 in cash plus the adoption, formalization or recommitment by KVH of corporate governance reforms and enhancements. Your cash recovery will depend on the amount and type of security purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share will be approximately $____ before deduction of Court-approved fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit acceptable Proofs of Claim.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed at trial. The parties disagree about: (1) the method for determining whether KVH securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) whether or the extent to which various facts alleged by Lead Plaintiff were materially false or in any way misleading; (4) the extent that various facts alleged by Lead Plaintiff influenced the trading price of KVH securities traded during the relevant period; and

(5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Counsel will ask the Court for attorneys' fees not to exceed ____% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $_______ to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share will be $____. Lead Counsel have not received any payment for their work investigating the facts, conducting this Litigation and negotiating this settlement on behalf of the Lead Plaintiff and the Class.

**Deadlines:**

Submit Claim: ______________________

Request Exclusion: ______________________

File Objection: ______________________

**Court Hearing on Fairness of Settlement:** _____________

**More Information:** www.gilardi.com or

| Claims Administrator: | Lead Counsel: |
| --- | --- |
| Claims Administrator<br>c/o Gilardi & Co. LLC<br>P.O. Box 8040<br>San Rafael, CA 94912-8040 | Rick Nelson<br>Shareholder Relations<br>Lerach Coughlin Stoia Geller<br>Rudman & Robbins LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 |

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
| --- | --- |
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants and the |

| | |
|---|---|
| | other Released Persons relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you don't like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why Did I Get This Notice Package?

You or someone in your family may have purchased KVH securities between October 1, 2003 and July 4, 2004, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Rhode Island, and the case is known as *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Case No. CA No. 04-306ML. The pension fund that sued is called the Lead Plaintiff, and the company and

the individuals it sued, KVH, Martin A. Kits Van Heyningen and Patrick J. Spratt are called the Defendants.

**2. What Is This Lawsuit About?**

KVH designs, manufactures and markets mobile satellite communications products for the automotive, recreational vehicle and marine markets, as well as navigation, guidance and stabilization products for defense markets.

This case was brought as a purported class action alleging that the Defendants misrepresented the market potential for its TracVision A5 antenna system, and materially overstated the Company's revenues and earnings by recognizing revenues for fictitious sales and for sales where the Company's revenue recognition policies were not met. Lead Plaintiff also alleged that the Defendants misrepresented the Company's declining defense product sales, which allowed the Company to conduct a secondary offering of KVH common stock. Lead Plaintiff alleges that as a result of these misrepresentations and omissions, KVH securities traded at artificially inflated prices during the Class Period, in violation of the federal securities laws. Defendants deny all of Lead Plaintiff's allegations or that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Class suffered damages or that the price of KVH securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3. Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff, Teamsters Affiliates Pension Plan and Plaintiffs Irving S. and Judith Braun) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge Mary M. Lisi is in charge of this class action.

**4. Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, these parties agreed to a settlement. That way, they avoid the cost of a trial, and eligible Class Members who make a valid claim will get compensation. The Lead Plaintiff and its attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

**5. How Do I Know if I Am Part of the Settlement?**

The Class includes ***all Persons who purchased KVH securities between October 1, 2003 and July 2, 2004, except those persons and entities that are excluded, as described below.***

**6. What Are the Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in Question 1, an entity in which any Defendant has or had a controlling interest, a director or officer of KVH, or a legal representative, heir, administrator, successor, or assign of any such excluded Person.

If you sold KVH securities between October 1, 2003 and July 2, 2004, that alone does not make you a Class Member. You are a Class Member only if you ***purchased*** KVH securities between October 1, 2003 and July 2, 2004.

**7. I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call Rick Nelson at 619/231-1058 for more information. Or you can fill out and return the claim form described in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8. What Does the Settlement Provide?

Defendants have agreed to pay $5,000,000 in cash to be divided among all eligible Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice. KVH has also agreed to adopt, formalize or reconfirm adherence to fifteen separate corporate governance terms, policies and practices and keep them in effect for at least three years, as detailed in the Stipulation of Settlement dated July 26, 2007.

### 9. How Much Will My Payment Be?

Your share of the cash portion of the Settlement will depend on the number of valid claim forms that Class Members send in and how many shares of stock you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

The payment you get will reflect your pro rata share after deduction of Court-approved fees and expenses. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average payment will be approximately $____ for each share before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Class Members send in a claim form, you could get more money.

