UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |

## I. PRELIMINARY STATEMENT

Lead Plaintiff submits this memorandum in support of its unopposed motion for an order granting preliminary approval of the proposed settlement of this securities class action, which provides for a settlement consisting of $5,000,000 in cash plus the agreement by KVH Industries, Inc. ("KVH" or the "Company") to adopt, formalize or reconfirm adherence to various corporate governance reforms and enhancements.

This Litigation involves claims against KVH and certain of its officers by investors in KVH securities during the period October 1, 2003 through and including July 2, 2004 (the "Class Period"). The complaints filed in the Litigation assert that during the Class Period, Defendants misrepresented the market potential for its TracVision A5 Antenna System, and materially overstated the Company's revenues and earnings by recognizing revenues for fictitious sales and for sales where the Company's revenue recognition policies were not met. Lead Plaintiff also alleged that the Defendants misrepresented the Company's declining defense product sales, which allowed the Company to conduct a secondary offering of KVH common stock. Lead Plaintiff alleged that as a result of these misrepresentations and omissions, KVH securities traded at artificially inflated prices during the Class Period, in violation of the federal securities laws. Defendants deny all of Lead Plaintiff's allegations or that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Class suffered damages or that the prices of KVH securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

By this motion, the parties seek preliminary approval of the settlement of the Litigation and in connection therewith entry of an order providing:

1. Certification of a Class for settlement purposes only;

2. Approval of the form of notice describing the terms of the settlement; Class Members' rights with respect thereto; the proposed release of claims against the Released Persons

and the Class; the proposed Plan of Allocation of settlement proceeds; the request for an award of attorneys' fees and expenses to Plaintiff's Lead Counsel and the Lead Plaintiff; and the procedures for filing Proofs of Claims; and

3. Setting the date for the hearing to consider final approval of the settlement and the foregoing matters.

The proposed cash settlement is a very good result under the circumstances present here.

For purposes of this motion for preliminary approval, the issue before the Court is whether the settlement is within the range of what ***might*** be approved as fair, reasonable and adequate in order to justify mailing and publishing notice of the settlement, and scheduling a final hearing. "'[W]hen the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected,' a presumption of fairness attaches to the court's determination." *In re Lupron (R) Mktg. & Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004) (citation omitted). The Court is not required at this point to make a final determination regarding the reasonableness of the settlement, and no Class Member's substantive rights will be prejudiced by preliminary approval.

Lead Plaintiff and Plaintiff's Lead Counsel are fully conversant with the strengths and weaknesses of this case, and thus can readily evaluate the risks associated with the continued litigation (including the very real risk of uncollectibility of a judgment), as well as the fairness of its resolution at this time. Lead Plaintiff submits that the proposed settlement is an outstanding result for, and is in the best interests of, the Class. The settlement was the result of arm's-length negotiations and warrants preliminary approval for purposes of notifying Class Members.

## II. OVERVIEW OF THE LITIGATION

Beginning on July 21, 2004, eight class action complaints were filed in the United States District Court for the District of Rhode Island (the "Court") on behalf of purchasers of KVH securities during a defined period of time. These actions were consolidated by an order entered October 26, 2004, and have proceeded under case docket number 04-cv-00306-ML (D.R.I.) (the "Litigation"). On October 27, 2004, the Court entered the parties' stipulation appointing Lead Plaintiff and approving its choice of Lead and Liaison Counsel.

The operative complaint in the Litigation is the Consolidated Amended Class Action Complaint for Violation of Federal Securities Laws (the "Complaint"), filed November 19, 2004. The Complaint alleges violations of §§11, 12 and 15 of the Securities Act of 1933, and §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of KVH securities during the period October 1, 2003 through July 2, 2004, inclusive. On August 11, 2005, the Court issued a Memorandum and Order on Defendants' Motion to Dismiss the Complaint, denying the motion in part and granting it in part. Plaintiffs filed a motion for class certification on December 13, 2005. Defendants filed an opposition thereto on May 15, 2006. That motion remains pending.

Lead Plaintiff believes that all the claims asserted in the Litigation are meritorious. However, Plaintiff's Lead Counsel recognize the expense and length of continued proceedings necessary to prosecute the claims against the Defendants through trial and appeal. Plaintiff's Lead Counsel are also mindful of the inherent problems of proving, and the possible defenses to, the violations asserted in the Complaint.

## III. THE PROPOSED STIPULATION OF SETTLEMENT AND PLAN OF ALLOCATION

The negotiations regarding resolution of the Litigation were hard fought and, at times, contentious. However, after substantial efforts by the parties, the parties were able to reach a

proposed settlement. That settlement consists of $5.0 million in cash and the adoption by KVH of corporate governance reforms and enhancements. This is a very good result for the Class under the circumstances.

In drafting the proposed Plan of Allocation of the settlement (set forth in the proposed notice to be sent to Class Members informing them of the terms of the settlement), Plaintiff's Lead Counsel took into account the impact on the price of KVH securities due to various statements made by Defendants, the portion of the price declines associated with those statements that were related to the actionable claims asserted in the Complaint, rather than the business prospects of the Company; and the legal standards applicable to the respective claims asserted in the action.

Accordingly, the proposed settlement and Plan of Allocation warrant preliminary approval by this Court so that Lead Plaintiff can inform the Class of their terms.

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. Fed. R. Civ. P. 23(e). At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a final determination as to whether the settlement is fair, reasonable and adequate under all of the circumstances surrounding the Litigation. Here, however, Lead Plaintiff requests only that the Court grant preliminary approval in order to authorize notifying Class Members of the terms of the settlement, and of their opportunity to be heard regarding the settlement at the hearing where final approval of the settlement will be considered.

