UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated class action is pending in the Court entitled *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. CA-04-306L;

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of this action, in accordance with a Stipulation of Settlement dated July 26, 2007 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice as against the Settling Parties upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on January 25, 2008, at 10:00 a.m., at the United States District Court for the District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate as to the Class and should be approved by the Court; whether a settlement class should be permanently certified, whether a Judgment as provided in ¶1.10 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel

and the Plaintiff. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Class of all Persons who purchased KVH Industries, Inc. securities during the period between October 1, 2003 and July 2, 2004, inclusive. Excluded from the Class are the Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of KVH, and the legal representatives, heirs, administrators, successors, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members pursuant to this Order.

4. With respect to the Class, this Court preliminarily finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6 and 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, CA 94901 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within ten (10) days of this Order, KVH shall provide the Claims Administrator with the Company's transfer records for the Class Period in a form and manner requested by the Claims Administrator;

(b) Not later than September 24, 2007 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) Not later than October 1, 2007, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

(d) Not later than January 11, 2008, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

(e) Nominees who purchased the securities of KVH for the benefit of another Person during the period between October 1, 2003 and July 2, 2004, inclusive, shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of KVH securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to

the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7. Any Person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

8. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

9. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

10. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or

prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

12. Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff or the expenses (including lost wages) of the Plaintiffs incurred in prosecuting the Litigation; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel or the Lead Plaintiff, unless written objections and copies of any papers and briefs are postmarked and mailed to Ellen Gusikoff Stewart, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Brandon F. White, Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210 on or before December 31, 2007; and said objections, papers and briefs are postmarked and mailed to the Claims Administrator, Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, on or before December 31, 2007. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel or the Plaintiffs, unless otherwise ordered by the Court.

13. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a

Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All motions and papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees or reimbursement of expenses shall be filed and served on or before January 11, 2008.

16. All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and of administration.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: September 7

Mary M. Lisi
THE HONORABLE MARY M. LISI
UNITED STATES DISTRICT JUDGE

S:\Settlement\KVH.set\(v2) [Proposed] Order.DOC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

***IF YOU PURCHASED KVH INDUSTRIES, INC. ("KVH" OR THE "COMPANY") SECURITIES BETWEEN OCTOBER 1, 2003 AND JULY 2, 2004, INCLUSIVE, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** KVH securities purchased between October 1, 2003 and July 2, 2004.

**Settlement Consideration:** $5,000,000 in cash plus the adoption, formalization or recommitment by KVH of corporate governance reforms and enhancements. Your cash recovery will depend on the amount and type of security purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share will be approximately $0.21 before deduction of Court-approved fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit acceptable Proofs of Claim.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed at trial. The parties disagree about: (1) the method for determining whether KVH securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) whether or the extent to which various facts alleged by Lead Plaintiff were materially false or in any way misleading; (4) the extent that various facts alleged by Lead Plaintiff influenced the trading price of KVH securities traded during the relevant period; and

(5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $180,000.00 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share will be $0.06. Lead Counsel have not received any payment for their work investigating the facts, conducting this Litigation and negotiating this settlement on behalf of the Lead Plaintiff and the Class.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | December 31, 2007 |
| Request Exclusion: | December 31, 2007 |
| File Objection: | December 31, 2007 |

**Court Hearing on Fairness of Settlement:** January 25, 2008

**More Information:** www.gilardi.com or

Claims Administrator:

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Lead Counsel:

Rick Nelson
Shareholder Relations
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants and the |

| | |
|---|---|
| | other Released Persons relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you don't like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why Did I Get This Notice Package?

You or someone in your family may have purchased KVH securities between October 1, 2003 and July 4, 2004, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Rhode Island, and the case is known as *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Case No. CA No. 04-306ML. The pension fund that sued is called the Lead Plaintiff, and the company and

the individuals it sued, KVH, Martin A. Kits Van Heyningen and Patrick J. Spratt are called the Defendants.

**2. What Is This Lawsuit About?**

KVH designs, manufactures and markets mobile satellite communications products for the automotive, recreational vehicle and marine markets, as well as navigation, guidance and stabilization products for defense markets.

This case was brought as a purported class action alleging that the Defendants misrepresented the market potential for its TracVision A5 antenna system, and materially overstated the Company's revenues and earnings by recognizing revenues for fictitious sales and for sales where the Company's revenue recognition policies were not met. Lead Plaintiff also alleged that the Defendants misrepresented the Company's declining defense product sales, which allowed the Company to conduct a secondary offering of KVH common stock. Lead Plaintiff alleges that as a result of these misrepresentations and omissions, KVH securities traded at artificially inflated prices during the Class Period, in violation of the federal securities laws. Defendants deny all of Lead Plaintiff's allegations or that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Class suffered damages or that the price of KVH securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3. Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff, Teamsters Affiliates Pension Plan and Plaintiffs Irving S. and Judith Braun) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge Mary M. Lisi is in charge of this class action.

