UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION<br><br>DECLARATION OF CAROLE K. SYLVESTER RE A) MAILING OF THE NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, AND THE PROOF OF CLAIM AND RELEASE FORM, AND B) PUBLICATION OF THE SUMMARY NOTICE |

I, Carole K. Sylvester, declare:

## THE NOTICE AND PROOF OF CLAIM AND RELEASE

1. I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the publication of the Summary Notice. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am employed by Gilardi & Co. LLC, located at 3301 Kerner Blvd., San Rafael, California. My firm was retained as the Claims Administrator in this matter. I oversaw the notice services Gilardi provided in accordance with the Order Preliminarily Approving Settlement and Providing for Notice (the "Order") that was filed with the Court in this matter. True and correct copies of the Notice and the Proof of Claim are attached hereto as Exhibits A and B respectively. The Notice and Proof of Claim were in the form approved by the Court.

## MAILING OF THE NOTICE

3. On or before September 24, 2007, I caused 33 address labels prepared from listings provided by the transfer agent for KVH Industries, Inc. ("KVH") to be affixed to envelopes containing the Notice and Proof of Claim form ("Claim Package"). These address labels reflected the names and addresses of all persons that purchased KVH securities between October 1, 2003 and July 2, 2004. I thereafter caused all of the envelopes to be posted for first-class mail and delivered on September 24, 2007 to the United States Post Office located in Santa Rosa, California. The total number of Claim Packages mailed on September 24, 2007 to those members of the class was 33.

4. Our firm, as a part of its normal procedure, sends a cover letter with the claim package to a list of 81 entities (most of which are major brokerage houses) which commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers of the securities. The letter advises the nominees of the pending action and requests their cooperation in forwarding the claim package to the beneficiary. A copy of the letter dated September 25, 2007, sent to nominees and brokerage houses in this case, is attached hereto as Exhibit C.

5. My firm has acted as a repository for shareholder inquiries and communications received in this action. In this regard, we have forwarded the claim package on request to nominees who held KVH securities for the beneficial interest of other persons and entities. We have also forwarded the claim package directly to beneficial owners upon receipt of the names and addresses from such nominees.

6. In response to correspondence or inquiries from potential class members and/or nominees, we have caused to be mailed directly to potential class members and nominees an additional 15,039 Claim Packages. As of this date, we have mailed a total of 15,072 Claim Packages to such recipients.

7. I also caused a copy of the Notice, Proof of Claim, and the Order to be posted on our website (www.gilardi.com) on or after September 24, 2007.

**PUBLICATION OF THE SUMMARY NOTICE**

8. I caused the Summary Notice to be published in *Investor's Business Daily* on September 28, 2007, as shown in the declaration of publication attached hereto as Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 9th day of January 2008, at San Rafael, California.

Carole K. Sylvester

CAROLE K. SYLVESTER

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2008.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:elleng@csgrr.com

# Mailing Information for a Case 1:04-cv-00306-ML-DLM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Russell J. Gunyan**
  rgunyan@csgrr.com,e_file_ny@csgrr.com
- **Barry J. Kusinitz**
  bkusinitz@bdglawyers.com
- **Brooks R. Magratten**
  bmagratten@vetterandwhite.com
- **Matthew F. Medeiros**
  mfm@lmkbw.com,dcabral@lmkbw.com
- **Samuel H. Rudman**
  srudman@csgrr.com
- **Ellen Gusikoff Stewart**
  elleng@csgrr.com
- **Benjamin V. White , lll**
  bwhite@vetterandwhite.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Matthew C. Baltay**
Foley Hoag, LLP
155 Seaport Blvd.
Boston, MA 02210

**David A. Rosenfeld**
Lerach Coughlin Stoia Geller Rudman & Robbins
200 Broadhollow Road
Suite 406
Melville, NY 11747

**Brandon F. White**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Manual Service List
*Sekuk Global Enterprises v. KVH Industries, et al.*
Case No. 1:04-cv-00306-ML-DLM

Curtis V. Trinko
Law Offices of Curtis V. Trinko LLP
16 West 46th Street, Seventh Floor
New York, NY 10036
212/490-9550
212/986-0158 (Fax)

Jeffery K. Thornell
Sandra C. Thornell
Objectors
P.O. Box 780022
San Antonio, TX 78278
210/854-7744

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated, Plaintiff, vs. KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT, Defendants. | Civil Action No. CA-04-306L **(Consolidated Action)** CLASS ACTION |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

***IF YOU PURCHASED KVH INDUSTRIES, INC. ("KVH" OR THE "COMPANY") SECURITIES BETWEEN OCTOBER 1, 2003 AND JULY 2, 2004, INCLUSIVE, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** KVH securities purchased between October 1, 2003 and July 2, 2004.