In the event a Class Member has more than one purchase of KVH securities, all purchases, and any sales shall be matched on a first-in, first-out ("FIFO") basis, and Class Period sales will be matched first against any KVH securities held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of KVH securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a Claimant had a gain from his, her or its overall transactions in KVH securities during the Class Period, the value of the recognized claim will be zero.

**HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM**

**10. How Will I Get a Payment?**

To qualify for payment, you must be an eligible Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than __________.

**11. When Will I Get My Payment?**

The Court will hold a hearing on ________________, to decide whether to approve the settlement. If Judge Lisi approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12. What Am I Giving Up to Get a Payment or Stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13. How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. 04-306ML. You must include your name, address, telephone number, your signature, and the number and type of KVH securities you purchased between October 1, 2003 and July 2, 2004, the number of shares sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than ______________ to:

> *KVH Industries Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is ________________.

**15. If I Exclude Myself, Can I Get Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

**16. Do I Have a Lawyer in This Case?**

The Court asked the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed ________% of the Settlement Fund (an average of $____ per share) and for reimbursement of their out-of-pocket expenses up to $__________, which were advanced in connection with the Litigation. The Lead Plaintiff may also seek reimbursement for its expenses incurred in connection with its service as a Lead Plaintiff. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid for their services for conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and the corporate governance reforms and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**18. How Do I Tell the Court that I Don't Like the Settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. 04-306ML. Be sure to include your name, address, telephone number, your signature, the number and type of KVH securities purchased

and sold between October 1, 2003 and July 2, 2004, and the reasons you object to the settlement. Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than ____________:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
One Exchange Terrace, Federal Building and Courthouse
Providence, RI 02903

Counsel for Lead Plaintiff:

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

Counsel for Defendants:

FOLEY HOAG LLP
BRANDON F. WHITE
155 Seaport Boulevard
Boston, MA 02210

**19. What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object ***only if*** you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**20. When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a settlement hearing at ________ a.m., on ____________, at the United States District Court, District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Lisi will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel (assuming the settlement is approved). The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21. Do I Have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge Lisi may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22. May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. 04-306 ML. Be sure to include your name, address, telephone number, your signature, and the number and type of KVH securities purchased between October 1, 2003 and July 2, 2004. Your notice of intention to appear must be postmarked no later than ________________, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 23. What Happens if I Do Nothing at All?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## GETTING MORE INFORMATION

### 24. Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated July 26, 2007. You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or from the Clerk's Office at the United States District Court for the District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903 during regular business hours.

### 25. How Do I Get More Information?

You can call 619/231-1058 or write to Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit the Claims Administrator's website at www.gilardi.com.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

## SPECIAL NOTICE TO NOMINEES

If you hold any KVH securities purchased between October 1, 2003 and July 2, 2004 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC

P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: ________________, 2007

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

B3346938.2

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT A-2 |

## I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Class based on your claims in the action entitled *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. 04-306ML (the "Litigation"), you must complete and, on page 9 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the cash portion of the settlement of this Litigation.

3. **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE ____________, ADDRESSED AS FOLLOWS:**

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

4. If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

5. If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II. DEFINITIONS

1. "Defendants" means KVH, Martin A. Kits Van Heyningen and Patrick J. Spratt.

2. "KVH" means KVH Industries, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

3. "Individual Defendants" means Martin A. Kits Van Heyningen and Patrick J. Spratt.

4. "Released Persons" means each and all of the Defendants and their Related Parties (defined below).

## III. CLAIMANT IDENTIFICATION

1. If you purchased KVH securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased KVH securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of KVH securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE KVH SECURITIES UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in KVH Securities" to supply all required details of your transaction(s) in KVH securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to ***all*** of your purchases and ***all*** of your sales of KVH securities which took place at any time between October 1, 2003 and July 2, 2004, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the KVH securities you held at the beginning of trading on October 1, 2003. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of KVH securities. The date of a "short sale" is deemed to be the date of sale of KVH securities.