The test for granting preliminary approval is whether the proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re NASDAQ Mkt.-Makers Antitrust Litig.*, MDL No. 1023, 1997 U.S. Dist. LEXIS

20835, at *24 (S.D.N.Y. Dec. 31, 1997) (quoting *In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984)). *See Manual for Complex Litigation* §21.632 (4th ed. 2004). Here the proposed settlement easily satisfies that standard.

The proposed settlement is an excellent result, and is well within the range of reasonableness. *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320 (E.D.N.Y. 1993) (approving settlement that was only 6% of the potential recovery). *See also Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."); *Teachers' Ret. Sys. v. A.C.L.N., Ltd.*, No. 01-CV-11814(MP), 2004 U.S. Dist. LEXIS 8608, at *15 (S.D.N.Y. May 14, 2004) (citing *Grinnell*, 495 F.2d at 455). *Accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992). Accordingly, preliminary approval of the $5.0 million settlement, which provides both a monetary and extensive non-monetary recovery, should be granted and notice to the Class Members permitted.

## V. A CLASS SHOULD BE CERTIFIED

In connection with granting preliminary approval of the settlement, the Court should also certify a Class in this action, defined as follows:

All Persons who purchased KVH securities between October 1, 2003 and July 2, 2004, inclusive, and who were allegedly damaged thereby. Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, and the legal representatives, officers and directors, heirs, successors or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

The courts routinely certify settlement classes in complex class actions arising under Rule 23 of the Federal Rules of Civil Procedure. Here, the proposed Class satisfies all the criteria for a class certification under Federal Rule of Civil Procedure 23(a) and (b). First, the claims of the Lead Plaintiff arise from purchases of KVH securities during the Class Period (as evident from certificates filed in connection with the motions for appointment of lead plaintiff), and thus are typical of the Class they seek to represent. Second, there are numerous Class Members, evident by the over 15 million KVH common shares that were available for trading during the Class Period. Third, the tenacity Plaintiff's Lead Counsel have demonstrated in achieving this settlement clearly evidences their ability to adequately represent the Class. Fourth, there are common questions concerning KVH's issuance of materially misleading statements and their inflationary impact on the price of KVH securities that predominate over any individual issues of law and fact.

## VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE

Federal Rule of Civil Procedure 23(e)(2) requires that class members receive notice of any proposed settlement before final approval by the court. *Manual for Complex Litigation*, *supra*, §21.633, at 321-22. Lead Plaintiff respectfully submits that the proposed notices, which are annexed as Exhibits A-1 and A-3 to the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, submitted herewith, are adequate. If approved by the Court, the notice in the form of Exhibit A-1, along with the Proof of Claim in the form of Exhibit A-2, will be sent by first-class mail to each Class Member identified from KVH's transfer records as purchasers of the securities during the Class Period. In addition, summary notice in the form of Exhibit A-3 will be published in *Investor's Business Daily* within seven (7) business days of the mailing of the notice.

As required by Federal Rule of Civil Procedure 23(c)(2) the notices will inform Class Members of the claims alleged in the action, the terms of the proposed settlement and their rights as Class Members to opt out or object to the settlement, or otherwise object to the Plan of Allocation

and/or the proposed attorneys' fees and expenses. *See Consol. Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.'"") (citation omitted). *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).

Lastly, as part of the preliminary approval of the settlement, Lead Plaintiff also respectfully requests the appointment of Gilardi & Co. LLC ("Gilardi") as Claims Administrator. As Claims Administrator, Gilardi will be responsible for, among other things, mailing the notice to the Class, publishing the summary notice, and reviewing, processing and paying claims. Gilardi has extensive experience in settlement administration and will adequately fulfill its duties in this case.

## VII. CONCLUSION

Lead Plaintiff requests approval of this unopposed motion for an order preliminarily approving the proposed settlement, directing notice be sent to all Class Members and summary notice to be published, and setting a hearing date for final approval.

DATED: August 31, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
RUSSELL J. GUNYAN

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

BARRY J. KUSINITZ (No. 1404)
155 South Main, Street, Suite 405
Providence, Rhode Island 02903
Telephone: 401/831-4200
401/831-7053 (fax)

Liaison Counsel

S:\Settlement\KVH.set\BRF PRELIM APPROVAL 00040797.doc

CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2007.

s/ Samuel H. Rudman

SAMUEL H. RUDMAN

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
E-mail: SRudman@lerachlaw.com

# Mailing Information for a Case 1:04-cv-00306-ML-DLM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Russell J. Gunyan**
  rgunyan@lerachlaw.com
- **Barry J. Kusinitz**
  bkusinitz@bdglawyers.com
- **Brooks R. Magratten**
  bmagratten@vetterandwhite.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com dcabral@lmkbw.com;kocteau@lmkbw.com
- **Samuel H. Rudman**
  srudman@lerachlaw.com
- **Benjamin V. White, lll**
  bwhite@vetterandwhite.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Matthew C. Baltay**
Foley Hoag, LLP
155 Seaport Blvd.
Boston, MA 02210

**David A. Rosenfeld**
Lerach Coughlin Stoia Geller Rudman & Robbins
200 Broadhollow Road
Suite 406
Melville, NY 11747

**Ellen Gusikoff Stewart**
Geller Rudman Robbins
655 West Broadway
Suite 1900
San Diego, CA 92101-8498

**Brandon F. White**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210