**4. Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, these parties agreed to a settlement. That way, they avoid the cost of a trial, and eligible Class Members who make a valid claim will get compensation. The Lead Plaintiff and its attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

**5. How Do I Know if I Am Part of the Settlement?**

The Class includes ***all Persons who purchased KVH securities between October 1, 2003 and July 2, 2004, except those persons and entities that are excluded, as described below.***

**6. What Are the Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in Question 1, an entity in which any Defendant has or had a controlling interest, a director or officer of KVH, or a legal representative, heir, administrator, successor, or assign of any such excluded Person.

If you sold KVH securities between October 1, 2003 and July 2, 2004, that alone does not make you a Class Member. You are a Class Member only if you ***purchased*** KVH securities between October 1, 2003 and July 2, 2004.

**7. I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call Rick Nelson at 619/231-1058 for more information. Or you can fill out and return the claim form described in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8. What Does the Settlement Provide?

Defendants have agreed to pay $5,000,000 in cash to be divided among all eligible Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice. KVH has also agreed to adopt, formalize or reconfirm adherence to fifteen separate corporate governance terms, policies and practices and keep them in effect for at least three years, as detailed in the Stipulation of Settlement dated July 26, 2007.

### 9. How Much Will My Payment Be?

Your share of the cash portion of the Settlement will depend on the number of valid claim forms that Class Members send in and how many shares of stock you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

The payment you get will reflect your pro rata share after deduction of Court-approved fees and expenses. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average payment will be approximately $0.21 for each share before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Class Members send in a claim form, you could get more money.

In the event a Class Member has more than one purchase of KVH securities, all purchases, and any sales shall be matched on a first-in, first-out ("FIFO") basis, and Class Period sales will be matched first against any KVH securities held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of KVH securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a Claimant had a gain from his, her or its overall transactions in KVH securities during the Class Period, the value of the recognized claim will be zero.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10. How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than December 31, 2007.

### 11. When Will I Get My Payment?

The Court will hold a hearing on January 25, 2008, at 10:00 a.m., to decide whether to approve the settlement. If Judge Lisi approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

### 12. What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13. How Do I Get Out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. 04-306ML. You must include your name, address, telephone number, your signature, and the number and type of KVH securities you purchased between October 1, 2003 and July 2, 2004, the number of shares sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than December 31, 2007, to:

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is December 31, 2007.

### 15. If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The Court asked the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund (an average of $0.05 per share) and for reimbursement of their out-of-pocket expenses up to $180,000.00, which were advanced in connection with the Litigation. The Lead Plaintiff may also seek reimbursement for its expenses incurred in connection with its service as a Lead Plaintiff. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid for their services for conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and the corporate governance reforms and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**18. How Do I Tell the Court that I Don't Like the Settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. 04-306ML. Be sure to include your name, address, telephone number, your signature, the number and type of KVH securities purchased

and sold between October 1, 2003 and July 2, 2004, and the reasons you object to the settlement. Any objection to the settlement must be postmarked and mailed to each of the following no later than December 31, 2007.

*Court:*

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co.
P.O. Box 8040
San Rafael, CA 94912-8040

Counsel for Lead Plaintiff:

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

Counsel for Defendants:

FOLEY HOAG LLP
BRANDON F. WHITE
155 Seaport Boulevard
Boston, MA 02210

**19. What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object ***only if*** you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**20. When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a settlement hearing at 10:00 a.m., on January 25, 2008, at the United States District Court, District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Lisi will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel (assuming the settlement is approved). The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take. Please check the Claims Administrator's website, www.gilardi.com, to confirm the time and date of the settlement hearing.

**21. Do I Have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge Lisi may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22. May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. 04-306 ML. Be sure to include your name, address, telephone number, your signature, and the number and type of KVH securities purchased between October 1, 2003 and July 2, 2004. Your notice of intention to appear must be postmarked no later than December 31, 2007, and be sent to the Claims Administrator, Lead Counsel, and Defendants' counsel, at the addresses listed in Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 23. What Happens if I Do Nothing at All?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## GETTING MORE INFORMATION

### 24. Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated July 26, 2007. You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or from the Clerk's Office at the United States District Court for the District of Rhode Island, www.rid.uscourts.gov, or One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903, during regular business hours.

### 25. How Do I Get More Information?

You can call 619/231-1058 or write to Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit the Claims Administrator's website at www.gilardi.com.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

## SPECIAL NOTICE TO NOMINEES

If you hold any KVH securities purchased between October 1, 2003 and July 2, 2004 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC

P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: 9/7, 2007

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

S:\Settlement\KVH.set\(v2) Exhibit A-1.DOC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT A-2 |

## I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Class based on your claims in the action entitled *Sekuk Global Enterprises v. KVH Industries, Inc., et al.,* Civil Action No. 04-306ML (the "Litigation"), you must complete and, on page 9 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the cash portion of the settlement of this Litigation.

3. **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE DECEMBER 31, 2007, ADDRESSED AS FOLLOWS:**

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

4. If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

5. If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II. DEFINITIONS

1. "Defendants" means KVH, Martin A. Kits Van Heyningen and Patrick J. Spratt.