**Settlement Consideration:** $5,000,000 in cash plus the adoption, formalization or recommitment by KVH of corporate governance reforms and enhancements. Your cash recovery will depend on the amount and type of security purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share will be approximately $0.21 before deduction of Court-approved fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit acceptable Proofs of Claim.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed at trial. The parties disagree about: (1) the method for determining whether KVH securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) whether or the extent to which various facts alleged by Lead Plaintiff were materially false or in any way misleading; (4) the extent that various facts alleged by Lead Plaintiff influenced the trading price of KVH securities traded during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund and expenses not to exceed $180,000.00 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share will be $0.06. Lead Counsel have not received any payment for their work investigating the facts, conducting this Litigation and negotiating this settlement on behalf of the Lead Plaintiff and the Class.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | December 31, 2007 |
| Request Exclusion: | December 31, 2007 |
| File Objection: | December 31, 2007 |

**Court Hearing on Fairness of Settlement:** January 25, 2008

**More Information:** www.gilardi.com or

**EXHIBIT A**

Claims Administrator:

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Lead Counsel:

Rick Nelson
Shareholder Relations
Coughlin Stoia Geller
Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants and the other Released Persons relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you don't like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1. Why Did I Get This Notice Package?**

You or someone in your family may have purchased KVH securities between October 1, 2003 and July 2, 2004, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Rhode Island, and the case is known as *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. CA-04-306L. The pension fund that sued is called the Lead Plaintiff, and the company and the individuals it sued, KVH, Martin A. Kits Van Heyningen and Patrick J. Spratt are called the Defendants.

**2. What Is This Lawsuit About?**

KVH designs, manufactures and markets mobile satellite communications products for the automotive, recreational vehicle and marine markets, as well as navigation, guidance and stabilization products for defense markets.

This case was brought as a purported class action alleging that the Defendants misrepresented the market potential for its TracVision A5 antenna system, and materially overstated the Company's revenues and earnings by recognizing revenues for fictitious sales and for sales where the Company's revenue recognition policies were not met. Lead Plaintiff also alleged that the Defendants misrepresented the Company's declining defense product sales, which allowed the Company to conduct a secondary offering of KVH common stock. Lead Plaintiff alleges that as a result of these misrepresentations and omissions, KVH securities traded at artificially inflated prices during the Class Period, in violation of the federal securities laws. Defendants deny all of Lead Plaintiff's allegations or that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Class suffered damages or that the price of KVH securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3. Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff Teamsters Affiliates Pension Plan and Plaintiffs Irving S. and Judith Braun) sue on behalf of people who have similar claims.

**Section 10(b) Claims**

**Class Period: October 1, 2003-July 2, 2004**

**The allocation below is based on the following price declines:**

| | |
|---|---|
| 1/2/04 Closing Price: | $25.99 |
| 1/5/04 Closing Price: | $22.85 |
| 1/5/04 Price Decline: | $3.14 |
| 2/19/04 Closing Price: | $17.15 |
| 2/20/04 Closing Price: | $15.21 |
| 2/20/04 Price Decline: | $1.94 |
| 7/2/04 Closing Price: | $12.50 |
| 7/6/04 Closing Price: | $10.15 |
| 7/6/04 Price Decline: | $2.35 |

**For shares of KVH common stock purchased between October 1, 2003 through January 2, 2004,** and

a) sold prior to January 5, 2004, the claim per share is $0.

b) sold between January 5, 2004 through, February 19, 2004, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $3.14 (1/5/04 Price Decline).

c) sold between February 20, 2004 through July 2, 2004, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $5.08 (1/5/04 and 2/20/04 Price Declines).

d) retained at the end of July 2, 2004, the claim per share is the lesser of (i) the purchase price less $10.15 (7/6/04 Closing Price), or (ii) $7.43 (1/5/04, 2/20/04 and 7/6/04 Price Declines).

**For shares of KVH common stock purchased between January 5, 2004 through February 19, 2004,** and

a) sold prior to February 20, 2004, the claim per share is $0.

b) sold between February 20, 2004 through July 2, 2004, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $1.94 (2/20/04 Price Decline).

c) retained at the end of July 2, 2004, the claim per share is the lesser of (i) the purchase price less $10.15 (7/6/04 Closing Price), or (ii) $4.29 (2/20/04 and 7/6/04 Price Declines).