5. Copies of broker confirmations or other documentation of your transactions in KVH securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

*Sekuk Global Enterprises v. KVH Industries*
Civil Action No. 04-306ML

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:

______________

Please Type or Print

PART I: CLAIMANT IDENTIFICATION

________________________________________
Beneficial Owner's Name (First, Middle, Last)

________________________________________
Street Address

| | |
|---|---|
| ____________________ City | ____________________ State or Province |
| ____________________ Zip Code or Postal Code | ____________________ Country |

____________________
Social Security Number or
Taxpayer Identification Number

________ Individual

________ Corporation/Other

| | |
|---|---|
| ________ Area Code | ____________________ Telephone Number (work) |
| ________ Area Code | ____________________ Telephone Number (home) |

________________________________________
Record Owner's Name (if different from beneficial owner listed above)

PART II: SCHEDULE OF TRANSACTIONS IN KVH SECURITIES

A. Number and type of KVH securities held at the beginning of trading on October 1, 2003: _______

B. Purchases (October 1, 2003 – July 2, 2004, inclusive) of KVH securities:

| Trade Date Mo. Day Year | Type of Security | Number of Shares Purchased | Total Purchase Price |
|---|---|---|---|
| 1.___________ | 1.___________ | 1.___________ | 1.___________ |
| 2.___________ | 2.___________ | 2.___________ | 2.___________ |
| 3.___________ | 3.___________ | 3.___________ | 3.___________ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _______________________

C. Sales (October 1, 2003 – July 2, 2004, inclusive) of KVH securities:

| Trade Date Mo. Day Year | Type of Security | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1.___________ | 1.___________ | 1.___________ | 1.___________ |
| 2.___________ | 2.___________ | 2.___________ | 2.___________ |
| 3.___________ | 3.___________ | 3.___________ | 3.___________ |

D. Number and type of KVH securities held at the close of trading on July 2, 2004:

_______________________

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice of Pendency and Proposed Settlement of Class Action. I also submit to the jurisdiction of the United States District Court for the District of Rhode Island with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other KVH securities such as options) if requested to do so. I have not submitted any other claim covering the same purchases or sales of KVH securities during the Class Period and know of no other person having done so on my behalf.

## VI. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, insurers, agents, consultants, stockholders, co-insurers, reinsurers, attorneys, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

2. "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule

or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, foreseen or not foreseen, raised or not raised, matured or un-matured, at law or in equity whether direct, class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in the Litigation by Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties which (a) arise out of, relate in any way to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, or (b) arise out of or relate in any way to the defense or settlement of the Litigation (except for claims to enforce the settlement).

3. "Unknown Claims" means any and all claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, based upon any fact, act, statement or omissions or theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in KVH securities which occurred during the Class Period as well as the number of shares of KVH securities held by me (us) at the beginning of trading on October 1, 2003 and at the close of trading on July 2, 2004.

7. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

8. Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this________________ day of__________________
(Month/Year)

in ______________________________________________________
(City) (State/Country)

______________________________________________
(Sign your name here)

______________________________________________
(Type or print your name here)

______________________________________________
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated, Plaintiff, vs. KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT, Defendants. | Civil Action No. CA-04-306L **(Consolidated Action)** CLASS ACTION SUMMARY NOTICE EXHIBIT A-3 |

TO: ALL PERSONS WHO PURCHASED KVH INDUSTRIES, INC. ("KVH") SECURITIES BETWEEN OCTOBER 1, 2003 AND JULY 2, 2004, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of Rhode Island, a hearing will be held on ________________, at __:__ __.m., before the Honorable Mary M. Lisi, United States District Court, District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $5,000,000 in cash plus the adoption by KVH of corporate governance reforms should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated July 26, 2007; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Plaintiff's counsel and the Lead Plaintiff for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Litigation, together with interest thereon.

If you purchased securities of KVH between October 1, 2003 and July 2, 2004, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *KVH Industries Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release such that it is postmarked no later than _____________, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by ________________.

Any objection to the settlement must be filed with the Court no later than _______________ and ***received*** by the following no later than _______________:

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

Lead Counsel for plaintiffs

and

FOLEY HOAG LLP
BRANDON F. WHITE
155 Seaport Boulevard
Boston, MA 02210

Counsel for Defendants

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: __________________, 2007

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

B3346943.2

**EXHIBIT B**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

This matter came before the Court for hearing pursuant to an Order of this Court, dated ______________, 2007, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated July 26, 2007 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the settlement, including all Members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation, and all claims contained therein, including all of the Released Claims, are, hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Lead Plaintiff and the other Members of the Class that were or could have been asserted as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members and the Defendants. Accordingly, the settlement embodied in the

Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Class of all Persons who purchased KVH securities during the period between October 1, 2003 and July 2, 2004, inclusive. Excluded from the Class are the Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of KVH, and the legal representatives, heirs, administrators, successors, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

6. With respect to the Class, this Court finds for the purposes of effectuating this settlement that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

relinquished and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Persons in any court or tribunal asserting any Released Claim.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and their counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78U-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: ______________________

______________________________
THE HONORABLE MARY M. LISI
UNITED STATES DISTRICT JUDGE

B3346925.1