2. "KVH" means KVH Industries, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

3. "Individual Defendants" means Martin A. Kits Van Heyningen and Patrick J. Spratt.

4. "Released Persons" means each and all of the Defendants and their Related Parties (defined below).

## III. CLAIMANT IDENTIFICATION

1. If you purchased KVH securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased KVH securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of KVH securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE KVH SECURITIES UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in KVH Securities" to supply all required details of your transaction(s) in KVH securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to ***all*** of your purchases and ***all*** of your sales of KVH securities which took place at any time between October 1, 2003 and July 2, 2004, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the KVH securities you held at the beginning of trading on October 1, 2003. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of KVH securities. The date of a "short sale" is deemed to be the date of sale of KVH securities.

5. Copies of broker confirmations or other documentation of your transactions in KVH securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

*Sekuk Global Enterprises v. KVH Industries*
Civil Action No. 04-306ML

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:
December 31, 2007

Please Type or Print

PART I: CLAIMANT IDENTIFICATION

______________________________________________
Beneficial Owner's Name (First, Middle, Last)

______________________________________________
Street Address

______________________ ______________________
City State or Province

______________________ ______________________
Zip Code or Postal Code Country

______________________ __________ Individual
Social Security Number or
Taxpayer Identification Number __________ Corporation/Other

__________ ______________________
Area Code Telephone Number (work)

__________ ______________________
Area Code Telephone Number (home)

______________________________________________
Record Owner's Name (if different from beneficial owner listed above)

PART II: SCHEDULE OF TRANSACTIONS IN KVH SECURITIES

A. Number and type of KVH securities held at the beginning of trading on October 1, 2003: _______

B. Purchases (October 1, 2003 – July 2, 2004, inclusive) of KVH securities:

| Trade Date<br>Mo. Day Year | Type of Security | Number of<br>Shares Purchased | Total Purchase<br>Price |
|---|---|---|---|
| 1.___________ | 1.___________ | 1.___________ | 1.___________ |
| 2.___________ | 2.___________ | 2.___________ | 2.___________ |
| 3.___________ | 3.___________ | 3.___________ | 3.___________ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": ______________________

C. Sales (October 1, 2003 – July 2, 2004, inclusive) of KVH securities:

| Trade Date<br>Mo. Day Year | Type of Security | Number of<br>Shares Sold | Total Sales Price |
|---|---|---|---|
| 1.___________ | 1.___________ | 1.___________ | 1.___________ |
| 2.___________ | 2.___________ | 2.___________ | 2.___________ |
| 3.___________ | 3.___________ | 3.___________ | 3.___________ |

D. Number and type of KVH securities held at the close of trading on July 2, 2004:

______________________

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice of Pendency and Proposed Settlement of Class Action. I also submit to the jurisdiction of the United States District Court for the District of Rhode Island with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other KVH securities such as options) if requested to do so. I have not submitted any other claim covering the same purchases or sales of KVH securities during the Class Period and know of no other person having done so on my behalf.

## VI. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, insurers, agents, consultants, stockholders, co-insurers, reinsurers, attorneys, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

2. "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule

or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, foreseen or not foreseen, raised or not raised, matured or un-matured, at law or in equity whether direct, class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in the Litigation by Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties which (a) arise out of, relate in any way to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, or (b) arise out of or relate in any way to the defense or settlement of the Litigation (except for claims to enforce the settlement).

3. "Unknown Claims" means any and all claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, based upon any fact, act, statement or omissions or theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in KVH securities which occurred during the Class Period as well as the number of shares of KVH securities held by me (us) at the beginning of trading on October 1, 2003 and at the close of trading on July 2, 2004.

7. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

8. Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_______________ day of_________________
(Month/Year)

in ____________________________________________
(City) (State/Country)

______________________________________
(Sign your name here)

______________________________________
(Type or print your name here)

______________________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.

B3346942.1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>SUMMARY NOTICE<br><br>EXHIBIT A-3 |

TO: ALL PERSONS WHO PURCHASED KVH INDUSTRIES, INC. ("KVH") SECURITIES BETWEEN OCTOBER 1, 2003 AND JULY 2, 2004, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of Rhode Island, a hearing will be held on January 25, 2008, at 10:00 a.m., before the Honorable Mary M. Lisi, United States District Court, District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $5,000,000 in cash plus the adoption by KVH of corporate governance reforms should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated July 26, 2007; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Plaintiff's counsel and the Lead Plaintiff for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Litigation, together with interest thereon.

If you purchased securities of KVH between October 1, 2003 and July 2, 2004, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *KVH Industries Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release such that it is postmarked no later than December 31, 2007, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by December 31, 2007.

Any objection to the settlement must be postmarked and mailed to the Claims Administrator at the above address no later than December 31, 2007, and postmarked and mailed to the following no later than December 31, 2007.

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

Lead Counsel for plaintiffs

and

FOLEY HOAG LLP
BRANDON F. WHITE
155 Seaport Boulevard
Boston, MA 02210

Counsel for Defendants

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: 9/7, 2007

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

S:\Settlement\KVH.set\(v2) Exhibit A-3.DOC