**For shares of KVH common stock purchased between February 20, 2004 through July 2, 2004,** and

a) sold prior to July 3, 2004, the claim per share is $0.

b) retained at the end of July 2, 2004, the claim per share is the lesser of (i) the purchase price less $10.15 (7/6/04 Closing Price), or (ii) $2.35 (7/6/04 Price Decline).

**Call Options**

1. For Call Options on KVH common stock ***purchased*** **between October 1, 2003 through July 2, 2004,** and

   a) ***owned*** at the end of one of the following dates: January 2, 2004, February 19, 2004, or July 2, 2004, the claim per Call Option is the difference between the price paid for the Call Option less the proceeds received upon the settlement of the Call Option contract.

   b) ***not owned*** at the end of one of the following dates: January 2, 2004, February 19, 2004, or July 2, 2004, the claim per Call Option is $0.

2. For Call Options on KVH common stock ***written*** **between October 1, 2003 through July 2, 2004,** the claim per Call Option is $0.

**Put Options**

1. For Put Options on KVH common stock ***written*** **between October 1, 2003 through July 2, 2004,** and

   a) ***owned*** at the end of one of the following dates: January 2, 2004, February 19, 2004, or July 2, 2004, the claim per Put Option is the difference between the amount paid upon settlement of the Put Option contract less the initial proceeds received upon the sale of the Put Option contract.

   b) ***not owned*** at the end of one of the following dates: January 2, 2004, February 19, 2004, or July 2, 2004, the claim per Put Option is $0.

2. For Put Options on KVH common stock that were ***purchased*** **between October 1, 2003 through July 2, 2004,** the claim per Put Option is $0.

Note: In the case the option was exercised for KVH common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using KVH common stock's closing price on the date the option was exercised.

**Note: The combined recovery for the Call Options and Put Options shall not exceed 3 percent of the Net Settlement Fund.**

The payment you get will reflect your pro rata share after deduction of Court-approved fees and expenses. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average payment will be approximately $0.21 for each share before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Class Members send in a claim form, you could get more money.

In the event a Class Member has more than one purchase of KVH securities, all purchases, and any sales shall be matched on a first-in, first-out ("FIFO") basis, and Class Period sales will be matched first against any KVH securities held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of KVH securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a Claimant had a gain from his, her or its overall transactions in KVH securities during the Class Period, the value of the recognized claim will be zero.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10. How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than December 31, 2007.

### 11. When Will I Get My Payment?

The Court will hold a hearing on January 25, 2008, at 10:00 a.m., to decide whether to approve the settlement. If Judge Lisi approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

### 12. What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13. How Do I Get Out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No. CA-04-306L. You must include your name, address, telephone number, your signature, and the number and type of KVH securities you purchased between October 1, 2003 and July 2, 2004, the number of shares sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than December 31, 2007, to:

Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is December 31, 2007.

**15. If I Exclude Myself, Can I Get Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

**16. Do I Have a Lawyer in This Case?**

The Court asked the law firm of Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund (an average of $0.05 per share) and for expenses up to $180,000.00, which were advanced in connection with the Litigation. The Lead Plaintiff may also seek reimbursement for its expenses incurred in connection with its service as a Lead Plaintiff. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid for their services for conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and the corporate governance reforms and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**18. How Do I Tell the Court that I Don't Like the Settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No.CA-04-306L. Be sure to include your name, address, telephone number, your signature, the number and type of KVH securities purchased and sold between October 1, 2003 and July 2, 2004, and the reasons you object to the settlement. Any objection to the settlement must be postmarked and mailed to each of the following no later than December 31, 2007.

KVH Industries Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

*Counsel for Lead Plaintiff:*

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants:*

FOLEY HOAG LLP
BRANDON F. WHITE
155 Seaport Boulevard
Boston, MA 02210

### 19. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object ***only if*** you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 20. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a settlement hearing at 10:00 a.m., on January 25, 2008, at the United States District Court, District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Lisi will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel (assuming the settlement is approved). The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take. Please check the Claims Administrator's website, www.gilardi.com, to confirm the time and date of the settlement hearing.

### 21. Do I Have to Come to the Hearing?

No. Lead Counsel will answer questions Judge Lisi may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 22. May I Speak at the Hearing?

You may ask the Court for permission to speak at the settlement hearing. To do so, you must send a letter saying that it is your intention to appear in *Sekuk Global Enterprises v. KVH Industries, Inc., et al.*, Civil Action No.CA-04-306L. Be sure to include your name, address, telephone number, your signature, and the number and type of KVH securities purchased between October 1, 2003 and July 2, 2004. Your notice of intention to appear must be postmarked no later than December 31, 2007, and be sent to the Claims Administrator, Lead Counsel, and Defendants' counsel, at the addresses listed in Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 23. What Happens if I Do Nothing at All?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## GETTING MORE INFORMATION

### 24. Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated July 26, 2007. You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or from the Clerk's Office at the United States District Court for the District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903 during regular business hours, or at http://www.rid.uscourts.gov/Court%20Bulletinboard.asp.

**25. How Do I Get More Information?**

You can call 619/231-1058 or write to Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit the Claims Administrator's website at www.gilardi.com.

***PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

**SPECIAL NOTICE TO NOMINEES**

If you hold any KVH securities purchased between October 1, 2003 and July 2, 2004 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: September 7, 2007

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT,<br><br>Defendants. | Civil Action No. CA-04-306L<br>**(Consolidated Action)**<br><br>CLASS ACTION |

PROOF OF CLAIM AND RELEASE

## I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Class based on your claims in the action entitled *Sekuk Global Enterprises v. KVH Industries, Inc., et al.,* Civil Action No. CA-04-306L (the "Litigation"), you must complete and, on page 8 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the cash portion of the settlement of this Litigation.

**3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE DECEMBER 31, 2007, ADDRESSED AS FOLLOWS:**

*KVH Industries Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

4. If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

5. If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II. DEFINITIONS

1. "Defendants" means KVH, Martin A. Kits Van Heyningen and Patrick J. Spratt.

2. "KVH" means KVH Industries, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

3. "Individual Defendants" means Martin A. Kits Van Heyningen and Patrick J. Spratt.

4. "Released Persons" means each and all of the Defendants and their Related Parties (defined below).

## III. CLAIMANT IDENTIFICATION

1. If you purchased KVH securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased KVH securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

**EXHIBIT B**

2. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of KVH securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE KVH SECURITIES UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in KVH Securities" to supply all required details of your transaction(s) in KVH securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to ***all*** of your purchases and ***all*** of your sales of KVH securities which took place at any time between October 1, 2003 and July 2, 2004, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the KVH securities you held at the beginning of trading on October 1, 2003. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of KVH securities. The date of a "short sale" is deemed to be the date of sale of KVH securities.

5. Copies of broker confirmations or other documentation of your transactions in KVH securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-(800) 447-7657 or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

*Sekuk Global Enterprises v. KVH Industries, Inc., et al.*
Civil Action No. CA-04-306L

**PROOF OF CLAIM AND RELEASE**

***Please Type or Print in the Boxes Below***

**Do NOT use Red Ink, Pencil, or Staples**

**Must Be Postmarked No Later Than December 31, 2007**

**KVHI1**

## PART I: CLAIMANT IDENTIFICATION

Last Name (Beneficial Owner/Custodian)

First Name (Beneficial Owner/Custodian)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

○ IRA ○ Trust ○ Joint Tenancy ○ UTMA/UGMA

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (if Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Date of Trust

/ /

Social Security Number

— —

or

Taxpayer Identification Number

—

Telephone Number (Work)

— —

Telephone Number (Home)

— —

Email Address

## MAILING INFORMATION

Address

Address

City

State

Zip Code

—

Foreign Province

Foreign Zip Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | PB | PC | ○ ND ○ IHI | ○ NS ○ NTIN | ○ ICI ○ OTHER | ○ OPT ○ MRG ○ BOTH | ○ EMP | DC | ○ L1 ○ L2 |
|---|---|---|---|---|---|---|---|---|---|

## PART II. SCHEDULE OF TRANSACTIONS IN KVH SECURITIES

A. Number of shares of KVH securities held at the beginning of trading on October 1, 2003: ________ Proof Enclosed? ○ Y ○ N

B. Purchases of KVH securities (October 1, 2003 – July 2, 2004, inclusive):

**PURCHASES**

| | Trade Date(s) of Shares (List Chronologically) MM / DD / YYYY | Number of Shares Purchased | Total Purchase Price | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ | ○ Y ○ N |
| 2. | / / | | $ | ○ Y ○ N |
| 3. | / / | | $ | ○ Y ○ N |

C. For shares of KVH common stock purchased pursuant to or traceable to the Registration Statement and Prospectus filed with the SEC in connection with the Company's common stock offering at $18.75 per share declared effective on or about February 10, 2004:

**PURCHASES**

| | Trade Date(s) of Shares (List Chronologically) MM / DD / YYYY | Number of Shares Purchased | Total Purchase Price | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ | ○ Y ○ N |
| 2. | / / | | $ | ○ Y ○ N |
| 3. | / / | | $ | ○ Y ○ N |

IMPORTANT: (i) If you received shares through an acquisition or merger, please identify the company acquired:

________________________

(ii) Identify by number listed above all purchases in which you covered a "short sale": ________________

D. Sales of KVH securities (October 1, 2003 – September 7, 2007, inclusive):

**SALES**

| | Trade Date(s) of Shares (List Chronologically) MM / DD / YYYY | Number of Shares Sold | Total Sales Price | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ | ○ Y ○ N |
| 2. | / / | | $ | ○ Y ○ N |
| 3. | / / | | $ | ○ Y ○ N |

E. Number of shares of KVH securities held at the close of trading on September 7, 2007: ________ Proof Enclosed? ○ Y ○ N

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

# PART II. SCHEDULE OF TRANSACTIONS IN KVH SECURITIES

## CALL OPTIONS

F. I made the following purchases of call options on KVH during the period from October 1, 2003 through July 2, 2004, inclusive:

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Purchase (List Chronologically) M M / D D / Y Y | Number of Contracts | Expiration Date (Month/Year) | Strike Price | Principal Amount | Proof of Purchase Enclosed? |
|---|---|---|---|---|---|
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |

G. I made the following sales or written call options on KVH during the period from October 1, 2003 through July 2, 2004, inclusive:

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Written (List Chronologically) M M / D D / Y Y | Number of Contracts | Expiration Date (Month/Year) | Strike Price | Principal Amount | Proof of Sale Enclosed? |
|---|---|---|---|---|---|
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## PART II. SCHEDULE OF TRANSACTIONS IN KVH SECURITIES

## PUT OPTIONS

H. I made the following sales or written put options on KVH during the period from October 1, 2003 through July 2, 2004, inclusive:

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Written (List Chronologically) M M / D D / Y Y | Number of Contracts | Expiration Date (Month/Year) | Strike Price | Principal Amount | Proof of Sale Enclosed? |
|---|---|---|---|---|---|
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |

I. I made the following purchases of put options on KVH during the period from October 1, 2003 through July 2, 2004, inclusive:

All transactions must be displayed as pre-split share and strike price.

| Date(s) of Purchase (List Chronologically) M M / D D / Y Y | Number of Contracts | Expiration Date (Month/Year) | Strike Price | Principal Amount | Proof of Purchase Enclosed? |
|---|---|---|---|---|---|
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |
| / / | | / | . | | ◯ Y ◯ N |

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice of Pendency and Proposed Settlement of Class Action. I also submit to the jurisdiction of the United States District Court for the District of Rhode Island with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I have not submitted any other claim covering the same purchases or sales of KVH securities during the Class Period and know of no other person having done so on my behalf.

## VI. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, insurers, agents, consultants, stockholders, co-insurers, reinsurers, attorneys, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

2. "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, foreseen or not foreseen, raised or not raised, matured or un-matured, at law or in equity whether direct, class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in the Litigation by Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Lead Plaintiff, Plaintiffs or the Class Members or any of them against any of the Released Parties which (a) arise out of, relate in any way to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, or (b) arise out of or relate in any way to the defense or settlement of the Litigation (except for claims to enforce the settlement).

3. "Unknown Claims" means any and all claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, based upon any fact, act, statement or omissions or theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in KVH securities which occurred during the Class Period as well as the number of shares of KVH securities held by me (us) at the beginning of trading on October 1, 2003 and at the close of trading on July 2, 2004.

## SUBSTITUTE FORM W-9

**PART I. Request for Taxpayer Identification Number ("TIN") and Certification**

First Name | I. | Last Name

Check appropriate box:

○ Individual/Sole Proprietor ○ IRA ○ Trust ○ Corporation ○ Partnership ○ Pension Plan ○ Other ____________ (specify)

Enter TIN on the appropriate line.

- For individuals, this is your Social Security Number ("SSN").
- However, for a resident alien, sole proprietor, or disregarded entity, see Part 1 of the enclosed W-9 instructions.
- For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").
- For other entities, it is your EIN.

Social Security Number ___ – __ – ____ or Employer Identification Number __ – _______

**PART II. For Payees Exempt from Backup Withholding**

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: ____________

**PART III. Certification**

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

(1) The number shown on this form is my correct TIN; and

(2) I (We) certify that I am (we are) NOT subject to backup withholding under provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out item 2 above.

*SEE ENCLOSED FORM W-9 INSTRUCTIONS*

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this ______________ day of ____________________ in ________________________________________
(Month/Year) (City/State/Country)

______________________________ (Sign your name here) ______________________________ (Sign your name here)

______________________________ (Type or print your name here) ______________________________ (Type or print your name here)

______________________________ (Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

______________________________ (Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.

# Form W-9 Instructions *(Revised Jan-2003)*

## PURPOSE OF FORM

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),
2. Certify that you are not subject to backup withholding, or
3. Claim exemption from backup withholding if you are a U.S. exempt payee.

**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's for m if it is substantially similar to this Form W-9.*

**Foreign person.** If you are a foreign person, use the appropriate Form W-8 (see **Pub. 515**, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.
2. The treaty article addressing the income.
3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.
4. The type and amount of income that qualifies for the exemption from tax.
5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

***Example.*** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a **nonresident alien or a foreign entity** not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 30% of such payments (29% after December 31, 2003; 28% after December 31, 2005). This is called "backup withholding." Payments that may be subject to backup withholding include interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will **not** be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester, or
2. You do not certify your TIN when required (see the Part II instructions on page 4 for details), or
3. The IRS tells the requester that you furnished an incorrect TIN, or
4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or
5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate **Instructions for the Requester of Form W-9.**

## PENALTIES

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

## SPECIFIC INSTRUCTIONS

### NAME

If you are an individual, you must generally enter the name shown on your social security card. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your **individual** name as shown on your social security card on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name" line.

**Limited liability company (LLC).** If you are a single-member LLC (including a foreign LLC with a domestic owner) that is disregarded as an entity separate from its owner under Treasury regulations section 301.7701-3, **enter the owner's name on the "Name" line.** Enter the LLC's name on the "Business name" line.

**Other entities.** Enter your business name as shown on required Federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name" line.

**Note:** *You are requested to check the appropriate box for your status (individual/sole proprietor, corporation, etc.).*

### EXEMPT FROM BACKUP WITHHOLDING

If you are exempt, enter your name as described above and check the appropriate box for your status, then check the "Exempt from backup withholding" box in the line following the business name, sign and date the form.

Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note:** *If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.*

**Exempt payees.** Backup withholding is **not required** on any payments made to the following payees:

1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2);
2. The United States or any of its agencies or instrumentalities;
3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities;
4. A foreign government or any of its political subdivisions, agencies, or instrumentalities; or
5. An international organization or any of its agencies or instrumentalities.

Other payees that **may be exempt** from backup withholding include:

6. A corporation;
7. A foreign central bank of issue;
8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States;
9. A futures commission merchant registered with the Commodity Futures Trading Commission;
10. A real estate investment trust;
11. An entity registered at all times during the tax year under the Investment Company Act of 1940;
12. A common trust fund operated by a bank under section 584(a);
13. A financial institution;
14. A middleman known in the investment community as a nominee or custodian; or
15. A trust exempt from tax under section 664 or described in section 4947.

The chart below shows types of payments that may be exempt from backup withholding. The chart applies to the exempt recipients listed above, **1** through **15**.

| If the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| Interest and dividend payments | All exempt recipients except for 9 |
| Broker transactions | Exempt recipients 1 through 13. Also, a person registered under the Investment Advisers Act of 1940 who regularly acts as a broker |
| Barter exchange transactions and patronage dividends | Exempt recipients 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000 [1] | Generally, exempt recipients 1 through 7 [2] |

[1] See **Form 1099-MISC**, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation (including gross proceeds paid to an attorney under section 6045(f), even if the attorney is a corporation) and reportable on Form 1099-MISC are **not exempt** from backup withholding: medical and health care payments, attorneys' fees; and payments for services paid by a Federal executive agency.

**PART I. TAXPAYER IDENTIFICATION NUMBER (TIN)**

**Enter your TIN in the appropriate box.** If you are a **resident alien** and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see **How to get a TIN** below.

If you are a **sole proprietor** and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-owner **LLC** that is disregarded as an entity separate from its owner **(see Limited Liability Company (LLC)** on page 2), enter your SSN (or EIN, if you have one). If the LLC is a corporation, partnership, etc., enter the entity's EIN.

**Note:** *See the chart on page 4 for further clarification of name and TIN combinations.*

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get **Form SS-5**, Application for a Social Security Card, from your local Social Security Administration office or get this form on-line at **www.ssa.gov/online/ss5.html**. You may also get this form by calling 1-800-772-1213. Use **Form W-7**, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or **Form SS-4**, Application for Employer Identification Number, to apply for an EIN. You can get Forms W-7 and SS-4 from the IRS by calling 1-800-TAX-FORM (1-800-829-3676) or from the IRS Web Site at **www.irs.gov**.

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note:** *Writing "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.*

**Caution:** A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

**PART II. CERTIFICATION**

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 3, and 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). Exempt recipients, see **Exempt from backup withholding** on page 2.

**Signature requirements.** Complete the certification as indicated in 1 through 5 below.

1. **Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.
2. **Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.
3. **Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.
4. **Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).
5. **Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA or Archer MSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

**WHAT NAME AND NUMBER TO GIVE THE REQUESTER**

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or single-owner LLC | The owner [3] |
| **For this type of account:** | **Give name and EIN of:** |
| 6 Sole proprietorship or single-owner LLC | The owner [3] |
| 7 A valid trust, estate, or pension trust | Legal entity [4] |
| 8 Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 9 Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 10 Partnership or multi-member LLC | The partnership |
| 11 A broker or registered nominee | The broker or nominee |
| 12 Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name, but you may also enter your business or "DBA" name. You may use either your SSN or EIN (if you have one).

[4] List first and circle the name of the legal trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** *If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.*

**PRIVACY ACT NOTICE**

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you, mortgage interest you paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA or Archer MSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, or to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 30% of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to a payer. Certain penalties may also apply.

# EXHIBIT C

Gilardi
& Co LLC
3301 Kerner Blvd.
San Rafael, CA 94901
P: (415) 461-0410
F: (415) 461-0412

September 25, 2007

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
Cincinnati, OH 45202
«FCountry»

Re: **KVH Industries, Inc. Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Settlement Notice, W-9 Instructions and Proof of Claim and Release for the above referenced litigation. Please note the class period described on page one, specifically its inclusion of persons who purchased KVH Industries, Inc. securities between October 1, 2003 and July 2, 2004, inclusive. In addition, **the Notice provides that the Exclusion Deadline is December 31, 2007, and that the Claim Filing Deadline is December 31, 2007.**

Please pay particular attention to the "Special Notice to Nominees" on page eight of the Notice. Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number.

If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Matt.Markham@Gilardi.com, via CD Rom to the above address or contact Matt Markham at (415) 461-0410 to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:

- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. Please refer to the attached file format guidelines to ensure your data is processed without delays.

If you have any questions, please call Matt Markham at (415) 461-0410.

Sincerely,

Dennis A. Gilardi

Dennis A. Gilardi

**EXHIBIT C**

## ASCII Fixed Length – File Submission Guidelines

In the interest of ensuring the highest degree of data integrity, the preferred file format for all data submission is the ASCII Fixed Length or ASCII Tab Delimited file format, in the following layout.

Please be sure to specify the case name and Control Totals, for example, the total number of accounts provided in all accompanying files.

| Field | Length | arting Positio | Ending Position | Type | Description |
|---|---|---|---|---|---|
| First Name | 30 | 1 | 30 | Character | Primary account holder first name |
| Last Name | 30 | 31 | 60 | Character | Primary account holder last name |
| Name2 | 30 | 61 | 90 | Character | Secondary name(s) |
| Name3 | 30 | 91 | 120 | Character | Secondary name(s) |
| Name4 | 30 | 121 | 150 | Character | Secondary name(s) |
| Address 1 | 30 | 151 | 180 | Character | First address line |
| Address 2 | 30 | 181 | 210 | Character | Second address line |
| City | 30 | 211 | 240 | Character | |
| State | 2 | 241 | 242 | Character | |
| Zip Code | 5 | 243 | 247 | Character | |
| Foreign Province | 30 | 248 | 277 | Character | |
| Foreign Zip Code | 10 | 278 | 287 | Character | |
| Foreign Country | 30 | 288 | 317 | Character | |
| E-mail Address | 75 | 318 | 392 | Character | |
| CUSIP | 15 | 393 | 407 | Character | CUSIP number of the security traded. |

## Sample File Screen Shot



## ASCII Tab Delimited – File Submission Guidelines

| Field | Length | Type | Description |
|---|---|---|---|
| First Name | 30 | Character | Primary account holder first name |
| Last Name | 30 | Character | Primary account holder last name |
| Name2 | 30 | Character | Secondary name(s) |
| Name3 | 30 | Character | Secondary name(s) |
| Name4 | 30 | Character | Secondary name(s) |
| Address 1 | 30 | Character | First address line |
| Address 2 | 30 | Character | Second address line |
| City | 30 | Character | |
| State | 2 | Character | |
| Zip Code | 5 | Character | |
| Foreign Province | 30 | Character | |
| Foreign Zip Code | 10 | Character | |
| Foreign Country | 30 | Character | |
| E-mail Address | 75 | Character | |
| CUSIP | 15 | Character | CUSIP number of the security traded. |

## Sample File Screen Shot



## Microsoft Excel - File Submission Guidelines

Please only use Microsoft Excel file format if submitting data in ASCII Fixed Length or ASCII Tab Delimited file formats is not feasible. However, if your data exceeds 65,536 rows (the maximum Excel page limit), then an ASCII Fixed Length or ASCII tab delimited file is required.

Please be sure to specify the case name and Control Totals, for example, the total number of accounts provided in all accompanying files.

| Field | Cell Format | Maximum Length | Description |
|---|---|---|---|
| First Name | Text | 30 | Primary account holder first name |
| Last Name | Text | 30 | Primary account holder last name |
| Name2 | Text | 30 | Secondary name(s) |
| Name3 | Text | 30 | Secondary name(s) |
| Name4 | Text | 30 | Secondary name(s) |
| Address 1 | Text | 30 | First address line |
| Address 2 | Text | 30 | Second address line |
| City | Text | 30 | |
| State | Text | 2 | |
| Zip Code | Text | 5 | |
| Foreign Province | Text | 30 | |
| Foreign Zip Code | Text | 10 | |
| Foreign Country | Text | 30 | |
| E-mail Address | Text | 75 | |
| CUSIP | Text | 15 | CUSIP number of the security traded. |

## Sample File Screen Shot




| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | First Name | Last Name | Name2 | Name3 | Name4 | Address1 | Address2 | City | State | Zip Code | Foreign Province | Foreign Zip Code | Foreign Country | E-mail Address | CUSIP |
| 2 | Bob C | Billy | c/o Acme Inc | | | 1234 Main Street | | San Francisco | Ca | 91234 | | | | bbilly@xyz.com | 26816Q101 |
| 3 | Johnny | Doe | Doe Family Trust | c/o Trading Co | | 999 Front Street | Suite 500 | San Jose | Ca | 94321 | | | | doe@abc.com | 26816Q101 |
| 4 | John | Smith IRA | | | | 9876 Main Blvd. | | Edmonton | | | Alberta | T6R 2J7 | Canada | jsmith@xyz.com | 26816Q101 |
| 5 | Mary | Smith | Sam Smith | Smith Family Trust | | 158 Sternstrasse | | Hamburg | | | | 22609 | Germany | mssmith@abc.com | 26816Q101 |

# EXHIBIT D

# INVESTOR'S BUSINESS DAILY

## Affidavit of Publication

| | |
|---|---|
| Name of Publication: | Investor's Business Daily |
| Address: | 12655 Beatrice Street |
| City, State, Zip: | Los Angeles, CA 90066 |
| Phone #: | 310.448.6700 |
| State of: | California |
| County of: | Los Angeles |

I, **Duongpon Diessl** for the publisher of **Investor's Business Daily,** published in the city of Los Angeles, state of California, county of Los Angeles hereby certify that the attached notice(s) for **Gilardi & Co.** was printed in said publication on the following date(s):

**September 28 , 2007**

Given under my hand, this 28th day of September, 2007

Signature: [signature]

Sworn to and subscribed before me this **28th day of September, 2007,** by

Duongpon Diessl at Los Angeles , **state of California, county of Los Angeles.**

Notary Public: Rich C. Br II

My commission expires: February 25th, 2011

Seal:

RICHARD C. BRAND II
Commission # 1727106
Notary Public - California
Los Angeles County
MyComm. Expires Feb 25, 2011

**EXHIBIT D**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEKUK GLOBAL ENTERPRISES, On Behalf of Itself And All Others Similarly Situated, Plaintiff, vs. KVH INDUSTRIES, INC., MARTIN A. KITS VAN HEYNINGEN, and PATRICK J. SPRATT, Defendants. | Civil Action No. CA-04-306L **(Consolidated Action)** CLASS ACTION |

SUMMARY NOTICE

TO: ALL PERSONS WHO PURCHASED KVH INDUSTRIES, INC. ("KVH") SECURITIES BETWEEN OCTOBER 1, 2003 AND JULY 2, 2004, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of Rhode Island, a hearing will be held on January 25, 2008, at 10:00 a.m., before the Honorable Mary M. Lisi, United States District Court, District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $5,000,000 in cash plus the adoption by KVH of corporate governance reforms should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated July 26, 2007; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Plaintiff's counsel and the Lead Plaintiff for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon.

If you purchased securities of KVH between October 1, 2003 and July 2, 2004, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *KVH Industries Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release such that it is postmarked no later than December 31, 2007, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by December 31, 2007.

Any objection to the settlement must be postmarked and mailed to the Claims Administrator at the above address no later than December 31, 2007, and postmarked and mailed to the following no later than December 31, 2007:

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
*Counsel for Lead Plaintiff*

FOLEY HOAG LLP
BRANDON F. WHITE
155 Seaport Boulevard
Boston, MA 02210
*Counsel for Defendants*

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: September 7, 2007

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND